James L. Buchal, OSB No. 921618
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214
Tel:     503-227-1011
Fax:    503-573-1939
*Attorney for Proposed Amicus Curiae*
*National Police Association*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TUCK WOODSTOCK; DOUG BROWN; SAM GERHRKE; MATHIEU LEWIS-ROLLAND; KAT MAHONEY; JOHN RUDOFF; and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation, and JOHN DOES NOS 1-60, individual and supervisory officers of Portland Police Bureau and other agencies working in concert,<br><br>Defendants. | Case No. 3:20-cv-01035-BR<br><br>**MOTION FOR LEAVE TO PARTICIPATE AS** *AMICUS CURIAE* **AND MEMORANDUM IN SUPPORT THEREOF** |

**CERTIFICATE OF COMPLIANCE**

The National Police Association through its undersigned counsel of record certifies pursuant to Local Rule 7.1 has conferred with defendants' counsel, who objected to the motion, and conferred through e-mail and by telephone with plaintiffs' counsel,

Page 1   MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND
            MEMORANDUM IN SUPPORT THEREOF

who were unable to provide a timely response (given the pace of the litigation, they were only given a few hours to do so).

## Motion

The National Police Association ("NPA"), a nonprofit entity formed to support law enforcement, moves for leave to participate in this case as *amicus curiae*. A supporting Declaration of Ed Hutchison is filed herewith.

## Memorandum

### I.    THE INTERESTS OF THE NPA AND THE CIRCUMSTANCES HERE.

The NPA is a Delaware 501(c)(3) non-profit organization founded to educate supporters of law enforcement in how to help police departments accomplish their goals, and generally seeks to combat the influence of anti-police activists. (*See generally* Hutchison Decl.)

While there are many ongoing peaceful protests in Portland, particularly during daylight hours, Portland is under nightly attack by violent, lawless Antifa gangs that are inextricably intermingled with peaceful protesters, and creating large riots. Even the peaceful protestors are operating lawless, in violation of, among other things, Chapter 7.22 of the Portland City Code, which requires a permit for use of "streets or sidewalks" for the purposes of "walks, marches, parades . . . or other processions on streets or on sidewalks held by sponsors that require use of City resources".

All persons present in the protests, whether peaceful or not, are committing

crimes under the Governor's Executive Order No. 20-27, issued June 4, 2020,[1] which continues to forbid all "cultural, civil, and faith-based gatherings of more than 25 people" (§ 3(a)).  Under the Order, violators are to be penalized pursuant to ORS 431A.010 and ORS 401.990, *making every participant guilty of a Class C misdemeanor.*

Many protestors are guilty of disorderly conduct in the second degree pursuant to ORS 166.025, which provides:

> "A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:
>
> > "(a) Engages in fighting or in violent, tumultuous or threatening behavior;
> >
> > "(b) Makes unreasonable noise;
> >
> > "(c) Disturbs any lawful assembly of persons without lawful authority;
> >
> > "(d) Obstructs vehicular or pedestrian traffic on a public way . . ."

While the plaintiff journalists may or may not have been involved in such conduct themselves, they are plainly part of assemblies where these Class B misdemeanors are being committed on a massive scale.

Protestors, and perhaps plaintiffs here, also routinely violate other laws, including ORS 814.010 (obey traffic control devices), 814.040 (yield to vehicles), 814.070 (improper position on highways), OAR 734-020-0045 (prohibiting pedestrians on interstate highways) and City Code Chapter 16.70.210 (failure to use crosswalks).

---

[1] Available at https://www.oregon.gov/gov/admin/Pages/eo_20-27.aspx.  This order has been continued without modification by Executive Order No. 20-30 through September 4, 2020.  (available at https://www.oregon.gov/gov/admin/Pages/eo_20-30.aspx).

Page 3     MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND
            MEMORANDUM IN SUPPORT THEREOF

The NPA does not oppose relief barring police from "targeting" bona fide journalists, but believes that if journalists are themselves in violation of law, and part of an unlawful assembly the police are attempting to disperse, they have no special privileges to violate the law.  And the NPA has serious doubts whether, under the circumstances here, the plaintiffs could reasonably be distinguished from any other protestors filming police actions in an area where nearly everyone is carrying a video camera at all times and often using them.

