DENIS M. VANNIER, OSB# 044406
Senior Deputy City Attorney
Email: denis.vannier@portlandoregon.gov
NAOMI SHEFFIELD, OSB# 170601
Deputy City Attorney
Email: naomi.sheffield@portlandoregon.gov
RYAN C. BAILEY, OSB# 130788
Deputy City Attorney
Email: ryan.bailey@portlandoregon.gov
YOUNGWOO JOH, OSB# 164105
Assistant Deputy City Attorney
Email: youngwoo.joh@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
    *Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **SAM GEHRKE**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated, | 3:20-cv-1035-SI |
| Plaintiffs, | **CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | *ORAL ARGUMENT REQUESTED* |
| **CITY OF PORTLAND**, a municipal corporation; and **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert, | |
| Defendants. | |

Page 1 –   CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**OPPOSITION**

Defendant City of Portland ("City") respectfully asks this court to deny plaintiffs' Emergency Motion for Leave to File Second Amended Complaint adding the U.S. Department of Homeland Security and U.S. Marshall's Service (collectively, "Federal Entities") as defendants in this lawsuit. The court should deny plaintiffs' motion because:

1. Plaintiffs do not allege a common right to relief against all defendants. Fed. R. Civ. P. 20(a)(2)(A);

2. The allegations against the Federal Entities do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as those alleged against the City. Fed. R. Civ. P. 20(a)(2)(A);

3. The claims against the Federal Entities do not raise any "question of law or fact common" to the claims against the City. Fed. R. Civ. P. 20(a)(2)(B); and

4. The City will be unduly prejudiced by the joinder of the Federal Entities in this lawsuit.

**LEGAL STANDARD**

Determination of Plaintiffs' motion is governed by Fed. R. Civ. P. 20(a)(2), which permits the joinder of multiple defendants in one action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; *and*

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

As is clear from the plain language of the Rule, both provisions must be met for joinder to be proper. Moore's Federal Practice § 21.02 [1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties").

Page 2 –    CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In assessing whether the requirements of Rule 20(a)(2) are met, courts look to the allegations in the plaintiff's complaint. *See Viada v. Osaka Health Spa, Inc.,* 235 F.R.D. 55, 61 (S.D.N.Y.2006). The plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20. *See Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F.Supp.2d 821, 827 (S.D. New York 2008).

## ARGUMENT

### I.    There is no common right to relief against the City and the Federal Entities.

As a preliminary matter, joinder of multiple defendants is appropriate only where a complaint asserts a right to relief against all defendants "*jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences.*" Rule20(a)(2)(A) (emphasis added).

Here, plaintiffs' proposed second amended complaint does not allege that the City is jointly, severally, or alternatively liable for the conduct or damages attributed to the Federal Entities—and on that basis alone the amendment should be denied. Moreover, whether the City may be held liable for the Federal Entities' alleged constitutional violations is a legal conclusion that need not, and should not, be accepted as true even if it were alleged. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint *is inapplicable to legal conclusions*.") (emphasis added); *see generally United States ex rel. Perler v. Papandon,* 331 F.3d 52, 55 (2nd Cir. 2003) (considering joint and several liability as a matter of law).

Here, the alleged unconstitutional actions of the City and the Federal Entities are asserted as independent incidents that occurred at different times, for different reasons, and without any direct causal connection to each other. For example, plaintiffs allege that the City unconstitutionally used force on June 2, 3, 6, 7, 13, 14, 15, 16, and 19, 2020. (Proposed Second Amended Complaint, Dkt. 42-2, p. 3-5). But the allegedly unconstitutional conduct relevant to

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

the Federal Entities occurred on a completely different date—July 12, 2020—when federal agents are alleged to have shot Plaintiff Lewis-Rolland with projectiles. (*Id*. at 5). Plaintiffs do not allege that the City had any role in causing Mr. Lewis-Rolland to be shot by federal agents. Indeed, the allegedly unconstitutional conduct relevant to the Federal Entities occurred nearly two weeks *after* the initial complaint against the City was filed in this case (*see* Dkt. 1) (initial complaint filed 06/28/20) and ten days *after* the City was bound by a Temporary Restraining Order regulating how the City "and all persons acting under the direction of the Portland Police Bureau" could interact with journalists and legal observers in the context of protests (see Dkt. 33) (temporary restraining order). Plaintiffs do not allege—nor could they—that the City has not complied in good faith with this court's Temporary Restraining Order, and they cannot show any logical connection between the City's actions alleged in the complaint (which all occurred before this case was filed) and the actions of the Federal Entities, which occurred after this case was filed and after the City was bound by this court's Temporary Restraining Order.[1]

