**Matthew Borden**, *pro hac vice* application pending
borden@braunhagey.com
**J. Noah Hagey**, *pro hac vice* application pending
hagey@braunhagey.com
**Athul K. Acharya**, OSB No. 152436
acharya@braunhagey.com
**Gunnar K. Martz**, *pro hac vice* application pending
martz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210

**Kelly K. Simon**, OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
Telephone: (503) 227-6928

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **SAM GEHRKE**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated,<br><br>      Plaintiffs,<br><br>         v.<br><br>**CITY OF PORTLAND**, a municipal corporation; and **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert,<br><br>      Defendants. | Case No. 3:20-cv-1035-SI<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**EXPEDITED HEARING REQUESTED** |

PAGE 1 – PLAINTIFFS' REPLY ISO EMERGENCY MOTION FOR LEAVE TO FILE SAC

Plaintiffs Index Newspapers LLC ("Portland Mercury"), Doug Brown, Brian Conley, Sam Gehrke, Mathieu Lewis-Rolland, Kat Mahoney, Sergio Olmos, John Rudoff, Alex Milan Tracy, Tuck Woodstock, and Justin Yau, on behalf of themselves and those similarly situated, respectfully submit this reply brief in support of their emergency motion for leave to file a second amended complaint (Dkt. 42).

## INTRODUCTION

This case is about how law enforcement is treating journalists and legal observers at the ongoing protests over George Floyd's murder. The City's reductionist Opposition portrays each night of protest as a discrete occurrence, rather than what is—part of an ongoing series of related interactions between the police and public, where members of the press and legal observers are being shot, tear-gassed, beaten, and intimidated.

The City's Opposition largely ignores the Ninth Circuit's liberal standard for joinder, which makes joinder proper whenever the claims arise from the same events—here, the protests. See *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015). It also ignores that local and federal law enforcement are now policing the protests together, using common staging areas, and obviously coordinating their activities. (Proposed Second Amended Complaint ("SAC"), Dkt. 42-1 ¶ 186.) These facts easily satisfy the legal standard for joinder, which seeks to create efficiency, ensure that the Court can render effective relief, and protect the plaintiff from an empty-chair defense (or, if the City's view were adopted, two empty-chair defenses).

While the City tries to distance itself from its federal counterparts, its arguments only reinforce the need for joinder and for immediate relief against federal agents. For example, it asserts that "The City's position in this case is that its actions complied with the Constitution. The same cannot be said, however, about the Federal Entities' use of force." (Opp. at 7.) These contentions highlight the need for adding and enjoining the federal agents, because they show that the City intends to redirect blame to the very parties whom it hopes to exclude from the case. These are the precise circumstances that make joinder warranted.

**ARGUMENT**

I.  **PLAINTIFFS' RIGHT TO RELIEF AGAINST THE POLICE AND FEDERAL AGENTS ARISES OUT OF THE SAME SERIES OF TRANSACTIONS AND OCCURRENCES**

The City argues that it had no role in federal agents' shooting Mr. Lewis-Rolland, did not direct federal agents' conduct, and is not liable for the federal agents' constitutional violations. (Opp. at 3-6.) But the City's liability for the events alleged in the pleading is a question of fact to be determined later. At the time federal agents shot Mr. Lewis-Rolland, they were coordinating their suppression of the protest with local authorities. (SAC ¶ 186.) That is enough for joinder.

The City also argues that some city officials have condemned the federal agents' conduct in public.[1] (Opp. at 5.) Leaving aside that several city and state officials have also criticized local police's use of force during the protests,[2] these facts have no legal import—as evinced by the City's total failure to cite authority on this point. (Opp. at 3-6.)

