**Matthew Borden**, *pro hac vice* application pending
borden@braunhagey.com
**J. Noah Hagey**, *pro hac vice* application pending
hagey@braunhagey.com
**Athul K. Acharya**, OSB No. 152436
acharya@braunhagey.com
**Gunnar K. Martz**, *pro hac vice* application pending
martz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210

**Kelly K. Simon**, OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
Telephone: (503) 227-6928

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **SAM GEHRKE**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>**CITY OF PORTLAND**, a municipal corporation; and **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert,<br><br>      Defendants. | Case No. 3:20-cv-1035-SI<br><br>**STIPULATED PRELIMINARY INJUNCTION** |

PAGE 1 – STIPULATED PRELIMINARY INJUNCTION

Plaintiffs and defendant City of Portland ("the City") hereby jointly stipulate to the following preliminary injunction:

1. The City and its agents and employees, including but not limited to the Portland Police Bureau and all persons acting under the direction of the Portland Police Bureau (collectively, "the Police"), are enjoined from arresting, threatening to arrest, or using physical force directed against any person whom they know or reasonably should know is a Journalist or Legal Observer (as explained below), unless the Police have probable cause to believe that such individual has committed a crime. For purposes of this Order, such persons shall not be required to disperse following the issuance of an order to disperse, and such persons shall not be subject to arrest for not dispersing following the issuance of an order to disperse. Such persons shall, however, remain bound by all other laws.

2. The Police are further enjoined from seizing any photographic equipment, audio- or video-recording equipment, or press passes from any person whom they know or reasonably should know is a Journalist or Legal Observer (as explained below), or ordering such person to stop photographing, recording, or observing a protest, unless the Police are also lawfully seizing that person consistent with this Order. Except as expressly provided in Paragraph 3 below, the Police must return any seized equipment or press passes immediately upon release of a person from custody.

3. Pursuant to ORS 133.623, if Police seize property from a Journalist or Legal Observer lawfully arrested under this Order, they shall, as soon thereafter as is reasonably possible, make a written list of things seized and furnish a copy to the Journalist or Legal Observer. If equipment seized in connection with an arrest of a Journalist or Legal Observer lawfully seized under this Order is needed for evidentiary purposes, Police shall promptly seek a search warrant, subpoena, or other court order for the same. If said search warrant, subpoena, or court order is denied, or equipment seized in connection with an arrest is not needed for evidentiary purposes, police shall immediately return it to its rightful possessor. Pursuant to ORS 133.633, Journalists or Legal Observers may seek return of property seized through a state-court

PAGE 2 – STIPULATED PRELIMINARY INJUNCTION

motion, through which the state court will make a determination whether the property can be returned prior to the conclusion of a criminal investigation or criminal proceeding.

4. To facilitate the Police's identification of Journalists protected under this Order, the following shall be considered indicia of being a Journalist: visual identification as a member of the press, such as by carrying a professional or authorized press pass or wearing a professional or authorized press badge or distinctive clothing that identifies the wearer as a member of the press. These indicia are not exclusive, and a person need not exhibit every indicium to be considered a Journalist under this Order. The Police shall not be liable for unintentional violations of this Order in the case of an individual who does not carry a press pass or wear a press badge or distinctive clothing that identifies the wearer as a member of the press.

5. To facilitate the Police's identification of Legal Observers protected under this Order, the following shall be considered indicia of being a Legal Observer: wearing a green National Lawyers' Guild issued or authorized Legal Observer hat (typically a green NLG hat) or wearing a blue ACLU issued or authorized Legal Observer vest.

6. The Police may issue otherwise lawful crowd-dispersal orders for a variety of lawful reasons. The Police shall not be liable for violating this Order if a Journalist or Legal Observer is incidentally exposed to crowd-control devices after remaining in the area where such devices were deployed after the issuance by the Police of an otherwise lawful dispersal order.

7. Plaintiffs need not provide any security.

8. This Order shall expire on Friday, October 30, 2020, unless otherwise extended by stipulation of the parties.

9. This stipulation is without prejudice to the respective legal positions of the parties and without any party waiving any argument or the right to request modifications or clarifications of the injunction as circumstances may warrant.

\\\
\\\
\\\

PAGE 3 – STIPULATED PRELIMINARY INJUNCTION

So stipulated:

Dated: July 16, 2020

By: */s/ Athul K. Acharya*
Athul K. Acharya, OSB No. 152436
Matthew Borden, *pro hac vice* pending
J. Noah Hagey, *pro hac vice* pending
Gunnar K. Martz, *pro hac vice* pending
BRAUNHAGEY & BORDEN LLP

Kelly K. Simon, OSB No. 154213
ACLU FOUNDATION OF OREGON

*Attorneys for Plaintiffs*

By: */s/ Denis M. Vannier*
DENIS M. VANNIER, OSB# 044406
Senior Deputy City Attorney
NAOMI SHEFFIELD, OSB# 170601
Deputy City Attorney
RYAN C. BAILEY, OSB# 130788
Deputy City Attorney
YOUNGWOO JOH, OSB# 164105
Assistant Deputy City Attorney

*Attorneys for Defendant City of Portland*

The Court adopts the above Stipulated Preliminary Injunction in this action.

**IT IS SO ORDERED.**

Dated: July 16, 2020

_____
Honorable Michael H. Simon

PAGE 4 – STIPULATED PRELIMINARY INJUNCTION