# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **INDEX NEWSPAPERS LLC d/b/a PORTLAND MERCURY; DOUG BROWN; BRIAN CONLEY; SAM GEHRKE; MATHIEU LEWIS-ROLLAND; KAT MAHONEY; SERGIO OLMOS; JOHN RUDOFF; ALEX MILAN TRACY; TUCK WOODSTOCK; JUSTIN YAU;** and those similarly situated, | Case No. 3:20-cv-1035-SI<br><br>**OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| **CITY OF PORTLAND;** and **JOHN DOES 1-60**, | |
| Defendants. | |

Matthew Borden, J. Noah Hagey, Athul K. Acharya, and Gunnar K. Martz, BRAUNHAGEY & BORDEN LLP, 351 California Street, Tenth Floor, San Francisco, CA 94104; Kelly K. Simon, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON, P.O. Box 40585, Portland, OR 97240. Of Attorneys for Plaintiffs.

Denis M. Vannier and Naomi Sheffield, Senior Deputy City Attorneys; Ryan C. Bailey, Deputy City Attorney; and Youngwoo Joh, Assistant Deputy City Attorney, OFFICE OF THE CITY ATTORNEY, 1221 SW Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant City of Portland.

**Michael H. Simon, District Judge.**

Before the Court is Plaintiffs' Emergency Motion for Leave to File Second Amended Complaint. Plaintiffs seek to add as defendants the U.S. Department of Homeland Security and the U.S. Marshals Service. Defendant City of Portland opposes Plaintiffs' motion. For the reasons that follow, the Court grants Plaintiffs' motion to amend.

## STANDARDS

 "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## BACKGROUND

Plaintiffs Index Newspapers LLC doing business as Portland Mercury, Doug Brown, Brian Conley, Sam Gehrke, Mathieu Lewis-Rolland, Kat Mahoney, Sergio Olmos, John Rudoff, Alex Milan Tracy, Tuck Woodstock, and Justin Yau (collectively, "Plaintiffs") bring this putative class action against the City of Portland (the "City") and numerous as-of-yet unnamed

individual and supervisory officers of the Portland Police Bureau ("PPB") and other agencies

allegedly working in concert with the PPB. As alleged in the First Amended Complaint ("FAC"),

Plaintiffs seek "to stop the Portland police from assaulting news reporters, photographers, legal

observers, and other neutrals who are documenting the police's violent response to protests over

the murder of George Floyd." FAC, ¶ 1 (ECF 40) (footnote omitted). Plaintiffs assert that "[t]he

police's efforts to intimidate the press and suppress reporting on the police's own misconduct

offends fundamental constitutional protections and strikes at the core of our democracy." *Id*.

Plaintiffs allege violations of the First and Fourth Amendments of the United States Constitution

and Article I, sections 8 and 26 of the Oregon Constitution. Plaintiffs request declaratory and

injunctive relief and money damages.

Plaintiffs filed their original Complaint on June 28, 2020. On June 30th, Plaintiffs moved

for a temporary restraining order ("TRO") and preliminary injunction. On July 2nd, the Court

entered a TRO against the City. On July 16th, the Court entered a stipulated preliminary

injunction against the City.

On July 14th, Plaintiffs filed the pending motion for leave to file a proposed Second

Amended Complaint ("Proposed SAC") to add as defendants the U.S. Department Homeland

Security ("DHS") and the U.S. Marshals Service ("USMS") (collectively, "Federal Entities").

Plaintiffs largely ground their motion on actions allegedly taken by DHS and USMS on July 12,

2020. In paragraphs 185-187 of Plaintiffs' Proposed SAC, Plaintiffs allege:

> 185.    Plaintiffs fear for their safety from police violence.
> Reporters who attend and document the protests are at risk of
> being hit with tear gas, rubber bullets, police batons, arrests, and
> more. Even reporters who remain at the rear of the crowd cannot
> cover the protests without injury because the police use strategies
> like the "killbox" strategy they used on June 2.
>
> 186.    For the same reasons, Plaintiffs fear for their safety from
> federal agents' violence. Since President Trump ordered federal

PAGE 3 – OPINION AND ORDER

agents to go to Portland to quell protests, *federal agents have been working together with Portland police to violently disperse demonstrators and neutrals. Not only do federal agents use the same types of force—tear gas, rubber bullets, batons, arrests—in much the same way as the police, but they often coordinate with the police. For example, in the early hours of July 12, dozens of federal agents emerged from the Justice Center building, headquarters of the Portland Police Bureau, and began a campaign of wholesale violence against protesters and neutrals alike. At around 2:00 a.m., Portland police emerged from the same building and joined the federal agents, and the officers and agents worked together to push protesters and neutrals all the way to SW Broadway.*

