# EXHIBIT 1

| | |
|---|---|
| **From:** | Matt Borden |
| **Sent:** | Monday, July 27, 2020 12:54 PM |
| **To:** | Gardner, Joshua E (CIV) |
| **Cc:** | Athul Acharya; Gunnar Martz |
| **Subject:** | RE: Index Newspapers LLC, et al v. City of Portland et al, No. 3:20-cv-01035-SI |

Josh,

Thanks for the productive call this morning. Here is a brief summary from the notes Athul and I took:

**The federal defendants' violations of the TRO**: On our call, we detailed specific instances of TRO violations of which we were aware, including the dates, times and locations.  We asked you to provide the identifications of the officers involved in these events, and the names of all individuals responsible for making sure that the federal defendants comply with the Court's TRO, and to provide any reasons why defendants believe that these acts do not constitute contempt of court. You stated that you would investigate these issues with your client and report back. The specific events that we raised were the July 23 shooting and intimidation of Rebecca Ellis, the July 23 shooting of Jonathan Levinson, the July 23 shooting and tear-gassing of Brian Conley, the July 24 shooting of Kat Mahoney and Rachelle Collins, the July 24 shooting of Haley Nicholson, and the July 25 pepper-spraying of four legal observers including Ms. Mahoney and Brice Knivila. You told me that Ms. Ellis may have been inadvertently shot when federal agents were firing at protesters, but you would confirm that explanation and provide details.

**TRO extension**: We discussed whether your client would stipulate to a 14-day extension of the TRO to give us some breathing room on discovery and PI briefing. You indicated that that was unlikely, but that you would check. We are willing to do so, and if the federal defendants do not agree to move the hearing, they will need to provide the requested discovery more quickly

**PI hearing**: We discussed whether it made sense to have an evidentiary hearing for the PI.  We think it does, but have a number of practical questions about the logistics of having one or how that would work in light of COVID.  The federal defendants did not take a position either way.

**Discovery**:
- We explained that the goal of our discovery was to provide evidence for our retaliation and access claims and to contest the federal defendants' argument that the possibility of injury to Plaintiffs was too remote and that we are willing to narrow our discovery to those issues
- We asked for any policies, directives, or training regarding journalists or legal observers and crowd control.  We think these items ought to be readily available.  You said that you would check.
- We also emphasized the need for all communications to and among field agents regarding press and legal observers, and also communications related to implementation of the TRO. We suggested a number of keywords to narrow the search, including "press," "reporter," "media," "journalist," "legal observer," "ACLU," and "NLG." You suggested that some of these communications might be privileged, and burdensome to collect.  You stated that you would talk to your client later today about burden and get back to us after you do.
- We also discussed the Rule 30(b)(6) deposition notice and our interrogatories. You said that it would be burdensome to prep a designee on every topic and suggested that in some instances responses to the interrogatories might suffice. We stated that if the government provided very detailed responses to some of the written discovery, it could obviate the need for a deposition, but that it would be impossible to tell until we'd seen the responses.
- We also indicated that the government should be working on its responses to the written discovery now

1

**Follow-up**:
- You mentioned that you were aware of instances of protesters masquerading as press. We asked if you had any evidence of any federal agent being injured, or any federal property being damaged, by such a person. You were unable to cite any such instance on the call. Please inform us as soon as you become aware of any such incident.
- We also asked for the name of the supervisors responsible for implementing the TRO and any steps they have taken to secure compliance. You were unable to provide us with either item of information. Please do so as soon as possible.
- We scheduled a follow-up call for tomorrow at 10:15 a.m. Pacific / 1:15 p.m. Eastern

Here is a dial in we can use:
Dial-in Number: +1 (267) 9304000
Participant Access: 507 794 018

I have done my best to accurately capture our discussion.  Please let me know if I have misstated or omitted anything.

I look forward to talking tomorrow.

Regards,

Matt


Matthew Borden
**B R A U N H A G E Y & B O R D E N** LLP
Office: (415) 599-0212

---

**From:** Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>
**Sent:** Monday, July 27, 2020 8:37 AM
**To:** Matt Borden <borden@braunhagey.com>
**Subject:** RE: Index Newspapers LLC, et al v. City of Portland et al, No. 3:20-cv-01035-SI

Sounds good – I will call you at 1:15 EST.

Josh

---

**From:** Matt Borden <borden@braunhagey.com>
**Sent:** Monday, July 27, 2020 11:34 AM
**To:** Gardner, Joshua E (CIV) <jgardner@CIV.USDOJ.GOV>
**Subject:** RE: Index Newspapers LLC, et al v. City of Portland et al, No. 3:20-cv-01035-SI

Josh, thanks for the quick response. How does 10:15 PST work for you? The number below is my direct dial. I will probably try to loop in one of my associates. I look forward to talking.

Regards,

Matt

Matthew Borden
**B R A U N H A G E Y & B O R D E N** LLP
Office: (415) 599-0212

2

**From:** Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>
**Sent:** Monday, July 27, 2020 4:52 AM
**To:** Matt Borden <borden@braunhagey.com>
**Subject:** Index Newspapers LLC, et al v. City of Portland et al, No. 3:20-cv-01035-SI

Matt:

Good morning.  I understand you wanted to discuss some issues concerning alleged non-compliance with the TRO and the discovery you recently served.  I'm generally wide open today to discuss these issues with you.  Please let me know a good time to talk and number to reach you at and I can give you a call at your convenience.

Regards,

Josh

Joshua E. Gardner
Special Counsel
Federal Programs Branch
United States Department of Justice, Civil Division
1100 L Street, NW., Rm. 12200
Washington, D.C. 20005
Telephone: (202) 305-7583
Fax: (202) 616-8460