# EXHIBIT 3

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

United States of America )
v. )
)
TAYLOR CHARLES LEMONS ) Case No. 3:20-mj-159
)
)
)
_____ )
*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 22, 2020__ in the county of __Multnomah__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Felony Assault on a Federal Officer |

This criminal complaint is based on these facts:

See attached Affidavit of Senior Inspector William Boldin, U.S. Marshals Service

☑ Continued on the attached sheet.

/s/ Signed by telephone IAW Fed. R. Crim. P. 4.1
*Complainant's signature*

William Boldin, Sr. Inspector, U.S. Marshals Service
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __8:55__ a.m./p.m.

Date: __July 22, 2020__

*Judge's signature*

City and state: __Portland, Oregon__  Hon. John V. Acosta
*Printed name and title*

DISTRICT OF OREGON )
) ss: AFFIDAVIT OF Senior Inspector
County of Multnomah ) William Boldin

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, William Boldin, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am employed as a Sr. Inspector with the U.S. Marshals Service and have been so employed since July 2003. I have completed the Basic Deputy U.S. Marshal Academy and the Federal Criminal Investigators Training Program. My duties include conducting investigations into violations of federal law and have conducted numerous investigations involving assaults and threats on federal officers and employees.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Taylor CHARLES LEMONS. As set forth below, there is probable cause to believe, and I do believe, that LEMONS committed the felony offense of Assaulting a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1).

3. The facts set forth in this affidavit are based on the following: my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

## Applicable Law

4.      18 U.S.C. § 111(a)(1) makes it an offense to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties, and any person assisting such an officer or employee in the performance of official duties. Under § 111(a), simple assault is a misdemeanor, but where the assaultive acts involve physical contact with the victim, the offense is a felony punishable by imprisonment up to 8 years.

## Statement of Probable Cause

5.      Since on or about May 26, 2020, protesters have gathered in Portland public areas to protest. Three of these public areas are Lownsdale Square, Chapman Square and Terry Schrunk Plaza. The Portland Justice Center, housing Portland Police Bureau's (PPB) Central Precinct and the Multnomah County Detention Center (MCDC), border these parks, as does the Mark O. Hatfield United States Federal Courthouse[1]. The United States of America owns the entire city block (Block #24) occupied by the courthouse building depicted below:

---

[1] As part of my duties, I am familiar with the property boundaries for federal facilities in the Portland Oregon area. The federal government owns the entire city block occupied by the Mark O. Federal Courthouse. Easements have been granted for the sidewalks surrounding the facility. The property boundary extends past the sidewalks and into the streets surrounding the courthouse.

**Page 2 – Affidavit of Sr. Inspector William Boldin**                                    USAO Version Rev. April 2018



Daily protests have regularly been followed by nightly criminal activity in the form of vandalism, destruction of property, looting, arson, and assault. Most violent of these impacting federal property occurred on May 28, 2020, when the Portland Field Office for the Immigration and Customs Enforcement (ICE) was targeted by a Molotov Cocktail. The Mark O. Hatfield Courthouse has experienced significant damage to the façade, glass, and building fixtures during the weeks following this incident, and was targeted by a Molotov Cocktail on the night of July 22, 2020. Additionally, mounted building security cameras and access control devices have been vandalized or stolen. The most recent repair estimate for the damage at the Mark O. Hatfield Courthouse is in excess of $50,000. Other federal properties in the area routinely being vandalized include the historic Pioneer Federal Courthouse, the Gus Solomon Courthouse, and the Edith Green Wendall Wyatt Federal Office Building. FPS law enforcement officers, U.S. Marshal Service Deputies and other federal law enforcement officers working in the protection of the Mark O. Hatfield Courthouse have been subjected to assault, threats, aerial fireworks

including mortars, high intensity lasers targeting officer's eyes, thrown rocks, bottles and balloons filled with paint, and vulgar language from demonstrators while performing their duties.

6. On multiple occasions on July 22, 2020, protesters attempted to set fire to, and breach into, the Mark O. Hatfield Federal United States Courthouse (USCH) setting fires against the building, and by removing the wooden protective sheets used to board up windows and entrances of the USCH. As protesters made a hole through a wooden sheet, U.S. Customs and Border Protection (CBP), U.S. Marshals Service (USMS), and FPS tactical team deployed to the affected area to prevent further damage and a possible breach into the USCH. Tactical teams verbally and visually identified themselves as "POLICE" and ordered protesters to move away from the USCH.

7. After tactical teams dispersed the crowd, the USMS tactical team established a perimeter in front of the USCH to maintain security while other officers repaired and secured doors that had been damaged in the attack.

8. At approximately 02:15 a.m., an unknown male, later identified as LEMONS, carrying a home-made shield, ran up to members of the USMS tactical team. LEMONS charged towards U.S. Marshal Service Law Enforcement Officer 1 (USMS LEO 1) in an aggressive manner, with his makeshift shield in front of him, and USMS LEO 1 pushed him back with his left arm, while ordering him to stay back. LEMONS responded by charging at USMS LEO 1 a second time, utilizing his shield to strike USMS LEO 1 in his left arm, pushing USMS LEO 1 backwards causing USMS LEO 1 to lose his balance.[2] At the time LEMONS approached, USMS LEO 1 was standing on Third Street in front of the USCH building, up against the sidewalk when

---

[2] The identities of these U.S. Marshal Service Law Enforcement Officers (USMS LEOs) are personally known to me. I know these USMS LEOs to be federal officers for the purposes of 18 U.S.C. § 1114. I have withheld their names from this affidavit for their safety and security.

Page 4 – Affidavit of Sr. Inspector       USAO Version Rev. April 2018
William Boldin

LEMONS initially struck USMS LEO 1. USMS LEO 1 was wearing his tactical uniform, clearly marked with patches identifying him as a law enforcement officer, and wearing protective gear including a helmet, gas mask, and body armor.

9. USMS LEO 2 and USMS LEO 3 told LEMONS he was under arrest and took him to the ground. LEMONS violently resisted arrest by twisting, turning, and fighting with the officer. LEMONS continued to fight with officers and had to be forcefully carried into the USCH.

9. While the arrest was occurring, numerous other violent protestors were present and continued launchings fireworks, throwing objects, and yelling threats at law enforcement. At the same time other officers were still attempting to secure the USCH. LEMONS actions caused a severe risk of physical harm to law enforcement and federal property.

10. Subsequent to the arrest LEMONS was turned over to USMS deputies to be taken to the cellblock. USMS LEO 4 searched LEMONS after arrest and located a Luger LCP pistol, loaded with 6 rounds, in his right, front, pants pocket. Simultaneous to the weapon being found, LEMONS stated that he had the weapon. Initial checks indicate that LEMONS has a valid CCW permit.[3]

11. Affiant personally observed the arrest and can attest to the information contained in this affidavit.

12. While in the USMS cellblock affiant and USMS LEO 4 attempted to interview LEMONS. LEMONS provided biographical information but invoked his right to remain silent

---

[3] There are potential crimes related to LEMONS possession of the firearm during this incident that are still under investigation.

and to have an attorney present during questioning. USMS investigators terminated all contact with LEMONS, and he was not interviewed.

## Conclusion

14. Based on the foregoing, I have probable cause to believe, and I do believe, that Taylor Charles LEMONS committed a violation of 18 U.S.C. § 111(a)(1), and in so doing made physical contact with USMS LEO 1.

15. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Paul T. Maloney, who advised that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

/s/ Sworn to by telephone
*In accordance with Fed. R. Crim. P. 4.1*
William Boldin, Senior Inspector
U.S. Marshals Service

Sworn to by telephone or other reliable means at 8:55 a.m./p.m. in accordance with Fed. R. Crim. P. 4.1 this 22nd day of July 2020.

HONORABLE JOHN V. ACOSTA
United States Magistrate Judge