ETHAN P. DAVIS
Acting Assistant Attorney General
BILLY J. WILLIAMS
United States Attorney
DAVID M. MORRELL
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
JOSHUA E. GARDNER
Special Counsel
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN
Senior Trial Counsel
JEFFREY A. HALL
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 305-7919
Fax:    (202) 616-8460

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| INDEX NEWSPAPERS, LLC, *et al.*,<br><br>    Plaintiffs.<br><br>    v.<br><br>CITY OF PORTLAND, *et al.*,<br><br>    Defendants. | Case No. 3:20-cv-1035-SI<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL DECLARATION** |

## I.     Introduction

After several untimely filings in their preliminary injunction motions practice, Plaintiffs seek to exclude Federal Defendants' rebuttal expert declaration on the basis of procedural technicalities caused by their own strategic choices. The Court should deny Plaintiffs' unsupported motion to strike and consider the Bishop declaration in its pursuit of the most fulsome and accurate record in advance of a decision on the merits of the preliminary injunction motion.

## II.    Background

On August 6, 2020, the Court adopted the parties stipulated schedule for preliminary injunction briefing and for the hearing on August 18, 2020. The Court also permitted expedited discovery for purposes of that preliminary injunction motions practice. Plaintiffs filed their opening motion, ECF No. 133, and the Kerlikowske declaration, ECF No. 135, which includes 42 paragraphs of testimony, early on the morning of Monday August 10, 2020, after the filing deadline established by the Court, and after 3:00 a.m. EST, which is the time zone where Defendants' counsel work. Defendants filed their opposition to Plaintiffs' motion less than three days later on Wednesday August 12, 2020. After 5:00 p.m. on Friday August 14, 2020, Plaintiffs filed their reply brief asserting for the first time that Mr. Kerlikowske was being offered as an expert witness, and offered a supplemental declaration from Mr. Kerlikowske listing his purported qualifications to provide expert testimony.  During the preliminary injunction hearing on Tuesday August 18, 2020, Defendants notified the Court and the other parties of their intent to file a responsive expert declaration, the identity of the declarant, and the nature of the declaration. Defendants filed that declaration, ECF No. 152, pursuant to the Court's instruction, at 3:03 p.m. on August 18. The rebuttal declaration contains testimony demonstrating that certain

of Mr. Kerlikowske's assertions are incorrect on the facts, inconsistent with Customs and Border Protection's ("CBP") practices, and inconsistent with positions taken by Mr. Kerlikowske himself while acting as the Commissioner of CBP.

### III.   Argument

**A. Defendants' Rebuttal Declaration is not Untimely or Otherwise Procedurally Improper.**

"[E]vidence preclusion is, or at least can be, a 'harsh[]' sanction," and should not lightly be applied by the Court. *R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012). Currently, the parties are operating under an expedited discovery schedule that is outside the normal deadlines set by Federal Rules of Civil Procedure 26. Thus, there was no specific deadline by which the Federal Defendants were required to submit the declaration at issue pursuant to Rule 26(a) or (e), and no basis for discovery sanctions, specifically exclusion of the declaration, under Rule 37(c)(1). *See, e.g., Yakima Valley Mem. Hosp. v. Washington State Dep't of Health*, No. CV-09-3032-EFS, 2012 U.S. Dist. LEXIS 198477, at *5 (E.D. Wash. May 18, 2012) ("Rule 37's exclusionary function is thus only triggered when a party fails to comply with Rule 26(a) or (e)."). Plaintiffs erroneously contend that the federal Defendants' submission of the Bishop declaration violates the Court's August 6 briefing schedule, and then cite to cases where a Rule 16 scheduling order has been violated. ECF No. 154 at 2.  The Court's August 6 briefing schedule set the dates for the submission of briefs; it does not purport to be a Rule 16(b)(1) scheduling order governing the disclosure of evidence.  Indeed, the Court's order lacks any of the required content under Rule 16(b)(3)(A).  It was entirely silent on the submission of evidence, let alone rebuttal evidence.  Indeed, it is Plaintiffs that violated that briefing schedule by filing their moving brief and declaration of Mr. Kerlikowske on August 10.  Plaintiffs cite to

no authority for the proposition that rebuttal expert evidence submitted in connection with a preliminary injunction is untimely and subject to exclusion where there is no scheduling order dictating the timing of expert disclosures or reports. Plaintiffs' claims of untimeliness based on the Court's briefing schedule should be summarily rejected. Moreover, the Court has not yet issued its decision, and there were no other limits placed on the submission of evidence. Indeed, the Court repeatedly advised the parties it was open to the submission of evidence the parties wished to present. The Ninth Circuit has recognized that district courts have discretion to consider evidence submitted after a preliminary injunction hearing but before the court's decision. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 881 (9th Cir. 2009) (holding that court did not abuse discretion in refusing to consider declaration submitted after preliminary injunction proceeding because the litigant could have introduced it between the time of the preliminary injunction hearing and the time of the decision).

However, even if there had been deadlines applicable to this expedited discovery process, Defendants' allegedly late filing is substantially justified. *See* Fed. R. Civ. P. 37(c)(1). The timing of Federal Defendants' rebuttal declaration is an issue of Plaintiffs' own making. As explained above, Defendants were not aware that Mr. Kerlikowske would submit a declaration of any kind until less than 72 hours before the filing of Defendants' opposition, Defendants' only opportunity, under Plaintiffs' view, to respond in writing to the preliminary injunction motion. Contrary to Plaintiffs' statements at the preliminary injunction hearing, moreover, Defendants could only speculate that Plaintiffs were offering Mr. Kerlikowske as an expert witness until Plaintiffs expressly identified him as such and submitted his supplemental declaration after Defendants' close of business on Friday August 14. Plaintiffs' strategic delay deprived Defendants of any meaningful opportunity to obtain further discovery, such as a deposition of

Mr. Kerlikowske, to challenge his expertise through a Daubert motion, or to respond to Plaintiffs' inaccuracies and misrepresentations with anything other than a declaration from a knowledgeable expert. Plaintiffs' arguments to the contrary deliberately obscure the reality of the time crunch Defendants faced and unreasonably conflate what is necessary to provide affirmative fact testimony with rebuttal expert testimony.

Not only is Defendants' alleged delay substantially justified by the delay created by Plaintiffs, but the reasonableness of the timing of Defendants' filing is further supported by the other circumstances surrounding this case. During the eight days between the filing of Plaintiffs' declaration and the filing of Defendants' rebuttal, Defendants simultaneously prepared their preliminary injunction opposition, reviewed for responsiveness and privilege and produced in whole or in part approximately 14,000 pages of discovery documents, responded to interrogatories and requests for admissions, prepared additional declarations, identified an appropriate rebuttal witness, and prepared the rebuttal expert declaration. Plaintiffs had at least since the TRO was initially put in place, nearly a month, to retain experts and prepare witnesses for the preliminary injunction hearing. Plaintiffs' apparent argument that Defendants should have rebutted an undesignated expert witness identified in less than three days is unreasonable, and Defendants' rebuttal within eight days is substantially justified.

If the Court finds that the alleged delay in Defendants' declaration is not substantially justified, that delay is nevertheless harmless. *See* Fed. R. Civ. P. 37(c)(1). Even under Plaintiffs' theory, and imagining that Defendants could have obtained a responsive declaration in a completely unrealistic timeframe, there were at most six business days in which Defendants could have filed the declaration at issue before it was actually filed, and less than five days in which it could have been filed before Plaintiffs' reply closed the preliminary injunction briefing.

Thus, this supposedly late filing is entirely unlike those circumstances in which filings are stricken because they come months after deadlines, days before trial, or require the reopening of closed discovery. *See, e.g., Ollier v, Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). Furthermore it is unclear what Plaintiffs claim they would have done differently and what would even have been feasible had Defendants submitted their rebuttal declaration on either August 12 or August 14.

### B. Defendants' Rebuttal Declaration Provides Expert Opinion Testimony

#### i. Declarant Bishop is an Expert in CBP Practices and Procedures.

Plaintiffs' contention that Mr. Bishop is not an expert fares no better.[1] Plaintiffs contend that Mr. Bishop is not an expert because "he does not claim to have any expertise in crowd control or use of force in the context of civil disturbances, civil unrest, or demonstrations similar to those taking place in Portland." ECF No. 154 at 4-5.  As Mr. Bishop explains in his declaration, he oversees readiness, accountability, and operational performance of CBP law enforcement personnel, and that the office he is responsible for us "responsible for articulating CBP's Use of Force Policy, establishing appropriate controls and standards, and training CBP personnel on issues relating to weapons and other tactical equipment." ECF No. 152, ¶ 3.  Mr. Bishop is more than qualified to offer rebuttal opinions concerning CBP's Use of Force Policy and Mr. Kerlikowske's views about DHS's use of force, and Plaintiffs' challenge at most goes to weight rather than admissibility. *See Abarca v. Franklin County Water Dist.*, 761 F. Supp. 2d 1007, 1028 (E.D. Cal. 2011) (holding that "[g]aps in an expert witness's qualifications or

---

[1] Contrary to Plaintiffs' contentions, the Federal Vacancies Reform Act has nothing to do with the witness acting as the Director of LESC.  The FVRA provides rules relating to vacant positions requiring presidential appointment.  That is not the case for the Director of LESC.  Moreover, Mr. Bishop is a career employee of CBP and not a political appointee.

knowledge generally go to the weight of the witness's testimony, not its admissibility") (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). Indeed, Plaintiffs' make the wholly contradictory argument that Mr. Bishop's declaration should be excluded for failure to comply with Federal Rule of Evidence 702 when they argued in their preliminary injunction reply brief that "courts may consider inadmissible evidence in ruling on a motion for a preliminary injunction, and assign it whatever weight they deem appropriate." ECF No. 144 at 9 (citations omitted). Plaintiffs cannot have it both ways, and their contention that Mr. Bishop lacks the expertise to offer opinions in this matter lack merit.

### ii. Declarant Bishop Reviewed the Necessary Material to Form His Opinion.

As a rebuttal expert, Mr. Bishop's primary (and expedited) task was to respond to Plaintiffs' expert declaration, not to review the entirety of the litigation record. Plaintiffs' demand that the witness review everything they would prefer states a preference, rather than a basis for exclusion. Nor can Plaintiffs claim to have been prejudiced by Mr. Bishop's reliance on the CBP *Use of Force Policy, Guidelines and Procedures Handbook* and their apparent complaint that Mr. Bishop's declaration "does not even attach" that policy. Mr. Bishop was discussing the publicly available use-of-force handbook that appears on CBP's own website: https://www.cbp.gov/sites/default/files/documents/UseofForcePolicyHandbook.pdf. Mr. Bishop helpfully provided the author, title, date, and signatory of that publicly available report, ECF No. 152 at 4 n. 11; Plaintiffs could have found a copy of the document cited by entering the citation, or even just "CBP use of force policy," into a search engine and clicking on the first result. And Plaintiffs' own expert signed that publicly available policy, so he presumably could have considered reviewing it before filing a purported expert declaration to which the policy he signed was so relevant. Plaintiffs presumably do not believe that every publicly available document

referenced in an expert declaration also must be attached to the declaration, as Mr. Kerlikowske's own declaration references several publications by name without attaching them. ECF No. 135-1 at 2.

### iii. Declarant Bishop Rebuts Opinions Rendered by Declarant Kerlikowske

Plaintiffs' argument that the Bishop Declaration should be stricken for failing to rebut the Kerlikowske declaration fails for several obvious reasons and appears to be primarily a vehicle for Plaintiffs to repeat various opinions from that declaration. First and most obviously, the fact that the Bishop declaration does not refute each and every assertion made by Mr. Kerlikowske in his declaration does not mean that Mr. Bishop has not rebutted any of those assertions. For example, Mr. Bishop clearly rebuts Mr. Kerlikowske's reliance on past incidents of protesters posing as press to claim that uses of force are unwarranted under the circumstances of the protests. Bishop Decl. ECF No. 152 ¶ 13. Second, and more importantly, Plaintiffs do not explain any legal basis for their contention that the Bishop declaration should be stricken on the basis that it is not contradictory enough in their opinion to their own declaration. If anything, this is a relevance objection, and as discussed above, Plaintiffs themselves argued in their reply to the preliminary injunction motion, "The federal agents' objections that Mr. Kerlikowske's testimony is 'not appropriate or helpful' or that he does not sufficiently explain his methods (Opp. at 20) go to weight, rather than admissibility. In any event, courts may consider inadmissible evidence in ruling on a motion for a preliminary injunction, and assign it whatever weight they deem appropriate." ECF No. 144 at 9.

### C. If Defendants' Declaration is Stricken They will be Prejudiced.

Finally, although there is no prejudice to Plaintiffs in allowing the Bishop declaration to be considered, there is substantial prejudice to the Federal Defendants if the declaration is

excluded. At the hearing on August 18, 2020, the Court expressed an opinion that Plaintiffs' Kerlikowske declaration appeared to be reliable and that it established various factual points relevant to the preliminary injunction motion. Plaintiffs also relied on the declaration during the hearing and repeatedly stated that its assertions were undisputed by the Federal Defendants. However, the Bishop declaration makes clear that there are numerous factual inaccuracies and unsupported assertions in the Kerlikowske declaration. Excluding Federal Defendants' rebuttal declaration on the basis of an issue created by the Plaintiffs will deprive Federal Defendants of any opportunity to challenge Plaintiffs' improperly submitted evidence and will cause the Court to render its preliminary injunction decision on the basis of incomplete and inaccurate information.

## IV.    Conclusion

The Court should deny Plaintiffs' motion to strike and permit consideration of the Bishop Declaration as part of the preliminary injunction record.

Dated: August 19, 2020

ETHAN P. DAVIS
Acting Assistant Attorney General

BILLY J. WILLIAMS
United States Attorney

DAVID M. MORRELL
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

ANDREW I. WARDEN
Senior Trial Counsel

JEFFREY A. HALL
/s/ Jordan L. Von Bokern
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.: (202) 305-7919
Fax: (202) 616-8460

*Attorneys for Defendants*