ETHAN P. DAVIS
Acting Assistant Attorney General
BILLY J. WILLIAMS
United States Attorney
DAVID M. MORRELL
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
JOSHUA E. GARDNER
Special Counsel
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN
Senior Trial Counsel
JEFFREY A. HALL
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 305-7919
Fax:    (202) 616-8460

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| INDEX NEWSPAPERS, LLC, *et al.*, | Case No. 3:20-cv-1035-SI |
| Plaintiffs. | |
| | **FEDERAL DEFENDANTS' RENEWED MOTION TO STAY THE PRELIMINARY INJUNCTION PENDING APPEAL** |
| v. | |
| CITY OF PORTLAND, *et al.*, | |
| Defendants. | |

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to LR 7-1(a), undersigned counsel certifies that he conferred with counsel for Plaintiffs and that they oppose the relief requested.

## INTRODUCTION

At the August 18, 2020, hearing on Plaintiffs' motion for a preliminary injunction (ECF Nos. 133, 134), Federal Defendants orally moved for a stay of any preliminary injunction this Court were to issue. This Court granted a preliminary injunction on August 20 and stated that it "denies the oral motion by the Federal Defendants to stay this preliminary injunction." *Index Newspapers LLC v. City of Portland*, ECF No. 157, 2020 WL 4883017, at *29 (D. Or. Aug. 20, 2020). That oral motion and denial are sufficient to allow Federal Defendants to ask the U.S. Court of Appeals for the Ninth Circuit to stay the preliminary injunction pending appeal, *see* Fed. R. App. P. 8(a)(1), and Federal Defendants intend to seek such a stay on August 25. But to ensure this Court has every opportunity to consider staying its own decision, Federal Defendants now move in writing for a stay of the preliminary injunction, ECF No. 157, pending appeal, pursuant to Federal Rule of Civil Procedure 62. This motion is supported by the following memorandum of law and all previous filings in this action, including but not limited to Federal Defendants' brief in opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 138.

## ARGUMENT

In considering whether to grant a stay pending appeal, the Court must consider four factors: (1) the applicant's likelihood of success on the merits; (2) whether the applicant will suffer irreparable injury; (3) the balance of hardships to other parties interested in the proceeding; and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). All four factors favor a stay here.

FEDERAL DEFENDANTS' MOTION TO STAY PI PENDING APPEAL – 1

I.    **FEDERAL DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS.**

A.    **Plaintiffs lack standing to pursue injunctive relief.**

Because no named Plaintiff showed that he faced "a 'real and immediate threat of repeated injury'" when Federal Defendants were added to this case, Plaintiffs failed their burden to establish standing for injunctive relief. *Updike v. Multnomah Cty.*, 870 F.3d 939, 947 (9th Cir. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983). Plaintiffs' reliance on alleged past instances of First Amendment injury are insufficient to show standing for injunctive relief. *Updike*, 870 F.3d at 947.  And this Court's determination at the TRO stage that Plaintiffs had standing could not conclusively resolve the standing issue for the course of the entire litigation, because the requirements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case," and they must be shown throughout the litigation "with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs failed to establish standing at any stage in this litigation, and this Court's contrary holding at the very earliest stage of this litigation did not bind Federal Defendants to that contested conclusion for the life of the case.

B.    **Plaintiffs' right-of-access claim is contrary to law.**

Plaintiffs' claim that journalists and legal observers have special First Amendment access rights beyond those held by members of the general public violates binding caselaw. *See, e.g.*, *California First Amendment Coal. v. Woodford*, 299 F.3d 868, 874 (9th Cir. 2002) ("As members of the press, plaintiffs' First Amendment right of access to governmental proceedings is coextensive with the general public's right of access."). That means that, even if Federal Defendants require members of the press and legal observers to disperse along with the rest of

the members of the public at a criminal gathering that is threatening federal officers and federal property, that treatment of the press and legal observers cannot give rise to a right-of-access claim unless the general public was equally entitled to ignore the order to disperse. This Court's injunction, which grants special privileges to members of the press and legal observers—such as a right not to comply with a lawful order to disperse—compounds Plaintiffs' legal error.

The Court reasoned that it was not according special rights to the press because the government cannot issue dispersal orders on streets abutting federal property. *Index Newspapers*, 2020 WL 4883017, at *2 n.2. But the Court expressly acknowledged that federal officers have the authority to issue "crowd-dispersal orders for a variety of lawful reasons." *Id.* at *28.[1] And it ordered that members of the press and legal observers "shall not be required to disperse following the issuance of an order to disperse." *Id.* at *27. Accordingly, the preliminary injunction confers special privileges on members of the press and legal observers by exempting them from lawful dispersal orders.

Under *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986) and *Leigh v. Salazar*, 677 F.3d 892 (9th Cir. 2012), Plaintiffs have failed to make out a right-of-access claim. Plaintiffs have not shown that police dispersal of a riot is a "place and process" that has "historically been open to the press and general public," that "public access" to a riot "plays a

---

[1]     Federal officers have undisputed authority to issue dispersal orders on federal property. In addition, Department of Homeland Security officers have authority to carry out their duties "in areas outside the property to the extent necessary to protect the property and persons on the property," 40 U.S.C. § 1315(b)(1), and to "enforce Federal laws and regulations for the protection of persons and property" in such areas, *id.* § 1315(b)(2)(A). The Marshals Service similarly has "final authority regarding security requirements for the judicial branch," including "the security of buildings housing the judiciary." 28 U.S.C. § 566(*i*). These authorities entitle federal officers who have issued dispersal orders on federal property to effectuate those orders off federal property to the extent necessary.

FEDERAL DEFENDANTS' MOTION TO STAY PI PENDING APPEAL – 3

significant positive role in the functioning" of dispersing a riot, or that dispersing a riot is insufficiently "narrowly tailored" in any event. *Id.* at 898.

C.     **Plaintiffs' retaliation claims are legally and factually baseless.**

To make out a claim of First Amendment retaliation, Plaintiffs must show that their First Amendment activity was a "substantial or motivating factor" in Federal Defendants' conduct. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300–01 (9th Cir. 1999). But Plaintiffs provided no evidence showing that Federal Defendants intentionally targeted journalists or legal observers for their First Amendment activity. They had no direct evidence, and their purported circumstantial evidence rested on the erroneous legal argument that law enforcement officers show retaliatory intent by treating purported journalists and legal observers the same as members of the general public when responding to a criminal gathering. And regardless, even if Plaintiffs had shown isolated instances of past retaliation by individual officers, which they failed to do, Plaintiffs provided no evidence, despite voluminous discovery, showing that Federal Defendants had a policy directing or permitting First Amendment retaliation, which is necessary to impose injunctive relief against the Federal Defendants.

II.    **THE REMAINING FACTORS FAVOR A STAY.**

Federal Defendants and the public interest will suffer irreparable harm if the injunction is not stayed. The preliminary injunction issues intrusive, unworkable, and vague instructions to federal law enforcement officers. An officer confronted by rioters, in the dark and in the fog of fear and uncertainty, and making split-second decisions that affect the officer's life as well as the lives of fellow officers and the public, must carefully examine each and every member of a dangerous unlawful gathering to determine whether any of them has a "press badge," "professional equipment," "distinctive clothing," is distant from "protest activities," or has some

FEDERAL DEFENDANTS' MOTION TO STAY PI PENDING APPEAL – 4

other indicia of being a journalist or a legal observer. The record in this case establishes that protesters are identifying as members of the press to avoid law enforcement, and that the special privileges extended to members of the press under the Court's preliminary injunction are impeding federal law enforcement officers' response to dangerous situations. *See, e.g.*, ECF No. 101-2 ¶¶ 10–12; ECF No. 101-4 ¶¶ 5(a)–(d); ECF No. 101-5 ¶ 8(a); ECF No. 101-6 ¶¶ 11–14. Federal officers faced with dangerous crowds are now left with the impossible choice between risking their safety and risking contempt. That inhibiting of legitimate federal law enforcement activities deprives the public of necessary government protection during these dangerous riots, and it puts the public's dedicated servants and necessary infrastructure at serious risk. Rather than maintaining the status quo "pending a determination of the action on the merits," *Boardman v. Pacific Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016), the preliminary injunction endangers law enforcement officers and public safety.

## <u>CONCLUSION</u>

This Court should stay its preliminary injunction pending appeal.

FEDERAL DEFENDANTS' MOTION TO STAY PI PENDING APPEAL – 5

Dated:  August 24, 2020

ETHAN P. DAVIS
Acting Assistant Attorney General

BILLY J. WILLIAMS
United States Attorney

DAVID M. MORRELL
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

ANDREW I. WARDEN
Senior Trial Counsel

JEFFREY A. HALL
/s/ Jordan L. Von Bokern
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 305-7919
Fax:    (202) 616-8460

*Attorneys for Defendants*

FEDERAL DEFENDANTS' MOTION TO STAY PI PENDING APPEAL – 6