# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| INDEX NEWSPAPERS LLC d/b/a PORTLAND MERCURY; DOUG BROWN; BRIAN CONLEY; SAM GEHRKE; MATHIEU LEWIS-ROLLAND; KAT MAHONEY; SERGIO OLMOS; JOHN RUDOFF; ALEX MILAN TRACY; TUCK WOODSTOCK; JUSTIN YAU; and those similarly situated, | Case No. 3:20-cv-1035-SI<br><br>ORDER DENYING FEDERAL DEFENDANTS' RENEWED MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL |
| Plaintiffs, | |
| v. | |
| CITY OF PORTLAND; JOHN DOES 1-60; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. MARSHALS SERVICE, | |
| Defendants. | |

Matthew Borden, J. Noah Hagey, Athul K. Acharya, and Gunnar K. Martz, BRAUNHAGEY & BORDEN LLP, 351 California Street, Tenth Floor, San Francisco, CA 94104; Kelly K. Simon, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON, P.O. Box 40585, Portland, OR 97240. Of Attorneys for Plaintiffs.

Denis M. Vannier and Naomi Sheffield, Senior Deputy City Attorneys; Ryan C. Bailey, Deputy City Attorney; and Youngwoo Joh, Assistant Deputy City Attorney, OFFICE OF THE CITY ATTORNEY, 1221 SW Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendant City of Portland.

PAGE 1 – ORDER DENYING FEDERAL DEFENDANTS' RENEWED MOTION TO STAY

Ethan P. Davis, Acting Assistant Attorney General, Civil Division; Billy J. Williams, United States Attorney for the District of Oregon; David M. Morrell, Deputy Assistant Attorney General, Civil Division; Alexander K. Hass, Director, Federal Programs Branch; Brigham J. Bowen, Assistant Director, Federal Programs Branch; Joshua E. Gardner, Special Counsel, Federal Programs Branch; Andrew I. Warden, Senior Trial Counsel; Jeffrey A. Hall, Jordan L. Von Bokern, and Keri L. Berman, Trial Attorneys; U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION, FEDERAL PROGRAMS BRANCH, 1100 L. Street, NW, Washington, D.C. 20530. Of Attorneys for Defendants U.S. Department of Homeland Security and U.S. Marshals Service.

James L. Buchal, MURPHY & BUCHAL LLP, 3425 SE Yamhill Street, Suite 100, Portland, OR 97214. Of Attorney for *Amicus Curiae* National Police Aassociation.

Duane A. Bosworth, DAVIS WRIGHT TREMAINE LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201; Katie Townsend, Gabe Rottman, and Adam A. Marshall, THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, 1156 15th Street NW, Suite 1020, Washington, D.C. 20005. Of Attorneys for *Amici Curiae* Reporters Committee for Freedom of the Press and 16 News Media Organizations.

**Michael H. Simon, District Judge.**

On August 20, 2020, the Court issued its Opinion and Order Granting Preliminary Injunction Against Federal Defendants. ECF 157. In that Opinion and Order, the Court also denied the oral motion made by the Federal Defendants during the hearing on August 18th to stay any preliminary injunction that the Court might issue. *Id*. at 61 (¶ 10). On August 21st, the Federal Defendants filed their notice of appeal. ECF 158. On August 24th, the Federal Defendants filed a renewed motion to stay. ECF 159. In that motion, the Federal Defendants state that on August 25th they intend to ask the U.S. Court of Appeals for the Ninth Circuit to stay the preliminary injunction pending appeal. *Id*. at 2. For the reasons explained below, the Court denies the Federal Defendants' renewed motion to stay.

A request for a stay pending appeal is committed to the exercise of judicial discretion. *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). A party requesting a stay pending appeal "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In considering whether to exercise

discretion by granting a motion to stay a preliminary injunction pending appeal, a court applies the familiar standard set forth by the Supreme Court in *Nken*, namely: (1) whether the movants-appellants (here, the Federal Defendants) have made a "strong showing" of the likelihood of success on the merits; (2) whether the movants will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies. *Id*. at 426. "The first two factors . . . are the most critical." *Id*. at 434.

As further explained by the Ninth Circuit, *Nken* instructed "that if the petition has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (per curiam) (citing *Nken*, 556 U.S. at 433-34). *Cf. Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) (listing the *Nken* factors and explaining, "We *first consider the government's showing on irreparable harm, then discuss the likelihood of success* on the merits under the sliding scale approach") (emphasis added); *see also Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (same).

Moreover, in the context of a stay request, "simply showing some possibility of irreparable injury" is insufficient. *Nken*, 556 U.S. at 434 (simplified). Rather, at this juncture, a party moving to stay a preliminary injunction has the burden of showing that irreparable injury is likely to occur during the period before the appeal is decided. *Doe #1*, 957 F.3d at 1059.

## A.  Whether the Federal Defendants Will Be Irreparably Injured Absent a Stay

The Federal Defendants argue that the preliminary injunction

> issues intrusive, unworkable, and vague instructions to federal law enforcement officers. An officer confronted by rioters, in the dark and in the fog of fear and uncertainty, and making split-second decisions that affect the officer's life as well as the lives of fellow officers and the public, must carefully examine each and every member of a dangerous unlawful gathering to determine whether any of them has a "press badge," "professional equipment,"

> "distinctive clothing," is distant from "protest activities," or has
> some other indicia of being a journalist or a legal observer.

ECF 159 at 5-6. This assertion by the Federal Defendants, however, is belied by two important

pieces of evidence.

First, an almost identical order has been in place in this case against Defendant City of

Portland (and the Portland Police Bureau) since July 2, 2020, when the Court entered a

temporary restraining order against the City. ECF 33. After Plaintiffs requested a preliminary

injunction, the City, rather than oppose that motion, *stipulated* with Plaintiffs to the entry of a

preliminary injunction (ECF 48), which the Court granted. ECF 49. The City did not contend that

the terms of the stipulated preliminary injunction were intrusive, unworkable, or vague.

Further, after Plaintiffs added the Federal Defendants to this lawsuit and moved for a

temporary restraining order against them, the City filed a memorandum in support of Plaintiffs'

motion for a temporary restraining order against the Federal Defendants. ECF 70. The City

explained:

> Quite simply, the City objects to federal defendants targeting non-
> violent protesters, reporters, and legal observers. The City also
> strongly objects to the continued unlawful presence of heavily
> armed federal officers on Portland streets despite the City's
> repeated requests to the contrary. The actions of federal defendants
> are escalating violence, inflaming tensions in our City, and
> harming Portlanders who seek to engage in non-violent protests in
> support of racial justice. Serious and credible allegations have been
> made that the federal government has effectively kidnapped people
> off Portland streets, among other abuses of power. The force used
> by federal defendants has allegedly also resulted in at least one
> very serious injury to a person shot in the head with an impact
> munition. The City rejects the unlawful actions of federal
> defendants and believes that a temporary restraining order is
> necessary to prevent further abuses.

*Id*. at 2.

Second, in support of their motion for a preliminary injunction against the Federal Defendants, Plaintiffs submitted an expert witness declaration and a reply declaration from Mr. Gil Kerlikowske. ECF 135; ECF 145. The Federal Defendants chose not to cross examine Mr. Kerlikowske, but merely to file their own rebuttal expert declaration (ECF 152), which the Federal Defendants filed after oral argument. *See* ECF 157 at 23 n.4. The Court nevertheless considered all declarations from both witnesses and found Mr. Kerlikowske to be qualified, credible, and persuasive. *Id*. at 23. As noted by the Court, Mr. Kerlikowske is a former Commissioner of U.S. Customs and Border Protection, who was confirmed by the U.S. Senate. Mr. Kerlikowske also served as the Chief of Police in Seattle, Washington from 2000 through 2009, and the Police Commissioner in Buffalo, New York. He has worked in law enforcement for 47 years. *Id*.

As noted by the Court in its Opinion and Order, Mr. Kerlikowske

> opined that the prohibitions contained in the TRO are safe for law enforcement personnel. Defending the federal courthouse in Portland mainly involves establishing a perimeter around the building, and there is no reason to target or disperse journalists from that position. Additionally, to the extent officers leave federal property, the TRO is also safe for federal law enforcement officers, according to Mr. Kerlikowske.
>
> Second, Mr. Kerlikowske stated his expert opinion that the TRO is workable. He states that trained and experienced law enforcement personnel are able to protect public safety without dispersing journalists and legal observers and can differentiate press from protesters, even in the heat of crowd control. He adds that any difficulties that may be faced by federal authorities arise from their lack of training, experience, and leadership with experience in civil disturbances and unrest.

*Id*. at 24.

The Court further noted that Mr. Kerlikowske opined that "based on his review of the record evidence virtually all the injuries suffered by the complaining journalists were the result

of improper use of force, including shooting people who were not engaged in threatening acts and misuse of crowd-control munitions by federal law enforcement personnel." *Id*. Finally, the Court explained that "Mr. Kerlikowske asserts that in his expert opinion a key duty and responsibility of law enforcement is to be properly and easily identifiable specific to the organization and the individual. He notes that if a decision is made to remove a name tag, it must be replaced with some other identifying label, badge, or shield number. Mr. Kerlikowske explains that such markings increase accountability and act as a check and deterrent against misconduct. He adds that camouflage uniforms are inappropriate for urban settings." *Id*. at 25. As previously stated, the Court found "Mr. Kerlikowske to be a well-qualified expert whose opinions are relevant, helpful, and persuasive." *Id*.

Based on (1) the fact that the terms of the preliminary injunction are safe and workable for the Defendant City of Portland and the Portland Police Bureau and (2) the expert opinions of Mr. Kerlikowske, the Court finds that the Federal Defendants have not met their burden of showing that irreparable injury is likely to occur during the period before the appeal is decided. *Doe #1*, 957 F.3d at 1059. At most, the Federal Defendant assert only "some possibility of irreparable injury," which is insufficient. *See Nken*, 556 U.S. at 434.

**B.  Whether the Remaining Factors Support a Stay**

In their renewed motion to stay, the Federal Defendants also argue: (1) that Plaintiffs lack standing to pursue injunctive relief; (2) that Plaintiffs' right-of-access claim is contrary to law; and (3) that Plaintiffs' retaliation claims are legally and factually baseless. The Court sufficiently addressed these issues in its Opinion and Order Granting Preliminary Injunction. *See* ECF 157 at 28-30 (discussing standing); at 41-47 (discussing right of access); and at 33-41 (discussing First Amendment retaliation). As previously noted by the Court, Plaintiffs' right-of-access claim involves important issues under the First Amendment, following the Ninth Circuit's decision in

*Leigh v. Salazar*, 677 F.3d 892, 897 (9th Cir. 2012). *See also* ECF 157 at 1-7 (noting certain unresolved questions under the First Amendment). Plaintiffs' First Amendment retaliation claim, however, is straight-forward, fact-intensive, and well-supported, at least at this stage of the litigation. *See* ECF 157 at 33-41. The Court also notes that for purposes of the Court's consideration of Plaintiffs' motion for preliminary injunction against the Federal Defendants, Plaintiffs and the Federal Defendants stipulated that there was no need for an evidentiary hearing or cross-examination and that the Court could base its factual findings and conclusions of law on the written record and oral argument of counsel. *See id.* at 7. The Court did precisely that.

For the reasons stated above, the Court DENIES the Federal Defendants' Renewed Motion to Stay Preliminary Injunction Pending Appeal (ECF 159).

**IT IS SO ORDERED**.

DATED this 25th day of August, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge