**Matthew Borden**, admitted *pro hac vice*
borden@braunhagey.com
**J. Noah Hagey**, admitted *pro hac vice*
hagey@braunhagey.com
**Athul K. Acharya**, OSB No. 152436
acharya@braunhagey.com
**Gunnar K. Martz**, admitted *pro hac vice*
martz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210

**Kelly K. Simon**, OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
Telephone: (503) 227-6928

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **SAM GEHRKE**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>**CITY OF PORTLAND**, a municipal corporation; **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert; **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **U.S. MARSHALS SERVICE**,<br><br>      Defendants. | Case No. 3:20-cv-1035-SI<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MARKING FEDERAL DEFENDANTS' UNIFORMS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST FEDERAL DEFENDANTS** |

PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MARKING IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST FEDERAL DEFENDANTS

Plaintiffs respectfully submit this supplemental brief regarding marking the federal agents' uniforms as the Court has ordered. (Dkt. 157 at 60.)

## INTRODUCTION

On August 20, 2020, the Court ordered that "the Federal Defendants shall promptly confer regarding how the Federal Defendants can place unique identifying markings (using numbers and/or letters) on the uniforms and/or helmets of the officers and agents of the Federal Defendants who are specially deployed to Portland so that they can be identified at a reasonable distance and without unreasonably interfering with the needs of these personnel." (Dkt. 157 at 60.) The Court issued such relief to remedy the federal agents' retaliation against journalists and legal observers and to deter future misconduct by making it easy to identify any officers who were engaging in wrongdoing and hold them accountable. (PI Tr. 62:10-20 (Aug. 18, 2020).)

The same day the Court issued its injunction, Plaintiffs sought to meet and confer with the federal agents regarding marking. But the federal agents indicated that they needed to discuss matters internally. At the same time, the government's appellate team sought a stay in the Ninth Circuit. When the Ninth Circuit declined to stay the meet-and-confer requirement, the federal agents waited until the last minute to get back to Plaintiffs. And when they did, all they offered were excuses for why they did not want to comply with the Court's Order, and attempted to re-argue their objections to relief that the Court already granted.

Because the federal agents have not provided Plaintiffs with any proposals that would place identifying markings where they achieve the Court's purpose in ordering such relief (i.e., prominently displayed on the **front** of each agent so that they can be readily identified by the people with whom they are engaging), Plaintiffs (1) explain why the federal agents' objections remain unfounded; and (2) offer, for each uniform and equipment configuration the federal agents have submitted to the Court, one or more areas where markings might be placed to uniquely identify the federal agent depicted.

I.    **THE FEDERAL AGENTS FAILED TO MEET AND CONFER AND THEIR OBJECTIONS REMAIN UNFOUNDED**

On August 20, 2020, the day the Court issued its injunction, Plaintiffs reached out to counsel for the federal agents to meet and confer regarding compliance with the marking portion of the Court's order. (Declaration of Athul Acharya ("Acharya Decl."), Ex. 1.) The following day, the federal agents responded that they needed to confer with their clients before they could meaningfully meet and confer. (*Id.*) Plaintiffs did not receive further response until August 28, on which date counsel for the federal agents *still* did not have any proposal, but asked Plaintiffs to "please send us your ideas for the placement of unique identifying markings, so that we can discuss them with our clients in preparation for the mandated conference." (Acharya Decl., Ex. 2.) Plaintiffs provided a proposal on August 30. (*Id.*; Dkt. 142 at 25.)

Plaintiffs did not hear from the federal agents again until September 3, the day the parties' proposals were due. At that time, the federal agents still did not have a proposal for identification. Instead, the federal agents simply "renew[ed their] proposal that the court not modify the PI, or at least that the court defer to the unique identifiers DHS already has available for its officers." (Acharya Decl., Ex. 3.)

During today's meet and confer, the federal agents expressed the same concerns that they had previously expressed, and which the Court has rejected, regarding access to operational gear. These purported concerns are addressed below: Each of Plaintiffs' proposals depicts a location in which a unique identifier would not obstruct access to operational gear. Several depict locations in which large, nonunique identifiers such as "POLICE" are already displayed. (*E.g.*, Dkt. 138-7, Ex. 1-4; Dkt. 138-3, Ex. 1.)

The federal agents also expressed two new concerns. First, they observed that some paint options may degrade uniforms or increase flammability. Second, they requested that any identification scheme permit period cycling of unique identifiers to avoid retaliation and force counting. Both concerns can be addressed using the scheme the federal agents already use to affix non-unique markings to themselves: Velcro. (*See* Dkt. 138-4 ¶ 6.) Several of the images the federal agents have submitted show large patches attached to the federal agents' uniforms in this

manner. (*E.g.*, Dkt. 138-5 at 3; Dkt. 138-3, Exs. 1, 4, 5, 8, 12, 18; Dkt. 138-7, Exs. 1-4.) Indeed, much of the required marking could be accomplished simply by replacing non-unique Velcro patches with unique ones. The remaining marking could be accomplished by sewing on Velcro patches in much the manner already present on the federal agents' uniforms.

## II.    EACH UNIFORM THE FEDERAL AGENTS HAVE SUBMITTED HAS MULTIPLE AREAS ON WHICH AN OFFICER CAN BE MARKED

Each uniform and equipment configuration the federal agents have submitted to the Court[1] has at least one, and usually several areas, on both the front and back of their uniforms, where large unique identifiers could be placed without interfering with access to their equipment or other functionality:



(*Cf.* Dkt. 138-5 at 2.)

---

[1] The federal agents have not supplied Plaintiffs with any additional images of uniform and equipment configurations.

PAGE 3 -   PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MARKING ISO MOTION FOR
          PRELIMINARY INJUNCTION AGAINST FEDERAL DEFENDANTS



(*Cf. id.* at 3.) There may be areas on the thighs of this uniform that are also usable areas to display numbering.



(*Cf. id.*)



(*Cf.* Dkt. 138-3, Ex. 1.)

PAGE 5 -   PLAINTIFFS' SUPPLEMENTAL BRIEF RE: MARKING ISO MOTION FOR
PRELIMINARY INJUNCTION AGAINST FEDERAL DEFENDANTS



(*Cf. id.*, Exs. 2-3.)



(*Cf. id.*, Ex. 4.)



(*Cf. id.*, Exs. 5, 8.)



(*Cf. id.*, Ex. 6.)



(*Cf. id.*, Ex. 7.)



(*Cf. id.*, Ex. 9.)



(*Cf. id.*, Exs. 10-11, 16-17.)



(*Cf. id.*, Ex. 12, 18.)



(*Cf.* Dkt. 138-7, Ex. 1.)



(*Cf. id.*, Exs. 2-3.)



(*Cf. id.*, Ex. 4.)

## **CONCLUSION**

  For the foregoing reasons, Plaintiffs respectfully request that the Court order the federal

agents to modify their uniforms to include unique modifiers as indicated above.


Dated: September 3, 2020      Respectfully Submitted,


             By: /s/ Matthew Borden_____

Matthew Borden, *pro hac vice*
J. Noah Hagey, *pro hac vice*
Athul K. Acharya, OSB No. 152436
Gunnar K. Martz, *pro hac vice*
BRAUNHAGEY & BORDEN LLP


Kelly K. Simon, OSB No. 154213
ACLU FOUNDATION OF OREGON

*Attorneys for Plaintiffs*