NAOMI SHEFFIELD, OSB #170601
Deputy City Attorney
naomi.sheffield@portlandoregon.gov
DENIS M. VANNIER, OSB #044406
Senior Deputy City Attorney
denis.vannier@portlandoregon.gov
RYAN C. BAILEY, OSB #130788
Deputy City Attorney
ryan.bailey@portlandoregon.gov
YOUNGWOO JOH, OSB #164105
Assistant Deputy City Attorney
youngwoo.joh@portlandoregon.gov
Office of City Attorney
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC,** a Washington limited-liability company, dba **PORTLAND MERCURY; DOUG BROWN; BRIAN CONLEY; SAM GEHRKE; MATHIEU LEWIS-ROLLAND; KAT MAHONEY; SERGIO OLMOS; JOHN RUDOFF; ALEX MILAN TRACY; TUCK WOODSTOCK; JUSTIN YAU;**  and those similarly situated, | **3:20-cv-1035-SI** |
| Plaintiffs**,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT** |
| **CITY OF PORTLAND,** a municipal corporation; **JOHN DOES 1-60,** officers of Portland Police Bureau and other agencies working in concert; **U.S. DEPARTMENT OF HOMELAND SECURITY;** and **U.S. MARSHALS SERVICE,** | |
| Defendants. | |

Page  1  –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

For its answer to plaintiff's Second Amended Complaint, defendant City of Portland ("the City") responds to plaintiff's allegations in correspondingly numbered paragraphs as follows:

## INTRODUCTION

1.    The City denies the allegations in Paragraph 1 of the Second Amended Complaint.

2.    The City admits that Plaintiff Portland Mercury is a newspaper. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 pertaining to the identity and job functions of the remaining Plaintiffs and therefore denies the same. The City further denies the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3.    The City denies the allegations in Paragraph 3 of the Second Amended Complaint.

4.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Second Amended Complaint and therefore denies the same.

5.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Second Amended Complaint and therefore denies the same.

6.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Second Amended Complaint and therefore denies the same.

7.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Second Amended Complaint and therefore denies the same.

8.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Second Amended Complaint and therefore denies the same.

9.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Page 2 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

Paragraph 9 of the Second Amended Complaint and therefore denies the same.

10.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Second Amended Complaint and therefore denies the same.

11.    The City denies the allegations in Paragraph 11 of the Second Amended Complaint.

12.    The City denies the allegations in Paragraph 12 of the Second Amended Complaint.

13.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Second Amended Complaint and therefore denies the same.

14.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Second Amended Complaint and therefore denies the same.

15.    The City denies the allegations in Paragraph 15 of the Second Amended Complaint.

16.    The allegations in Paragraph 16 of the Second Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 and therefore denies the same.

17.    The City admits that some journalists have stated that they were targeted by law enforcement. The City also admits that some people have petitioned Mayor Wheeler to "ensure that the Portland Police Bureau ceases intimidating and assaulting reporters."

18.    The City denies the allegations in Paragraph 18 of the Second Amended Complaint.

19.    The City admits the allegations in Paragraph 19 of the Second Amended Complaint.

20.    The City admits that Plaintiffs seek monetary damages and prospective relief. Except as expressly admitted, the City denies the allegations in Paragraph 20 of the Second Amended Complaint.

Page 3 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

**PARTIES**

21.  The City admits the allegations in Paragraph 21 of the Second Amended Complaint.

22.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Second Amended Complaint and therefore denies the same.

23.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Second Amended Complaint and therefore denies the same.

24.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Second Amended Complaint and therefore denies the same.

25.  The City admits that Plaintiff Mahoney is an attorney at law licensed with the Oregon State Bar. The City lacks sufficient knowledge and information to admit or deny the balance of the allegations in Paragraph 25 and therefore denies the same.

26.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Second Amended Complaint and therefore denies the same.

27.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Second Amended Complaint and therefore denies the same.

28.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Second Amended Complaint and therefore denies the same.

29.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Second Amended Complaint and therefore denies the same.

30.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Second Amended Complaint and therefore denies the same.

31.  The City admits the allegations in Paragraph 31 of the Second Amended Complaint.

32.  The City lacks sufficient knowledge or information to admit or deny the allegations in

Page 4 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

Paragraph 32 of the Second Amended Complaint and therefore denies the same.

33.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 33 of the Second Amended Complaint and therefore denies the same.

34.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 34 of the Second Amended Complaint and therefore denies the same.

35.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 35 of the Second Amended Complaint and therefore denies the same.

36.    The City admits the allegations in Paragraph 36 of the Second Amended Complaint.

37.    The City admits the allegations in Paragraph 37 of the Second Amended Complaint.

38.    The City admits the allegations in Paragraph 38 of the Second Amended Complaint.

39.    The City admits the allegations in Paragraph 39 of the Second Amended Complaint.

## JURISDICTION AND VENUE

40.    The allegations contained in Paragraph 40 set forth legal theories, conclusions, or

arguments, therefore no response is required.  To the extent an answer is required, the

City denies any the allegations in Paragraph 40 of the Second Amended Complaint.

41.    The City admits the allegations in Paragraph 41 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

42.    The City admits the allegations in Paragraph 42 of the Second Amended Complaint.

43.    The City admits that, on May 25, 2020, police in Minneapolis, Minnesota, caused the

death of George Floyd. The City also admits that Quanice Hayes, Terrell Johnson,

Keaton Otis, Aaron Campbell, Patrick Kimmons, Darris Johnson, and Kendra James died

following encounters with PPB officers. The City lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 43 of the Second

Page 5 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED
COMPLAINT

Amended Complaint and therefore denies the same.

44.    The City admits the allegations in Paragraph 44 of the Second Amended Complaint.

45.    The City admits that, over the course of several weeks, crowds of people have gathered almost nightly to protest the death of George Floyd and in support of the Blacks Lives Matter movement. The City further admits that these gatherings have continued up to the time of this Answer.

46.    The City admits that the Justice Center in downtown Portland has been a focal point for protesters. The City further admits that the Justice Center houses the Portland Police's central precinct (including offices for command staff), several county courtrooms, and a county jail. The City further admits that Black people are overrepresented in the criminal-justice system compared to their proportion in the local population. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 46 of the Second Amended Complaint and therefore denies the same.

47.    The City denies the allegations in Paragraph 47 of the Second Amended Complaint.

48.    The City admits that some PPB members have deployed impact munitions from a 40mm launchers, including foam or sponge-tipped impact projectiles and marking rounds that contain paint or powder. 40mm sponge-tipped and marking rounds are designed to cause pain compliance  to individuals engaged in active aggression pursuant to PPB Directive 1010.00. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 48 of the Second Amended Complaint and therefore denies the same.

49.    The City admits that it has deployed 2-chlorobenzalmalononitrile "CS gas," Oleoresin Capsicum Pyrotechnic "OC pyrotechnic," and "OC vapor" (collectively, "tear gas") on

Page 6 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

multiple nights since protests began on May 29, 2020. The City also admits that exposure to tear gas typically includes symptoms of excessive tearing, running nose, burning in the mouse and nose, irritation, chest tightness, coughing, choking sensation, noisy breathing, and shortness of breath. The City further admits that in some cases exposure to tear gas can have significant health impacts, but that in most cases the effects are short-lived once an individual has been removed from exposure. Except as otherwise admitted, the City denies the allegations in Paragraph 49 of the Second Amended Complaint.

50.     The City admits that Mayor Wheeler, the commissioner of the Portland Police Bureau, imposed certain limitations on the use of CS gas by PPB officers on June 6, 2020, directing PPB that "gas should not be used unless there is a serious and immediate threat to life safety, and there is no other viable alternative for dispersal." The City further admits that on June 9, 2020, Judge Hernandez issued a temporary restraining order relating to PPB's use of tear gas, and the language of that Order speaks for itself. *Don't Shoot Portland, et al. v. City of Portland*, No. 3:20-cv-917-HZ (June 9, 2020), Dkt. 29. Except as otherwise admitted, the City denies the allegations in Paragraph 50 of the Second Amended Complaint.

51.     The City denies the allegations in Paragraph 51 of the Second Amended Complaint.

52.     The City admit that, in 2010, the City invited the United States Department of Justice ("DOJ") to investigate its Bureau of Police and make recommendations for improvements in its policies and procedures. DOJ conducted a lengthy review of police use of force in Portland and issued a findings letter in 2012, asserting that the Police Bureau had a pattern or practice of unconstitutionally using excessive force on people who either were, or were perceived to be, mentally ill or in mental health crisis. The City

Page  7  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

denied, and continues to deny, that any such pattern or practice existed or exists. The City nevertheless embarked on extended negotiations with DOJ to agree on improvements that the City could implement to improve the interactions between the police and people with mental illness or in mental health crisis, to enhance transparency, and further trust and legitimacy with the community. The City admits that on December 17, 2012, the City and United States entered into a settlement agreement, wherein the City agreed to make changes to its police policies, practices and training, and to enhance public oversight, transparency and accountability for incidents involving use of force by Portland Police. The City and the United States further agreed that DOJ could file, and then conditionally dismiss, a federal court action to ensure that the district court would have jurisdiction to enforce the parties' settlement agreement, should that prove necessary. Except as otherwise admitted, the City denies the allegations in Paragraph 52 of the Second Amended Complaint.

53.    The City admits the allegations in Paragraph 53 of the Second Amended Complaint.

54.    The City admits that police response to the protests has been the subject of national attention. The City further admits that the articles referenced in paragraph 54 of the Second Amended Complaint appear to have been written. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 of the Second Amended Complaint and therefore denies the same.

55.    The City denies the allegations in Paragraph 55 of the Second Amended Complaint.

56.    The City denies the allegations in Paragraph 56 of the Second Amended Complaint.

57.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Second Amended Complaint and therefore denies the same.

Page  8  –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

58.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Second Amended Complaint and therefore denies the same.

59.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Second Amended Complaint and therefore denies the same.

60.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Second Amended Complaint and therefore denies the same.

61.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 of the Second Amended Complaint and therefore denies the same.

62.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Second Amended Complaint and therefore denies the same.

63.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63 of the Second Amended Complaint and therefore denies the same.

64.    The City admits that Mr. Yau was arrested on July 1, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of the Second Amended Complaint and therefore denies the same.

65.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Second Amended Complaint and therefore denies the same.

66.    The City admits that this Court issued a TRO on July 2, 2020. The City admits that the language of the TRO speaks for itself. The City admits that Plaintiff Yau picked up property held by the property evidence division on July 6, 2020. Except as otherwise admitted, the City denies the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Page 9 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

Paragraph 67 of the Second Amended Complaint and therefore denies the same.

68.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Second Amended Complaint and therefore denies the same.

69.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Second Amended Complaint and therefore denies the same.

70.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Second Amended Complaint and therefore denies the same.

71.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Second Amended Complaint and therefore denies the same.

72.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Second Amended Complaint and therefore denies the same.

73.     Paragraph 73 of the Second Amended Complaint does not contain any allegations against the City, therefore no response is required. To the extent that a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73, and therefore denies them.

74.     The City denies the allegations in Paragraph 74 of the Second Amended Complaint.

75.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Second Amended Complaint and therefore denies the same.

76.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Second Amended Complaint and therefore denies the same.

77.     The City denies that PPB began to "use a new form of tear gas" on June 2, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 77 of the Second Amended Complaint and therefore denies the same.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

78.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Second Amended Complaint and therefore denies the same.

79.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Second Amended Complaint and therefore denies the same.

80.    The City denies that PPB used tear gas of a different formulation or a stronger concentration on June 2, 2020. The City further denies that PPB used tear gas in a "killbox" maneuver. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 80 of the Second Amended Complaint and therefore denies the same.

81.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Second Amended Complaint and therefore denies the same.

82.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Second Amended Complaint and therefore denies the same.

83.    The City admits that an individual who was partially dressed entered into the area around the Justice Center that was fenced off on the night of June 10, 2020. The City denies that any PPB officers deployed impact munitions at the individual who was partially dressed inside the fence. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 83 of the Second Amended Complaint and therefore denies the same.

84.    The City denies that PPB officers deployed impact munitions at the individual who had entered the fenced area partially dressed on June 10, 2020. The City denies that any use of impact munitions was an attempt to minimize video evidence of the incident. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in

Page 11 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

Paragraph 84 of the Second Amended Complaint and therefore denies the same.

85.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Second Amended Complaint and therefore denies the same.

86.    The City denies the allegations set forth in Paragraph 86 of the Second Amended Complaint.

87.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Second Amended Complaint and therefore denies the same.

88.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Second Amended Complaint and therefore denies the same.

89.    The City denies that PPB declared an unlawful assembly on June 29, 2020 near N Lombard Street and N Denver Avenue.[1] The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 89 of the Second Amended Complaint and therefore denies the same.

90.    The City denies the allegations in Paragraph 90 of the Second Amended Complaint.

91.    The City denies the allegations in Paragraph 91 of the Second Amended Complaint.

92.    The City denies the allegations in Paragraph 92 of the Second Amended Complaint.

93.    The City denies the allegations in Paragraph 93 of the Second Amended Complaint.

94.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Second Amended Complaint and therefore denies the same.

95.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 95 of the Second Amended Complaint and therefore denies the same.

---

[1] Plaintiffs' complaint refers to the day after they filed this action. The original complaint was filed on June 28, 2020.

Page  12  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

96.     The City denies that PPB officers beat Plaintiff Brown with bats. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 96 of the Second Amended Complaint and therefore denies the same.

97.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 97of the Second Amended Complaint and therefore denies the same.

98.     The City admits that at approximately 12:30 a.m. on June 13, 2020, PPB declared a civil disturbance due to criminal activity. PPB directed individuals to leave the area from Naito Parkway 13th Street and from SW Lincoln Street to NW Everett Street. The area covered by this closure speaks for itself. Except as otherwise admitted, the City denies the allegations set forth in Paragraph 98 of the Second Amended Complaint.

99.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 99 of the Second Amended Complaint and therefore denies the same.

100.    The City admits that certain PPB officer deployed rubber ball distraction devices on the night of June 12, 2020 into the morning of June 13, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 100 of the Second Amended Complaint and therefore denies the same

101.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 101 of the Second Amended Complaint and therefore denies the same.

102.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 102 of the Second Amended Complaint and therefore denies the same.

103.    The City denies the allegations in Paragraph 103 of the Second Amended Complaint.

104.    The City lacks sufficient knowledge or information to admit or deny whether Mr. Brown continued to observe and record or whether the photograph depicts what Plaintiffs'

Page 13 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

contend it depicts and therefore denies the same. The City denies the remaining allegations in Paragraph 104 of the Second Amended Complaint.

105.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 105 of the Second Amended Complaint and therefore denies the same.

106.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 of the Second Amended Complaint and therefore denies the same.

107.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Second Amended Complaint and therefore denies the same.

108.   The City denies that PPB sought to prevent Mr. Brown from recording and reporting on their actions. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 108 of the Second Amended Complaint and therefore denies the same.

109.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 109 of the Second Amended Complaint and therefore denies the same.

110.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 110 of the Second Amended Complaint and therefore denies the same.

111.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 111 of the Second Amended Complaint and therefore denies the same.

112.   The City admits that at approximately 9:30 p.m. on June 14, 2020, PPB declared an unlawful assembly and civil disturbance and ordered the crowd in downtown Portland to disperse. The City admits that at approximately 9:30 p.m. on June 14, 2020, PPB declared an unlawful assembly and civil disturbance and ordered the crowd in downtown Portland to disperse. The PPB sound truck directed individuals from Naito Parkway to

Page 14 – DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

10th Avenue and SW Lincoln to W Harvey Milk Street to leave the area. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 112 of the Second Amended Complaint and therefore denies the same.

113.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 113 of the Second Amended Complaint and therefore denies the same.

114.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 114 of the Second Amended Complaint and therefore denies the same.

115.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 115 of the Second Amended Complaint and therefore denies the same.

116.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116 of the Second Amended Complaint and therefore denies the same.

117.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 117 of the Second Amended Complaint and therefore denies the same.

118.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118 of the Second Amended Complaint and therefore denies the same.

119.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 of the Second Amended Complaint and therefore denies the same.

120.    The City admits that Plaintiff Olmos is a freelance journalist who has covered the ongoing Portland protests. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 120 of the Second Amended Complaint and therefore denies the same.

121.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 121 of the Second Amended Complaint and therefore denies the same.

Page  15 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

122.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 122 of the Second Amended Complaint and therefore denies the same.

123.    The City denies that any force used on Mr. Olmos was "because he was recording them." The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 123 of the Second Amended Complaint and therefore denies the same.

124.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 124 of the Second Amended Complaint and therefore denies the same.

125.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 125 of the Second Amended Complaint and therefore denies the same.

126.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126 of the Second Amended Complaint and therefore denies the same.

127.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 127 of the Second Amended Complaint and therefore denies the same.

128.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 128 of the Second Amended Complaint and therefore denies the same.

129.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 129 of the Second Amended Complaint and therefore denies the same.

130.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 130 of the Second Amended Complaint and therefore denies the same.

131.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 131 of the Second Amended Complaint and therefore denies the same.

132.    The City admits that PPB officers deployed rubber ball distraction devices on the night of

Page 16 – DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

June 15, 2020 into the morning of June 16, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 132 of the Second Amended Complaint and therefore denies the same.

133.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 133 of the Second Amended Complaint and therefore denies the same.

134.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 134 of the Second Amended Complaint and therefore denies the same.

135.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 135 of the Second Amended Complaint and therefore denies the same.

136.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 136 of the Second Amended Complaint and therefore denies the same.

137.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 137 of the Second Amended Complaint and therefore denies the same.

138.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 138 of the Second Amended Complaint and therefore denies the same.

139.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 139 of the Second Amended Complaint and therefore denies the same.

140.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 140 of the Second Amended Complaint and therefore denies the same.

141.    The City denies that PPB officers have utilized pepper balls during the protests that began on May 29, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 141 of the Second Amended Complaint and therefore denies the same.

Page 17 – DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

142.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 142 of the Second Amended Complaint and therefore denies the same.

143.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 143 of the Second Amended Complaint and therefore denies the same.

144.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 144 of the Second Amended Complaint and therefore denies the same.

145.    The City admits that PPB issued dispersal orders on June 30, 2020 beginning at approximately 9:05 p.m. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 145 of the Second Amended Complaint and therefore denies the same.

146.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 146 of the Second Amended Complaint and therefore denies the same.

147.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 147 of the Second Amended Complaint and therefore denies the same.

148.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 148 of the Second Amended Complaint and therefore denies the same.

149.    The City denies the allegations in paragraph 149 of the Second Amended Complaint.

150.    The City admits that some journalists and legal observers have likely been exposed to tear gas during the protests since May 29, 2020, but denies targeting any individual engaged in lawful activity. The City admits that some journalists and legal observers have likely been exposed to tear gas during the protests since May 29, 2020 but denies targeting any individual engaged in lawful activity. Except as expressly admitted, the City denies the remaining allegations in Paragraph 150 of the Second Amended

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Complaint.

151.    The City denies the allegations in Paragraph 151 of the Second Amended Complaint.

152.    The City lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 152 of the Second Amended Complaint and therefore denies the same.

153.    The City lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 153 of the Second Amended Complaint and therefore denies the same.

154.    The City denies the allegations in paragraph 154 of the Second Amended Complaint.

155.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 155 of the Second Amended Complaint and therefore denies the same.

156.    The City denies the allegations in Paragraph 156 of the Second Amended Complaint.

157.    The City denies the allegations in Paragraph 157 of the Second Amended Complaint.

158.    The City denies the allegation in Paragraph 158 of the Second Amended Complaint that police physically assaulted KBOO reporter Cory Elia because he was recording them. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 158 of the Second Amended Complaint and therefore denies the same.

159.    The City denies it intentionally prevented press from recording. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 159 of the Second Amended Complaint and therefore denies the same.

160.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 160 of the Second Amended Complaint and therefore denies the same.

161.    The City denies the allegations in Paragraph 161 of the Second Amended Complaint.

162.    The City denies the allegations in paragraph 162 of the Second Amended Complaint.

Page 19 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

163.    The City denies the allegations in paragraph 163 of the Second Amended Complaint that police swarmed a crowd from behind, physically assaulted people or beat people at random. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 163 of the Second Amended Complaint and therefore denies the same.

164.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 164 of the Second Amended Complaint and therefore denies the same.

165.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 165 of the Second Amended Complaint and therefore denies the same.

166.    The City denies the allegations in Paragraph 166 of the Second Amended Complaint that police violently arrested an individual and prevented anyone from lawfully recording or reporting on any arrest. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 166 of the Second Amended Complaint and therefore denies the same.

167.    The City denies the allegations in Paragraph 167 of the Second Amended Complaint.

168.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the Second Amended Complaint and therefore denies the same.

169.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 169 of the Second Amended Complaint and therefore denies the same.

170.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Second Amended Complaint and therefore denies the same.

171.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 171 of the Second Amended Complaint and therefore denies the same.

Page  20  –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

172.    The City denies the allegations in paragraph 172 of the Second Amended Complaint.

173.    The City admits that it is the law that lawful dispersal orders arising from an unlawful assembly, civil disturbance, or riot apply to all persons in a particular area, and PPB shared this information via Twitter on June 14, 2020. Except as expressly admitted, City denies the remaining allegations in Paragraph 173 of the Second Amended Complaint.

174.    The City admits that Lt. Jones spoke about interactions with police and journalists during dispersals in a post on PPB's twitter account on June 14, 2020. The content of that twitter post speaks for itself. The City lacks sufficient knowledge or information to admit or deny the specific experiences of plaintiffs during a particular dispersal. Except as otherwise admitted, the City denies the allegations in Paragraph 174 of the Second Amended Complaint.

175.    The City denies the allegations in Paragraph 175 of the Second Amended Complaint.

176.    The City denies the allegations in Paragraph 176 of the Second Amended Complaint.

177.    The City denies the allegations in Paragraph 177 of the Second Amended Complaint and expressly denies it has conducted or been a part of any "campaign of intimidation and fear."

178.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 178 of the Second Amended Complaint and therefore denies the same.

179.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 179 of the Second Amended Complaint and therefore denies the same.

180.    The City denies the allegations in Paragraph 180 of the Second Amended Complaint.

181.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 181 of the Second Amended Complaint and therefore denies the same.

Page 21 – DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

182.     The City denies the allegations in Paragraph 182 of the Second Amended Complaint.

183.     The City denies the allegations in Paragraph 183 of the Second Amended Complaint.

184.     The City denies the allegations in Paragraph 184 of the Second Amended Complaint.

185.     The City lacks sufficient knowledge or information to admit or deny whether plaintiffs
fear for their safety and therefore denies these allegations. The City denies the remaining
allegations in Paragraph 185 of the Second Amended Complaint.

186.     The City admits that at times it has communicated and coordinated its activities with
Federal Defendants for legitimate law enforcement and safety reasons. The City Admits
that on or about July 12, 2020, Portland Police Officers were involved in disbursing
individuals engaged in unlawful activity near the Justice Center. Except as expressly
admitted, the City denies the remaining allegations in Paragraph 186 to the extent the
allegations are directed toward the City. To the extent the allegations are directed toward
Federal Defendants, no response is required.

187.     The City lacks sufficient knowledge or information to admit or deny what plaintiffs' want
to continue doing or whether plaintiffs are fearful and therefore denies these allegations.
The City denies the remaining allegations in Paragraph 187 of the Second Amended
Complaint.

188.     The City lacks sufficient knowledge or information to admit or deny the allegations in
Paragraph 188 of the Second Amended Complaint and therefore denies the same.

189.     The City admits that Mayor Wheeler's tweets, which are not accurately recited in full in
Paragraph 189 of the Second Amended Complaint, speak for themselves. Except as
expressly admitted herein, the City denies the allegations in Paragraph 189.

Page 22 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED
COMPLAINT

## CLASS ALLEGATIONS

190.     The City admits that Plaintiffs purport to bring this action pursuant to Rules 23(a) and

23(b)(1)-(3) of the Federal Rules of Civil Procedure; however, the City denies this case is

appropriate for Class Action status under those rules. The City further denies that

Plaintiff's defined Class is legally sufficient or appropriate for this action. The City

denies the remaining allegations in Paragraph 190.

191.     The City denies the allegations in Paragraph 191 of the Second Amended Complaint.

192.     The City denies the allegations in Paragraph 192 of the Second Amended Complaint.

193.     The City denies the allegations in Paragraph 193 of the Second Amended Complaint.

194.     The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 194 of the Second Amended Complaint and therefore denies the same.

195.     The City denies the allegations in Paragraph 195 of the Second Amended Complaint.

196.     The City denies the allegations in Paragraph 196 of the Second Amended Complaint.

197.     The City denies the allegations in Paragraph 197 of the Second Amended Complaint.

198.     The City denies the allegations in Paragraph 198 of the Second Amended Complaint.

199.     The City denies the allegations in Paragraph 198 of the Second Amended Complaint.

## CAUSES OF ACTION

200.     The allegations in Paragraph 200 of the Second Amended Complaint are not directed to

the City and therefore no response is required. To the extent any response is required, the

City denies that it has violated Plaintiffs' or Plaintiff Class' constitutional rights in any

way. *Leigh v. Salazar*, 677 F.3d 892 (9th Cir. 2012) speaks for itself.

Page 23 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED
            COMPLAINT

**First Cause of Action**

**(Violation of the First Amendment)**

201.    The City incorporates its responses to paragraphs 1 through 200 as if fully set forth here. The City incorporates its responses to paragraphs 1 through 200 as if fully set forth here.

202.    The City denies that it retaliated against Plaintiffs or Plaintiff Class for engaging in any constitutionally protected activity. The City further denies that it has targeted journalists or legal observers for arrests, threats of arrests, or use of force. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 202 and therefore denies the same. To the extent the allegations are directed toward Federal Defendants, no response is required.

203.    The City denies the allegations in Paragraph 203 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

204.    The City denies the allegations in Paragraph 204 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

205.    The City denies the allegations in Paragraph 205 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

206.    The City denies the allegations in Paragraph 206 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

207.    The City denies the allegations in Paragraph 207 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

208.    The City denies the allegations in Paragraph 208 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

209.    The City denies the allegations in Paragraph 209 of the Second Amended Complaint. To

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

the extent the allegations are directed toward Federal Defendants, no response is required.

210.    The City denies the allegations in Paragraph 210 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

## Second Cause of Action

### (Violation of the Fourth Amendment)

211.    The City incorporates its responses to paragraphs 1 through 210 as if fully set forth here. The City incorporates its responses to paragraphs 1 through 210 as if fully set forth here.

212.    The City denies the allegations in paragraph 212 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

213.    The City denies the allegations in Paragraph 213 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

214.    The City denies the allegations in Paragraph 214 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

215.    The City denies the allegations in Paragraph 215 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

216.    The City denies the allegations in Paragraph 216 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

217.    The City denies the allegations in Paragraph 217 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

218.    The City denies the allegations in Paragraph 218 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

219.    The City denies the allegations in Paragraph 219 of the Second Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**Third Cause of Action**

**(Violation of the Oregon Constitution, Art. I, §§ 8, 26)**

220.    The City incorporates its responses to paragraphs 1 through 219 of the Second Amended Complaint as if fully set forth here. The City incorporates its responses to paragraphs 1 through 219 of the Second Amended Complaint as if fully set forth here.

221.    The allegations in Paragraph 221 of the Second Amended Complaint are not directed to the City and therefore no response is required. To the extent any response is required, the Oregon Constitution, including but not limited to Article I, §8 and Article I, §26 speaks for itself.

222.    The allegations in Paragraph 222 of the Second Amended Complaint are not directed to the City and therefore no response is required. To the extent any response is required, the Oregon Constitution, Art. I, § 8 and the numerous court opinions discussing it speak for themselves.

223.    The City denies that it retaliated against Plaintiffs or Plaintiff Class for engaging in any constitutionally protected activity. The City further denies that it has targeted journalists or legal observers for arrests, threats of arrests, or use of force. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 223 and therefore denies the same.

224.    The City denies the allegations in Paragraph 224 of the Second Amended Complaint.

225.    The City denies the allegations in Paragraph 225 of the Second Amended Complaint.

226.    The City denies the allegations in Paragraph 226 of the Second Amended Complaint.

227.    The City denies the allegations in Paragraph 227 of the Second Amended Complaint.

Page 26 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

**Fourth Cause of Action**
**(Declaratory Judgment)**

228.    The City incorporates its responses to paragraphs 1 through 227 of the Second Amended

Complaint as if fully set forth here. The City incorporates its responses to paragraphs 1

through 227 of the Second Amended Complaint as if fully set forth here.

229.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 229 of the Second Amended Complaint and therefore denies the same.

230.    The City denies the allegations in Paragraph 230 of the Second Amended Complaint.

231.    The City denies the allegations in Paragraph 231 of the Second Amended Complaint.

232.    The City denies the allegations in Paragraph 232 of the Second Amended Complaint.

233.    The City denies the allegations in Paragraph 233 of the Second Amended Complaint.

234.    The City denies the allegations in Paragraph 234 of the Second Amended Complaint.


# PRAYER FOR RELIEF

The City denies that Plaintiffs are entitled to declaratory relief, injunctive relief, compensatory

damages, punitive damages, an award of pre-judgment interest, an award of attorneys' fees and

costs, or any other relief.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, the City alleges

as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

235.    Plaintiffs have failed to state a claim upon which relief can be granted.


### SECOND AFFIRMATIVE DEFENSE

(No Punitive Damages Against Defendant City of Portland)

Page 27 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED
COMPLAINT

236.    Plaintiffs are not allowed to recover punitive damages against defendant City of Portland either under federal or state law.  *Newport News v. Fact Concerts, Inc.*, 253 U.S. 247 (1981); ORS 30.269(1).

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

237.    Plaintiffs lack standing under federal law to seek declaratory and injunctive relief against the City.

### FOURTH AFFIRMATIVE DEFENSE

### (No damages for Violation of Oregon Constitution)

238.    Plaintiffs have no private right of action for any damages for any violation of the Oregon Constitution. *Hunter v. City of Eugene*, 309 Or. 298 (1990).

### FIFTH AFFIRMATIVE DEFENSE

### (Right to Amend)

239.    City defendants reserve the right to amend their Answer and Affirmative Defenses through and after discovery.

WHEREFORE, having fully answered plaintiff's Complaint, City ask for the following relief:

A.    That judgment be entered in favor of the City and against plaintiffs;

B.    That the City be awarded reasonable costs incurred herein; and

C.    That the City be awarded such other relief as the Court deems just and equitable.

Dated: September 9, 2020

Respectfully submitted,

By: */s/ Naomi Sheffield*
DENNIS VANNIER, OSB# 044406
Senior Deputy City Attorney
NAOMI SHEFFIELD, OSB# 170601

Page  28 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED COMPLAINT

Deputy City Attorney
RYAN C. BAILEY, OSB# 130788
Deputy City Attorney
YOUNGWOO JOH, OSB# 164105
Assistant Deputy City Attorney

*Attorneys for Defendant City of Portland*

Page  29  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO SECOND AMENDED
COMPLAINT