**Matthew Borden**, admitted *pro hac vice*
borden@braunhagey.com
**J. Noah Hagey**, admitted *pro hac vice*
hagey@braunhagey.com
**Athul K. Acharya**, OSB No. 152436
acharya@braunhagey.com
**Gunnar K. Martz**, admitted *pro hac vice*
martz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210

**Kelly K. Simon**, OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
Telephone: (503) 227-6928

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **SAM GEHRKE**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>**CITY OF PORTLAND**, a municipal corporation; **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert; **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **U.S. MARSHALS SERVICE**,<br><br>   Defendants. | Case No. 3:20-cv-1035-SI<br><br>**PLAINTIFFS' RESPONSE RE: MARKING FEDERAL DEFENDANTS' UNIFORMS** |

PLAINTIFFS' RESPONSE RE: MARKING FEDERAL DEFENDANTS' UNIFORMS

Plaintiffs respectfully submit this response regarding marking the federal agents' uniforms as the Court has ordered. (Dkt. 157 at 60.)

## INTRODUCTION

The federal agents have continued to refuse to meaningfully confer about marking agents' uniforms "so that they can be identified at a reasonable distance and without unreasonably interfering with the needs of these personnel." (Dkt. 157 at 60.) Rather than use their superior knowledge and resources to create a visible numbering system, the federal agents have simply renewed the objections that the Court already rejected and exclusively proposed designs that cannot be read from afar. Most of their suggested marking systems are readable only from a maximum distance of 20 feet, with one suggestion offering perhaps 40 feet of readability. In contrast, the weapons they have been using on journalists and legal observers have an operational range of hundreds of feet.

Plaintiffs raised all the points below with the federal agents and asked to confer before this filing. (Declaration of Athul K. Acharya ("Acharya Decl."), Ex. 1.) The federal agents declined, stating that "[t]here is no requirement that the parties confer further prior to filing those responses." (*Id.*) At the same time, they have not meaningfully explained why Plaintiffs' solutions are not viable or how they could be improved—a project they apparently plan to undertake in their reply brief, when it will be too late to address. Because the federal agents have refused to comply with the Court's Order to cooperate in coming up with a marking system that enables them to be identified from a "reasonable distance," the Court should adopt Plaintiffs' proposals.

I. **THE FEDERAL AGENTS' PROPOSALS DO NOT ENABLE THEM TO BE IDENTIFIED AT A REASONABLE DISTANCE**

In the main, the federal agents propose affixing identifying placards two inches high to agents' shoulders. (Dkt. 162-3 ¶ 10; Dkt. 162-4 ¶ 15.) According to widely available visibility

PAGE 1 -  PLAINTIFFS' RESPONSE RE: MARKING FEDERAL DEFENDANTS'
             UNIFORMS

calculators,[1] the maximum distance at which 2" lettering is easily readable is 20 feet. That is plainly insufficient to identify an agent at the range of the weapons they use. Even CBP SOG-1's suggestion, which may allow for identifiers as large as 4", would be readable only as far as 40 feet away. (*See* Dkt. 162-2 ¶ 12.) In contrast, their weapons, such as the FN 303 launcher, have an operational range of hundreds of feet.[2] These suggestions are not sufficient to enable agents to be "identified at a reasonable distance." (Dkt. 157 at 60.)

The federal agents' other suggestions all involve identifiers placed on the side or back, where they will not be visible to a journalist or legal observer the agent is targeting. (Dkt. 162-2 ¶ 12; Dkt. 162-4 ¶ 16; Dkt. 162-3 ¶ 10; *cf., e.g.*, Dkt. 44 ¶ 11 (DHS agent visible only from the front shortly before shooting Plaintiff Lewis-Rolland); Dkt. 88 ¶ 5 (federal agent visible almost entirely from the front while dispersing reporter Rebecca Ellis).) Such suggestions are also untenable for the same reason. Finally, the federal agents' declaration on behalf of FPS does not propose any new identifying system at all. Instead, it asks the Court to continue the supposedly existing arrangement under which FPS agents "display[] the officer's name or badge number in gold above the right breast pocket." (Dkt. 162-1 ¶ 5.) However, as the federal agents' own photos show, FPS agents do not uniformly wear this identifier, and even when they do, it is only half an inch high at most. (Dkt. 162-1 at 3.)

Plaintiffs do concur with one suggestion made by some of the federal agents: that the new markers be in high-contrast "IR/GLO style." (Dkt. 162-3 ¶ 10; *see* Dkt. 162-2 ¶ 12 (proposing that "the color scheme for the individual identifiers … be adjusted to a color scheme that is more visible").) That would increase visibility without causing any of the purported issues identified by the federal agents. (*See* Dkt. 162-3 ¶ 10 ("The IR/GLO style of marking can be seen with night vision devices, and they will also glow at night, making them more visible to all parties.").)

---

[1] *E.g.*, *Letter Sizing Calculator*, The Sign Chef, https://www.thesignchef.com/letter-sizing-calculator (last visited Sept. 10, 2020).

[2] *FN 303*, Wikipedia (July 8, 2020), https://en.wikipedia.org/w/index.php?title=FN_303&oldid=966684708.

PAGE 2 -   PLAINTIFFS' RESPONSE RE: MARKING FEDERAL DEFENDANTS'
           UNIFORMS

## II. THE FEDERAL AGENTS HAVE FAILED TO EXPLAIN WHY PLAINTIFFS' PROPOSALS ARE NOT VIABLE

Plaintiffs' proposals show that multiple large areas are available on officers' uniforms—often already bearing Velcro patches with non-identifying words like "POLICE"—where unique identifiers can be placed. (Dkt. 165 at 3-16; *see* Dkt. 162-3 ¶ 7 ("HSI SRT uniforms may contain National and Team patches, 'HSI' patches, 'SRT' patches, [and] American Flag patches, [in addition to] call-sign (unique alpha-numeric identifier individually attributed to SRT personnel) patches on the sleeves of the uniform."); Dkt. 162-4 ¶ 19.) Plaintiffs also identified a number of other areas, such as agents' upper thighs, where Velcro patches can be added without incurring any of the downsides the federal agents identified, such as paint flaking and peeling, increased flammability, or restricted access to tactical gear. (*See* Dkt. 165 at 3-16.)

The federal agents' other objections also lack merit. Their previously-rejected arguments about "force counting" and the threat of retaliation against individual officers are fully remedied by Plaintiffs' suggestion that they use Velcro, which will allow agents to "cycl[e] among identifiers within a single night and across nights." (Dkt. 162 at 4.) They express concerns about the price, but that is a cost they themselves incurred by retaliating against journalists and legal observers. (Dkt. 157 at 33-41.) In any event, the cost of a few hundred Velcro patches is a small price to pay for increased accountability and deterrence.

* * *

The federal agents argue that "what Plaintiffs are insisting on is essentially a complete redesign of federal uniforms from the ground up" (Dkt. 162 at 9), but just the opposite is true: Plaintiffs suggestions can be adopted with minimal or no alterations to the federal agents' uniforms, and they will permit federal agents to "be identified at a reasonable distance and without unreasonably interfering with the needs of these personnel." (Dkt. 157 at 60.)

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order the federal agents to modify their uniforms to include unique modifiers as indicated in Dkt. 165.

PAGE 3 -  PLAINTIFFS' RESPONSE RE: MARKING FEDERAL DEFENDANTS' UNIFORMS

Dated: September 10, 2020　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　By: /s/ Matthew Borden
　　　　　　　　　　　　　　　　　　　　Matthew Borden, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　J. Noah Hagey, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　Athul K. Acharya, OSB No. 152436
　　　　　　　　　　　　　　　　　　　　Gunnar K. Martz, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　BRAUNHAGEY & BORDEN LLP

　　　　　　　　　　　　　　　　　　　　Kelly K. Simon, OSB No. 154213
　　　　　　　　　　　　　　　　　　　　ACLU FOUNDATION OF OREGON

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

PAGE 4 -   PLAINTIFFS' RESPONSE RE: MARKING FEDERAL DEFENDANTS'
　　　　　UNIFORMS