**Matthew Borden**, admitted *pro hac vice*
borden@braunhagey.com
**J. Noah Hagey**, admitted *pro hac vice*
hagey@braunhagey.com
**Athul K. Acharya**, OSB No. 152436
acharya@braunhagey.com
**Gunnar K. Martz**, admitted *pro hac vice*
martz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210

**Kelly K. Simon**, OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
Telephone: (503) 227-6928

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **SAM GEHRKE**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>**CITY OF PORTLAND**, a municipal corporation; **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert; **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **U.S. MARSHALS SERVICE**,<br><br>            Defendants. | Case No. 3:20-cv-1035-SI<br><br>**DECLARATION OF ATHUL K. ACHARYA IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AGAINST FEDERAL DEFENDANTS** |

PAGE 1 -   ACHARYA DECLARATION ISO PLAINTIFFS' REPLY ISO MOTION FOR
                PRELIMINARY INJUNCTION AGAINST FEDERAL DEFENDANTS

I, Athul K. Acharya, declare:

1. I am an attorney at BraunHagey & Borden LLP and counsel of record for Plaintiffs. I base this declaration on facts within my personal knowledge and if called upon to testify, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Defendant U.S. Marshals Service's Objections and Responses to Plaintiffs' Second Set of Expedited Requests for Admissions to Defendant U.S. Marshals Service.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Defendant U.S. Marshals Service's Objections and Responses to Plaintiffs' Expedited Second Set of Interrogatories to Defendant U.S. Marshals Service.

4. Attached hereto as **Exhibit 3** is a true and correct copy of Defendant U.S. Department of Homeland Security Objections and Responses to Plaintiffs' Second Set of Expedited Requests for Admissions to Defendant U.S. Department of Homeland Security.

5. Attached hereto as **Exhibit 4** is a true and correct copy of Defendant U.S. Department of Homeland Security Objections and Responses to Plaintiffs' Expedited Second Set of Interrogatories to Defendant U.S. Department of Homeland Security.

6. Attached hereto as **Exhibit 5** is a true and correct copy of an email exchange between Acting Secretary of the Department of Homeland Security Chad Wolf, Stephen Miller, John Gountanis, and Chad Mizelle, dated 7/29/2020-7/30/2020, Bates-stamped Portland_00002168.

7. Attached hereto as **Exhibit 6** is a true and correct copy of an email exchange between Acting Secretary of the Department of Homeland Security Chad Wolf, Chad Mizelle, Mark Morgan, Matthew Albence, Richard Cline, and Randolph Alles, dated 7/23/2020, Bates-stamped Portland_00005070-5071.

8. Attached hereto as **Exhibit 7** is a true and correct copy of a media memorandum prepared for the Acting Deputy Secretary of the Department of Homeland Security, dated Monday, August 3, 2020, Bates-stamped Portland_00001345-1347.

9. Attached hereto as **Exhibit 8** is a true and correct copy of an email from Acting Secretary of the Department of Homeland Security Chad Wolf to John Gountanis, dated 7/29/2020, Bates-stamped Portland_00006814.

10. Plaintiffs served narrow document requests on the federal agents on July 25, two days after the Court authorized expedited discovery on July 23. For the next 13 days, Plaintiffs spent hours on the phone with the federal agents, and hours more emailing back and forth, further narrowing those requests. Finally, on August 7—just three days before Plaintiffs' opening brief was due on August 10—the federal agents produced a first tranche of documents, all of which were heavily and improperly redacted and none of which were custodial files. The federal agents did not produce custodial files until late on August 12, less than 48 hours before Plaintiffs' reply brief was due. Those too were heavily and improperly redacted. And the federal agents refused to produce custodial files from agents on the ground, which are likely to contain the most direct evidence of retaliatory intent, even though Plaintiffs repeatedly and unilaterally offered ways to narrow their requests for those files. A true and correct copy of Plaintiffs' correspondence with the federal agents on these matters is attached hereto as **Exhibit 9**.

11. Attached hereto as **Exhibit 10** is a true and correct copy of an email exchange between Acting Secretary of the Department of Homeland Security Chad Wolf and Mark Morgan, dated 7/21/2020 to 7/22/2020, Bates-stamped Portland_000006826.

12. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of the transcript from the deposition of Federal Protective Services Officer Badge 824, dated August 5, 2020.

13. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of the transcript from the deposition of Customs and Border Protection Officer NZ-1, dated August 6, 2020.

14. Plaintiffs are aware of instances in which Portland police officers have violated the Court's preliminary injunction in recent days. These events are under investigation and do not relate to workability. What is more, in contrast to the federal agents, the City is productively meeting and conferring with Plaintiffs on this issue.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Dated: August 14, 2020

_____
Athul K. Acharya