The NPA believes that the relief sought here goes far beyond limiting any "targeting" of journalists and is in substance a component of a larger conspiracy to destroy law and order in Portland (and Nationwide) through restrictions on local police action essential to preserve law and order.  In particular, the relief sought in the motion for a temporary restraining order, which would generally forbid threatening or using physical force against a journalist irrespective of circumstances, forbid police from employing "indiscriminate" crowd control methods, including "kettling" crowds "likely to include journalists or legal observers" (Motion at 2), represent very serious threats to the ability of the Portland Police Bureau to adequately preserve order and protect lives and property in the City of Portland.  Indeed, if the relief were granted as requested, one might reasonably expect to see all rioting criminal claiming journalist status to avoid arrest.

Unfortunately, there is every reason to believe that the City of Portland is intentionally withholding an adequate defense of its laws, the State's laws, and general principles of law and order when litigants challenge the policing of protests in the City of Portland.  For example, in *Don't Shoot Portland v. City of Portland*, No. 3:20-cv-00817-

Page 4    MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND
         MEMORANDUM IN SUPPORT THEREOF

HZ, Judge Hernandez issued a temporary restraining order on June 9, 2020, based upon findings that "[t]here is no record of criminal activity on the part of Plaintiffs," apparently because the City failed to present or adequately defend the foregoing legal authority before this Court.  (Order at 5.)

More generally, the political leadership of the City of Portland has repeatedly acted in support of Antifa rioters.  It is widely known that no bail and low bail releases are permitting rioters to return to engage in unlawful conduct night after night.  A full exposition of the support of City officials for local Antifa rioters is beyond the support of this memorandum, but one example typifies the problem.  Yesterday, City Commissioner Jo Ann Hardesty, who has engaged in an ongoing series of counter-factual statements in support of violent Antifa rioters, went so far yesterday as to Tweet:  "Nightly, peaceful protestors are met with police officers in full riot gear.  I ask what message we are sending to our community and to our officers ourselves when this is the norm?'[2]

## II.    RELEVANT LEGAL STANDARDS

The Federal Rules of Civil Procedure do not address *amicus* appearances before the District Court.  NPA proceeds by analogy to the Federal Rules of Appellate Procedure to seek this Court's permission to appear, and provides the following information, consistent with Rule 29 of those Rules.

NPA is not seeking to present any private interest of its own, but to present its position as to the correct rules of law to be applied in cases involving police response to public protests and demonstrations.  NPA is not aligned with any party in the case but expects to present positions in support of defendants.

---

[2] Available at https://twitter.com/JoAnnPDX/status/1278498842657210369/.

Page 5    MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND
                MEMORANDUM IN SUPPORT THEREOF

This case is at an early stage. The complaint was filed on June 28, 2020, a motion for temporary restraining order was filed June 30, 2020, but no responsive pleadings have been filed. As far as NPA knows, there are no pending deadlines in the case, and this motion is therefore timely, though the NPA is not privy to any scheduling discussions in the telephone conference this morning.

No prejudice to the parties will arise from allowing *amicus* participation. NPA will not participate in discovery; its participation will be limited to filing memoranda and such participation at any arguments or hearings as may be allowed by the Court. Under FRAP 29(a)(6), NPA would be required to make any *amicus* filings within seven days after a defense filing, but NPA understands that this case may not allow the luxury of such a delay.

As Antifa protestors in Portland rip down statues of George Washington and openly declare the U.S. Constitution to be an outmoded relic of white supremacy, egged on by the City's non-enforcement policies and political support, this Court would plainly benefit from a law enforcement perspective unfiltered by City officials hostile to the most fundamental values this Court is sworn to protect. A broader perspective concerning the critical issues relating to police use of force during public unrest can only assist the Court.

### Conclusion

NPA's motion for leave to participate *amicus curiae* should be granted.

DATED:  July 2, 2020.

                                              Respectfully submitted,

                                              <u>*/s/  James L. Buchal*</u>
                                              MURPHY & BUCHAL LLP
                                              James L. Buchal, OSB No. 921618
                                              *Attorneys for Proposed Amicus Curiae*
                                              *National Police Association*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Oregon. I am over 18 years of age and not a party to this action. My business address is 3425 S.E. Yamhill Street, Suite 100, Portland, OR 97214.

I certify that on July 2, 2020, the foregoing MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND MEMORANDUM IN SUPPORT THEREOF will be electronically mailed to all parties enrolled to receive such notice.

*s/ James L. Buchal*