Furthermore, the nature of the conduct alleged against the City and the Federal Entities is materially different. While plaintiffs allege that both the City and Federal Entities have used excessive force generally, plaintiffs appear to contend that the Federal Entities' conduct was directed by President Trump—something that has no connection to the City. (Plaintiffs'

---

[1] In paragraph 186 of their Proposed Second Amended Complaint, plaintiffs allege that, "in the early hours of July 12, dozens of federal agents emerged from the Justice Center Building," which among other facilities houses the "headquarters of the Portland Police Bureau." (Proposed Second Amended Complaint, Dkt. 42-2, p. 40). And they allege that Portland Police officers "emerged from the same building" sometime later and worked with federal agents "to push protesters and neutrals all the way to SW Broadway." *Id*. Even if those allegations were true, however, they are insufficient to make out a factual and legal connection between the City's policies and actions on the one hand, and the Federal Entities' eventual shooting of Mr. Lewis-Rolland on the other. Quite simply, "emerg[ing] from the same building" as federal agents at a different time, or "push[ing] protesters and neutrals all the way to SW Broadway" without more, do not allege any improper conduct—let alone make the City "jointly, severally, or in the alternative" liable for the actions of the Federal Entities in shooting Mr. Lewis-Rolland.

Page 4 –   CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
           FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Emergency Motion for Leave to File Second Amended Compliant, Dkt. 42, p.2) ("After the Court issued the TRO [against the City], journalists and legal observers enjoyed a brief respite from the violence and intimidation that gave rise to this lawsuit. Unfortunately, in the days that followed, President Trump sent federal forces to Portland to suppress protests, and to subject Portland to the same type of indiscriminate violence that he used to clear Lafayette Square of peaceful protesters.")

Indeed, the City's position with respect to the Federal Entities' conduct on and about July 12, 2020, as publicly expressed by its Mayor and commissioners, has been one of strong condemnation. For example, Mayor Wheeler publicly condemned "the violence federal officers brought to our streets in recent days, and the life-threatening tactics [federal] agents use," and added, "We do not need or want their help." (*see* https://www.wweek.com/news/city/2020/07/14/mayor-ted-wheeler-calls-on-federal-officers-to-leave-portland-we-do-not-need-or-want-their-help/) (accessed on 07/15/20). Earlier, Mayor Wheeler had publicly called for the federal government to follow the same crowd-control rules and follow the same restrictions on crowd-control devices as had been placed on the City. (*see* https://www.oregonlive.com/news/2020/07/us-marshals-to-conduct-inquiry-over-protester-injured-by-federal-officer-wheeler-says.html) (accessed on 07/15/20). City commissioners Hardesty and Eudaly have similarly publicly condemned the Federal Entities' "escalation of violence" and "reckless and aggressive behavior." (*see* https://www.wweek.com/news/city/2020/07/12/video-shows-federal-officers-flinging-tear-gas-canisters-into-portland-crowd/) (accessed on 07/15/20).

In sum, there is no allegation that the City directed the Federal Entities' actions on July 12, 2020, or that the City had any actual control or right to control the Federal Entities' actions on that date, or that the City had any role in shaping the Federal Entities' policies, directives, or instructions they acted under on that date. There is no common right to relief against the City for the actions or damages alleged against the Federal Entities, and plaintiff cannot recover from the

Page 5 –    CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

City for the alleged intentional assault of Mr. Lewis-Rolland on July 12, 2020, by the Federal Entities.

For those reasons, plaintiffs' claims against the Federal Entities are too distinct and more appropriately raised in a separate lawsuit.

**II.    The allegations against the Federal Entities do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as those alleged against the City.**

Relatedly, plaintiffs' amended allegations also do not meet the requirements of Rule 20(a)(2)(A) because they do not assert a right to relief against all defendants "with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences." Fed. R. Civ. P. 20(a)(2)(A).

As noted above, the alleged conduct of the Federal Entities occurred on different days, at different times, and without direction from the City. Indeed, the alleged conduct of the Federal Entities occurred after the initial complaint in this case was filed and after the City was bound by a Temporary Restraining Order—and the conduct of the Federal Entities has been subject to strong condemnation by the City. The purported conduct of the Federal Entities is simply not part of the "same" transaction or occurrence alleged against the City. Fed. Rule. Civ. P. 20(a)(2)(A).

**III.    The claims against the City of Portland and those against the Federal Entities do not raise "common questions of law or fact."**

The ultimate questions of law in this case revolve around whether the several defendants' respective actions toward the various plaintiffs at different events and at different times violated the First or Fourth Amendment of the U.S. Constitution. The answers to those ultimate questions, however, depend on different predicates of law and fact as to the City and the Federal Entities.

As to the law, the City and Federal Entities operate pursuant to different directives governing uses of force. The City and Federal Entities are also subject to different legal

Page 6 –    CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
            FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

limitations on the use of force: for example, as alluded to above, the City is subject to several temporary restraining orders, preliminary injunctions, and agreements limiting the types of force that may be used and the conditions under which such force may be used. By contrast, the Federal Entities are not subject to those legal limitations. In addition, the Federal entities are not subject to the City's command structure. For those reasons, whether the City's and the Federal Entities' policies or practices governing the use of force against the various plaintiffs at various times violated the First or Fourth Amendment will involve a separate legal analysis.

Resolving those questions will also involve a separate factual analysis. Whether a particular use of force by law enforcement is constitutional ultimately depends on the totality of the circumstances at the time. It is an intensely factual determination, which depends on what each entity did, the factual bases for their actions, and their respective policies governing the use of force. *See Mattos v. Agarano,* 661 F.3d 433, 442 (9th Cir. 2011) (noting that whether use of force is constitutional under the Fourth Amendment is a "very fact-specific inquiry.") Here, none of the facts alleged in the proposed amended complaint with respect to these three categories are common between the City of Portland and the Federal Entities. The mere fact that Plaintiffs' claims all generally arise under the same constitutional provisions—namely the First and Fourth Amendments—does not on its own establish a common question of law or fact between the two parties to justify joinder under Rule 20.

## IV.    The City would be unduly prejudiced by the joinder of the Federal Entities in this lawsuit.

Finally, the City believes that it would suffer undue prejudice in this case if it were forced to defend itself alongside the Federal Entities. The City's position in this case is that its actions complied with the Constitution. The same cannot be said, however, about the Federal Entities' use of force. On the contrary, as noted above, City officials have publicly condemned the actions of the Federal Entities in pointedly strong terms.

Page  7 –    CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In the event these cases proceed to a jury, the inclusion of the Federal Entities in the same lawsuit with the City would result in the simultaneous litigation of two separate sets of incidents, governed by different legal standards, different directives, and involving separate damages claims (one for the damages attributed to the City, and another for the shooting of Plaintiff Lewis-Rolland by federal agents). Furthermore, the inclusion of the Federal Entities' constitutionally problematic behavior alongside the City's lawful conduct presents an undue risk that the conduct of the Federal Entities will be attributed to the City in the mind of the jury, or that the Federal Entities' fault would improperly be attributed or apportioned to the City.

## CONCLUSION

For the foregoing reasons, plaintiffs have not met their burden to show that the requirements for permissive joinder have been met. While the City recognizes that plaintiffs may have strong claims against the Federal Entities, those claims are distinct from the claims against the City and are more appropriately raised in a separate lawsuit. The City therefore respectfully asks this court to deny plaintiffs' Emergency Motion for Leave to File Second Amended Complaint.


Dated:  July 15, 2020

                                        Respectfully submitted,

                                        /s/ Denis M. Vannier
                                        DENIS M. VANNIER, OSB # 044406
                                        Senior Deputy City Attorney
                                        Email: denis.vannier@portlandoregon.gov


                                        /s/ Ryan C. Bailey
                                        RYAN C. BAILEY, OSB # 130788
                                        Deputy City Attorney
                                        Email: ryan.bailey@portlandoregon.gov
                                        Of Attorneys for Defendant City of Portland


Page  8  –    CITY OF PORTLAND'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
              FOR LEAVE TO FILE SECOND AMENDED COMPLAINT