Rule 20 does not require Plaintiffs to show that the City and the federal agents are jointly liable, as the City asserts. (Opp. at 3-4); Rutter Group, *Federal Civil Procedure Before Trial* ¶ 7:141.1 (Calif. & 9th Cir. eds. Apr. 2020). What the Rule states, in the disjunctive, is that joinder is proper when there is "any right to relief jointly, severally, ***or** in the alternative* with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Thus, joinder is proper where joint and several liability is possible—such as when various law-enforcement officials are working together at the same protests. Joinder is equally proper where any one of the defendants could be liable—such as

---

[1] *But see* Amanda Butt, *Mayor asks Gov. Brown to activate National Guard in Portland*, KATU (June 1, 2020), https://katu.com/news/local/mayor-asks-gov-brown-to-activate-national-guard-in-portland.

[2] *See, e.g.*, Tess Riski, *Portland Commissioner Jo Ann Hardesty to Police Chief Chuck Lovell: Immediately Discontinue Tear Gas, Close-Range Bullets*, Willamette Week (July 2, 2020), https://www.wweek.com/news/city/2020/07/02/portland-commissioner-jo-ann-hardesty-to-police-chief-chuck-lovell-immediately-discontinue-tear-gas-close-range-bullets/; Fedor Zarkhin, *Gov. Kate Brown urges Portland police to de-escalate protests to avoid 'senseless cycle of violence'*, OregonLive (July 3, 2020), https://www.oregonlive.com/portland/2020/07/gov-kate-brown-urges-portland-police-to-de-escalate-protests-to-avoid-senseless-cycle-of-violence.html.

PAGE 3 – PLAINTIFFS' REPLY ISO EMERGENCY MOTION FOR LEAVE TO FILE SAC

when various law-enforcement officials are working together at the same protests. *Cf. e.g.*, *Girau v. Europower, Inc.*, 2017 WL 4124340, at *5 (S.D.N.Y. Sep. 14, 2017) ("alternative liability . . . requires joinder of all the parties who could have been responsible for a plaintiff's injuries to avoid unfairness to the potential defendants" (quotation marks omitted)).

The touchstone of Rule 20's broad standard is whether the claims involve the same series of occurrences. "It is sufficient if there is a logical *relationship* between the claims joined[.]" Rutter Group, *Federal Civil Procedure Before Trial* ¶ 7:141. Plaintiffs' allegations and evidence easily satisfy that standard:

- The federal agents and the police were doing the same thing—forcibly preventing legal observers and reporters from observing and reporting on their violent crowd-control tactics. (SAC ¶¶ 186-187; Davis Decl. ¶ 24.)
- They were doing it at the same time—on July 12, 2020, specifically, and during the George Floyd protests in Portland more generally. (SAC ¶¶ 1-2, 187; Davis Decl. ¶¶ 3, 12, 19-20; Lewis-Rolland Decl. ¶¶ 2, 6.)
- They were doing it against the same people, including Plaintiff Lewis-Rolland. (Lewis-Rolland Decl. ¶ 13; Declaration of Mathieu Lewis-Rolland in Support of Plaintiffs' Motion for TRO, Dkt. 12 ¶ 9.)
- They were doing it from the same base of operations—the Justice Center, which houses the Portland police's headquarters. (SAC ¶ 186; Lewis-Rolland Decl. ¶ 8; Davis Decl. ¶ 19.)
- And they were coordinating with each other. (SAC ¶ 186; Davis Decl. ¶¶ 19-25.)

Thus, Plaintiffs' claims against the City and the federal agents are at least logically related to one another, and it is entirely plausible that discovery will reveal much greater entanglement between police and federal agents. Moreover, this action seeks prospective injunctive relief against law enforcement's abuse of journalists and legal observers at protests. The events at these ongoing protests vary each night. Police officers' coordination with federal agents tomorrow could easily vitiate the City's assertions today. Plaintiffs' ability to obtain

PAGE 4 – PLAINTIFFS' REPLY ISO EMERGENCY MOTION FOR LEAVE TO FILE SAC

complete relief from the Court for their logically related claims against the City and federal agents thus depends on their being able to seek injunctive relief against both parties. For all these reasons, Plaintiffs satisfy Rule 20(a)(2)(A). Rutter Group, *Federal Civil Procedure Before Trial* ¶ 7:141; *Ames v. City of Novato*, 2016 WL 6024587, at *3 (N.D. Cal. Oct. 14, 2016) (explaining that joinder is proper to avoid "duplicative evidence and witness testimony").

## II. PLAINTIFFS' CLAIMS AGAINST THE CITY AND FEDERAL AGENTS WILL INVOLVE COMMON QUESTIONS OF LAW AND FACT

Rule 20's second requirement is that there be at least one "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). The City offers up a number of questions that will differ. (Opp. at 6-7.) But it ignores the obvious questions in common:

- Are public streets and parks areas that have historically been open to the press and general public? *Press-Enterprise Co. v. Superior Court* ("*Press-Enterprise II*"), 478 U.S. 1, 8-9 (1986).
- Will press scrutiny play a significant positive role in ensuring that police and federal conduct remains consistent with the constitution? *Id.*
- Does using force against members of the media and legal observers chill their expressive conduct? *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999).
- Do Plaintiffs have "alternative observation opportunities" to remaining at the scene where police and federal agents are using violent force against the people? *Reed v. Lieurance*, 863 F.3d 1196, 1211-12 (9th Cir. 2017).

Not only are these questions of law common to Plaintiffs' claims against both sets of defendants, answering them will almost certainly involve common facts and common proof, such as videos of the same protests. That there may be *other* relevant questions that are specific to one set of defendants or the other is irrelevant. Fed. R. Civ. P. 20(a)(2)(B).

PAGE 5 – PLAINTIFFS' REPLY ISO EMERGENCY MOTION FOR LEAVE TO FILE SAC

### III. PLAINTIFFS WILL BE SEVERELY PREJUDICED IF THEIR CLAIMS AGAINST THE CITY AND THE FEDERAL AGENTS MUST PROCEED SEPARATELY

The City asserts that it will be prejudiced if the federal agents are joined to this action. But to state the prejudice it will suffer, the City resorts to question-begging: "the inclusion of *the Federal Entities' constitutionally problematic behavior* alongside *the City's lawful conduct* presents an undue risk that the conduct of the Federal Entities will be attributed to the City in the mind of the jury[.]" (Opp. at 8 (emphasis added).) Whether the police's conduct is "lawful" or "constitutionally problematic" is precisely the question to be answered in this lawsuit. So too with the federal agents' substantially similar conduct. The City will suffer no prejudice if these logically related questions are decided together.

Plaintiffs, on the other hand, will suffer severe prejudice if they are decided separately. The City's brief foreshadows its defense: *The federal agents are the real bad actors here.* And the federal agents will doubtless point fingers back at the police. If the two claims are decided separately, Plaintiffs will be forced to try two cases with conspicuously empty chairs. That would be an unfair—not to mention inefficient—result.

\* \* \*

The *sotto voce* core of the City's objection is that it does not want to be on the same side of a lawsuit as the Trump administration. (*See* Opp. at 8.) That is no basis to separately try plainly related claims. Plaintiffs have satisfied the explicit requirements of Rules 15 and 20, and they have also shown that they will be prejudiced if the claims are tried separately. The Court should permit Plaintiffs to litigate their claims in a single case, as the Federal Rules contemplate and as justice requires.

### CONCLUSION

For the above reasons, the Court should grant Plaintiffs' request to amend their complaint.

| | |
|---|---|
| Dated: July 16, 2020 | Respectfully submitted, |

By: */s/ Athul K. Acharya*
Athul K. Acharya, OSB No. 152436
Matthew Borden, *pro hac vice* pending
J. Noah Hagey, *pro hac vice* pending
Gunnar K. Martz, *pro hac vice* pending
BRAUNHAGEY & BORDEN LLP

Kelly K. Simon, OSB No. 154213
ACLU FOUNDATION OF OREGON

*Attorneys for Plaintiffs*