187.    Plaintiffs and Plaintiff Class want to continue attending protests to gather news and observe and document how police are treating demonstrators, and whether demonstrators are actually provoking the outpouring of violence from the police, as the police claim, or whether police are engaging in indiscriminate unprovoked violence. They also want to be able to document how police are dispersing protesters. They are fearful, however, that they themselves will be targeted for the same violence police mete out against protesters. The police have prevented Plaintiffs and Plaintiff Class from documenting how police have dispersed protesters and have repeatedly told them that they will be similarly arrested and assaulted if they fail to stop recording these events.

ECF 42-1, at ¶¶ 185-187 (Proposed SAC) (emphasis added).

## DISCUSSION

A district court should apply "Rule 15's policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). A district court may deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is

the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The City opposes Plaintiffs' motion to amend on two grounds. First, the City argues that joinder of the Federal Entities is not permissible under Rule 20 of the Federal Rules of Civil Procedure. Second, the City argues that joinder of the Federal Entities would unfairly prejudice the City in this lawsuit. The Court addresses each argument in turn.

## A.  Whether Joinder of the Federal Entities Is Permissible Under Rule 20

The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed.) ("*Wright, Miller & Kane*") (footnotes omitted). In its opposition to Plaintiffs' motion, the City makes three subsidiary arguments under Rule 20. First, the City asserts that Plaintiffs have no "common right of relief" against both the City and the Federal Entities. ECF 46, at 3. Second, the City contends that Plaintiffs' allegations against the Federal Entities do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as Plaintiffs' allegations against the City. *Id.* at 6. Third, the City argues that Plaintiffs' claims against the City and against the Federal Entities do not raise "common questions of law or fact." *Id*.

Regarding the City's first subsidiary argument, Rule 20 does not require Plaintiffs to show common liability among all named defendants. Rule 20(a)(2)(A) is written in the disjunctive and merely requires that any right to relief against the defendants be joint, several, or in the alternative. Thus, "several" liability would be enough to make joinder permissible. Further, "alternative liability" also would be enough under Rule 20(a)(2)(A). *See generally Girau v. Europower, Inc*., 2017 WL 4124340, at *5 (S.D.N.Y. Sept. 14, 2017) ("alternative liability . . . requires joinder of all the parties who could have been responsible for a plaintiff's

injuries to avoid unfairness to the potential defendants") (quotation marks omitted). Here,

Plaintiffs allege that the Federal Entities "often coordinate" with the Portland Police. Plaintiffs

offer the following as an example:

> [I]n the early hours of July 12, dozens of federal agents emerged
> from the Justice Center building, headquarters of the Portland
> Police Bureau, and began a campaign of wholesale violence
> against protesters and neutrals alike. At around 2:00 a.m., Portland
> police emerged from the same building and joined the federal
> agents, and the officers and agents worked together to push
> protesters and neutrals all the way to SW Broadway.

ECF 42-1, at ¶ 186. This allegation satisfies the requirement in Rule 20(a)(2)(A) that Plaintiffs

assert a right to relief against Defendants severally or in the alternative.

Regarding the City's second subsidiary argument, Rule 20(a)(2)(A) requires that the

assertion of joint, several, or alternative liability arise out of "the same transaction, occurrence,

or series of transactions or occurrences." As also explained in the same leading treatise:

> [A]ll logically related events entitling a person to institute a legal
> action against another typically are regarded as comprising a
> transaction or occurrence. The use of the logical-relationship test
> seems particularly consistent with the philosophy underlying the
> passage in Rule 20 that allows joinder of parties whenever the
> claims arise out of "the same series of transactions or
> occurrences." Moreover, the flexibility of this standard enables the
> federal courts to promote judicial economy by permitting all
> reasonably related claims for relief by or against different parties to
> be tried in a single proceeding under the provisions of Rule 20.
> Illustrative of the liberal approach to the concept of same
> transaction or occurrence employed by many federal courts are
> cases in which the court permits an injured plaintiff to join both the
> original tortfeasor and a second tortfeasor whose subsequent
> negligence aggravated plaintiff's original injuries.

*Wright, Miller & Kane* § 1653 (footnotes omitted).

The City argues that the actions Plaintiffs allege against the City occurred between June 2

and June 28, 2020, while the actions Plaintiffs allege against the Federal Entities occurred on

July 12, 2020. *See* ECF 42-2, at ¶¶ 4-16 (Proposed SAC). Thus, the City contends, these actions

PAGE 6 – OPINION AND ORDER

are not part of the same series of occurrences. Plaintiffs offer two responses. Plaintiffs begin by noting that they allege in ¶ 186 of the Proposed SAC that the Portland Police "often coordinate" with the Federal Entities, and Plaintiffs provide, as an "example," the allegation that on July 12th the "federal agents emerged from the Justice Center building, headquarters of the Portland Police Bureau," before engaging in their alleged violence "against protesters and neutrals alike." Thus, according to Plaintiffs, the events of July 12th are a single occurrence.

Moreover, Plaintiffs state that the Portland protests at issue in this lawsuit have been occurring every evening just outside the Portland Police headquarters and the federal courthouse, which is located next door, since shortly after the killing of George Floyd on May 25, 2020. Thus, Plaintiffs are not attempting to bring disparate claims arising from events that are temporally or geographically remote. The Court is satisfied that there is an adequate logical relationship between the events occurring every night in June and the events occurring on July 12th to show they are part of the same series of occurrences for purposes of Rule 20.

Regarding the City's third subsidiary argument, Rule 20(a)(2)(B) requires that Plaintiffs' claims contain questions of law or fact common to all Defendants. As also explained in the same leading treatise, this rule "does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." *Wright, Miller & Kane* § 1653 (footnote omitted).[1] Here, there are several questions of law or fact that are common in Plaintiffs' claims against the City and the Federal Entities. Plaintiffs identify the following:

---

[1] Indeed, as recognized by the Seventh Circuit, "[t]he common question need not predominate; that's a requirement for class actions, not for permissive joinder." *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

● Are public streets and parks areas that have historically been open to the press and general public?

● Will press scrutiny play a significant positive role in ensuring that police and federal conduct remains consistent with the constitution?

● Does using force against members of the media and legal observers chill their expressive conduct?

● Do Plaintiffs have alternative observation opportunities to remaining at the scene where police and federal agents are using violent force against the people?

ECF 47 at 5. These common questions suffice for purposes of Rule 20. Thus, Plaintiffs have satisfied Rule 20's requirements for permissive joinder.

## B. Whether Joinder of the Federal Entities Would Unfairly Prejudice the City

The City also argues that "[i]n the event these cases proceed to a jury, the inclusion of the Federal Entities in the same lawsuit with the City would result in the simultaneous litigation of two separate sets of incidents, governed by different legal standards, different directives, and involving separate damages claims (one for the damages attributed to the City, and another for the shooting of Plaintiff Lewis-Rolland by federal agents)." ECF 46 at 8. The City adds that "the inclusion of the Federal Entities' constitutionally problematic behavior alongside the City's lawful conduct presents an undue risk that the conduct of the Federal Entities will be attributed to the City in the mind of the jury, or that the Federal Entities' fault would improperly be attributed or apportioned to the City." *Id*.

In theory, the City may be right. On the other hand, Plaintiffs argue that it would unfairly prejudice them if they had to go to separate trials with the City at one trial and the Federal Entities at another with each Defendant at trial pointing to an empty chair in an attempt to absolve that Defendant of responsibility. In theory, Plaintiffs may be right.

It is too early in the life of this lawsuit for the Court to reach any firm conclusions on this

issue. If, after discovery and any appropriate pretrial motions, the Court concludes that there is a

serious risk of unfair prejudice to the City from having the claims alleged against the City

decided by the same jury, in a single trial, that decides the claims against the Federal Entities, the

Court can eliminate that risk by ordering separate trials. Rule 42(b) provides:

> For convenience, *to avoid prejudice*, or to expedite and economize,
> the court may order a separate trial of one or more separate issues,
> claims, crossclaims, counterclaims, or third-party claims. When
> ordering a separate trial, the court must preserve any federal right
> to a jury trial.

Fed. R. Civ. P. 42(b) (emphasis added). Separate trials, if appropriate, would suffice to cure any

risk of unfair prejudice to the City. The Court will consider ordering separate trials of the City

and the Federal Entities at the appropriate time, if necessary.

## CONCLUSION

The Court GRANTS Plaintiffs' Emergency Motion for Leave to File Second Amended

Complaint. ECF 42.

**IT IS SO ORDERED**.

DATED this 17th day of July, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge