JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
BILLY J. WILLIAMS
United States Attorney
ALEXANDER K. HAAS
Director, Federal Programs Branch
JOSHUA E. GARDNER
Special Counsel
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN
Senior Trial Counsel
JEFFREY A. HALL
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 305-7919
Fax:    (202) 616-8460

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| INDEX NEWSPAPERS, LLC, *et al.*,<br><br>　　　　　Plaintiffs.<br><br><br>　　v.<br><br>CITY OF PORTLAND, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:20-cv-1035-SI<br><br>**FEDERAL DEFEDANTS' REPLY BRIEF IN SUPPORT OF FEDERAL DEFEDANTS' MOTION TO DISMISS AND TO STAY DISCOVERY** |

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 1

## Introduction

Having filed a Second Amended Complaint ("SAC") almost entirely devoid of allegations against Federal Defendants, Plaintiffs now attempt to use their Opposition to Defendants' Motion to Dismiss to cure their pleading deficiencies with factual allegations that appear nowhere in their pleading. That violates the hornbook rule of civil procedure that limits the Court's review of this Rule 12(b)(1) and 12(b)(6) motion to the contents of Plaintiffs' complaint; Plaintiffs cannot amend their pleading through a response memorandum that makes new factual allegations or vaguely references unspecified record materials that post-date the pleading itself. Nor are Plaintiffs helped by the recent decision from a motions panel of the Ninth Circuit denying Federal Defendants' request for a stay pending appeal. The Ninth Circuit panel was reviewing a preliminary injunction order on a preliminary injunction record, not the sufficiency of the pleadings under Rule 12. Any statements about the adequacy of the preliminary injunction record thus do not compel (and cannot permit) this Court to determine that the allegations in the SAC are sufficient to state a claim. When evaluated on its own merits, Plaintiffs' complaint is fatally deficient and must be dismissed. Any attempt to amend must be done through an appropriate motion—Federal Defendants noted as much in September, when they proposed to Plaintiffs that the parties seek a stay of the answer deadline so that Plaintiffs could pursue amendment instead. The duplication of efforts caused by Plaintiffs' refusal is unfortunate but cannot now be avoided.

## I.      Plaintiffs Lack Standing for Their Claims

Plaintiffs' threadbare complaint fails to establish that any named plaintiff has standing to pursue their claims. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (the standing inquiry asks "whether the party invoking jurisdiction had the requisite stake in the outcome when

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 2

the suit was filed"). Plaintiffs "bear[] the burden to establish the elements of standing, which, when challenged in a motion to dismiss, are judged based on the allegations in its complaint." *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 816 (9th Cir. 2017). As discussed in Federal Defendants' Motion (ECF No. 181 at 3) and undisputed by Plaintiffs in their Opposition, the SAC contains only two factual allegations to support the claims against Federal Defendants—both of them on the morning of July 12, and only one of them alleged to involve a named plaintiff. The allegations about those events do not include any details to support an inference that the "threatened injury" of future First or Fourth Amendment violations is "*certainly impending*" and not merely "*possible*." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Plaintiffs have thus failed to allege Article III standing for their claims.

Tellingly, Plaintiffs do not argue that the facts in their pleading are sufficient to establish Article III standing. Instead, they rely entirely on two different theories to try and show standing. First, they argue that the Ninth Circuit's preliminary-injunction decision, or the other post-complaint materials they have produced in this case, can solve their pleading deficiency. And second, they contend that they have adequately alleged a "chilling effect" injury.

On the first theory, it is simply inaccurate that the Ninth Circuit made a determination about the adequacy of the pleadings on any point. The Ninth Circuit's decision was expressly about the appropriateness of a preliminary injunction on the preliminary-injunction record; as Plaintiffs' own Opposition quotes the stay decision, the Ninth Circuit was relying on evidence of Federal Defendants' alleged actions "between the date the complaint was filed and the date the district court entered its preliminary injunction." ECF No. 192 at 7 (quoting *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817 (9th Cir. 2020)). By contrast, this Court's

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 3

analysis of standing at the motion-to-dismiss stage should be focused on the adequacy of the pleadings. *See Ctr. for Biological Diversity*, 868 F.3d at 816; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation."). The evidence in the preliminary-injunction proceedings is necessarily outside of the SAC and thus cannot cure its deficiencies.

Nor may this Court look beyond the complaint in assessing Defendants' challenge to subject-matter jurisdiction. A party that raises a challenge to subject-matter jurisdiction under Rule 12(b)(1) can make either a facial challenge on the basis of the complaint's deficiencies or a factual challenge on the basis of evidence extrinsic to the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); 2 Moore's Federal Practice - Civil § 12.30 (2020). Here, Federal Defendants raised only a facial argument against standing, accepting the complaint's factual allegations as true and resting the jurisdictional argument on the complaint's palpable deficiency without seeking to introduce extrinsic evidence. Plaintiffs cannot now, in their response memorandum, attempt to introduce evidence to address a pleading deficiency and thereby avoid Federal Defendants' facial jurisdictional challenge. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto."). Plaintiffs' citation to *Lacano Investments, LLC v. Balash* is not to the contrary; there, the court was indeed considering a facial challenge to subject-matter jurisdiction, but it resolved that challenge by examining letters that were "[a]ttached to the complaint[,] … on which the complaint relies to explain the basis of Plaintiffs' action." 765 F.3d 1068, 1071 (9th Cir. 2014). The court did not countenance allowing a plaintiff to cure a pleading deficiency by gesturing vaguely towards

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 4

unspecified materials elsewhere in the record, but instead examined the complaint and its incorporated materials as appropriate for a facial challenge to subject-matter jurisdiction.

Even if the past proceedings in this case could have established standing for the First Amendment claims that were pressed during those proceedings, Plaintiffs still need to establish standing for their Fourth Amendment claims, which they have failed to do. Plaintiffs did not seek a preliminary injunction on their Fourth Amendment claims, so they have not had their adequacy evaluated before now. *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2020 WL 4883017, at *15 n.7 (D. Or. Aug. 20, 2020). And the difference between the First and Fourth Amendment claims matters, because the claims have different elements and different pleading standards and require different proof. Plaintiffs cannot proceed on their Fourth Amendment claims merely by showing standing on other claims, because "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996).

Plaintiffs' second theory of standing—their passing reference to a "chilling effect," ECF No. 192 at 8—is insufficient for two reasons. First, Plaintiffs have not made any factual allegations showing that any of them has been chilled. Their only allegations of a chilling effect are the twice-repeated assertion that the acts of all Defendants "did, in fact, chill Plaintiffs and Plaintiff class from continuing to support, observe, record, and report on some events of public interest, including constitutionally protected demonstrations and the conduct of law enforcement officers on duty in a public place." That is nothing more than a bare legal conclusion, as it lacks any factual information necessary to support its claim of a legally cognizable chilling effect—it lacks any factual basis at all, such as which Plaintiffs were allegedly chilled, which Defendants caused the chill, what actions caused the chill, what activities Plaintiffs ceased, or when any of the alleged chilling happened. And second, because the complaint fails to adequately allege a

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 5

likelihood of future harm, Plaintiffs cannot demonstrate standing on the derivative theory that they have been chilled by the fear of that implausible harm. As the Ninth Circuit reiterated in this case, a purported chilling effect cannot be "'based on a fear of future injury that itself [is] too speculative to confer standing.'" *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817 (9th Cir. 2020) (quoting *Munns v. Kerry*, 782 F.3d 402, 410 (9th Cir. 2015)). Here, in the absence of factual allegations within the SAC that show any likelihood that a named Plaintiff will suffer harm in the future, the allegation of a chilling effect caused by that risk of harm must likewise fail.

In sum, Plaintiffs' complaint provides no basis for inferring that the "threatened injury" of future First or Fourth Amendment violations is "*certainly impending*" and not merely "*possible*." *Clapper*, 568 U.S. at 409. Because Plaintiffs cannot pursue a damages action against Federal Defendants and can seek only injunctive relief, *see* ECF No. 181 at 9, that failure to show standing for injunctive relief requires dismissal.

## II.    Plaintiffs Have Failed to State Claims Under the First and Fourth Amendments

In their brief discussion on their failure to state a claim, ECF No. 192 at 8–10, Plaintiffs do not contest that their First and Fourth Amendment claims against Federal Defendants rest entirely on three sentences describing two incidents, only one of which even involves a named Plaintiff. Nor do they deny that the adequacy of the complaint must be gauged on the basis of the complaint instead of materials that post-date it. Those two facts make it clear that the SAC is inadequate and cannot sustain Plaintiffs' claims.

Plaintiffs' one and only factual allegation against Federal Defendants in support of their First Amendment retaliation claim is their bare assertion that "federal agents shot Plaintiff Lewis-Rolland with impact munitions 10 times as he was filming and photographing them." ECF

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 6

No. 53 at 16; *see also id.* at ¶ 73 ("one or more federal agents employed by the Federal

Defendants shot Mr. Lewis-Rolland with impact munitions 10 times"). To state a claim for First

Amendment retaliation under current Ninth Circuit precedent, Plaintiffs must allege that their

allegedly protected conduct "was a substantial or motivating factor in the defendant's conduct."

*Capp v. Cty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818

F.3d 920, 932 (9th Cir. 2016)).[1] But here, the complaint lacks a single allegation regarding the

officer's motivation in allegedly using force. It is true that retaliatory intent can be proved

through circumstantial evidence, but even that factual basis is missing. Allowing Plaintiffs'

excessive-force claim to go forward on this pleading would require a rule that any individual can

state a First Amendment retaliation claim merely by alleging that a First Amendment activity and

a police use of force happened in sequential order. Plaintiffs erroneously claim in their

Opposition that the SAC alleges "Mr. Lewis was doing nothing but 'filming and photographing'"

the federal agents, ECF No. 192 at 9, but—as the selective quotation marks show—the SAC

_____

[1] Federal Defendants concede that this is the standard applied at the pleading stage in the Ninth
Circuit, although Federal Defendants dispute that it is the correct standard under Supreme Court
precedent.  In 2019, the Supreme Court held that a claim of First Amendment retaliation requires
the plaintiff to show that "a retaliatory motive … [is] a 'but-for' cause, meaning that the adverse
action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v.
Bartlett*, 139 S. Ct. 1715, 1722 (2019). Despite that, the Ninth Circuit still uses the substantial-
or-motivating-factor test at the pleadings stage, though a plaintiff must ultimately show but-for
causation to recover. *Capp*, 940 F.3d at 1053. The continued vitality of that approach—imposing
a lower causation standard at the pleading stage than at the recovery stage—is dubious,
especially in light of the Supreme Court's recent repudiation of the exact same practice by the
Ninth Circuit for claims under 42 U.S.C. § 1981. *Comcast Corp. v. Nat'l Ass'n of African
American-Owned Media*, 140 S. Ct. 1009, 1014 (2020) ("Normally, too, the essential elements of
a claim remain constant through the life of a lawsuit. What a plaintiff must do to satisfy those
elements may increase as a case progresses from complaint to trial, but the legal elements
themselves do not change. So, to determine what the plaintiff must plausibly allege at the outset
of a lawsuit, we usually ask what the plaintiff must prove in the trial at its end."). Federal
Defendants raise this point to preserve it for potential future review.

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 7

alleges nothing of the sort. A bare allegation that Lewis-Rolland was "filming and photographing" is not an allegation that Lewis-Rolland was *only* filming and photographing, nor does it provide a sufficient basis for concluding that federal law enforcement officers had a retaliatory intent inspired by that filming and photographing.

The same bare factual allegation is the entire basis for Plaintiffs' Fourth Amendment excessive-force claim, which thus must fail as well. Plaintiffs merely allege a single use of force without any accompanying details. That is not sufficient to give rise to an inference that federal law enforcement officers used force that was "objectively unreasonable under the circumstances." *Felarca v. Birgeneau*, 891 F.3d 809, 816 (9th Cir. 2018) (Section 1983 damages action). Plaintiffs appear to contend that their own unspecific description of the alleged incident with Lewis-Rolland raises an inference that the incident thus lacked a legitimate law-enforcement purpose, but Plaintiffs cannot use their own pleading deficiencies to overcome their pleading deficiencies. The obligation is on Plaintiffs to show that the force used was excessive.

Finally, on Plaintiffs' right-of-access claim, their complaint remains deficient because it never alleges that any named Plaintiff was denied access to a place and proceeding at any time. The right-of-access claim in the SAC centers on the allegation that federal law enforcement officers allegedly "push[ed] protesters and neutrals all the way back to SW Broadway" on the morning of July 12. SAC ¶ 186. But there is no allegation that any Plaintiff was one of the people allegedly pushed back. Indeed, that allegation does not even contend that any journalists or legal observers were among the crowd allegedly pushed back. Plaintiffs now claim that the incident with Lewis-Rolland happened "[i]n the process" of federal officers' allegedly pushing back protesters, ECF No. 192 at 8, but the SAC merely alleges that both incidents happened the

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 8

morning of July 12. There is no allegation that Lewis-Rolland was denied access to any space, let alone that he was included in the alleged clearing of streets.

Furthermore, even if named plaintiffs had been pushed physically back with the rest of the protesters, that allegation fails to satisfy *any* of the requirements of a right-of-access claim, as discussed in Federal Defendants' Motion. ECF No. 181 at 15–16. To state a claim, Plaintiffs must allege they were denied access to a government process in which "the place and process have historically been open to the press and general public." *Leigh v. Salazar*, 677 F.3d 892, 898 (9th Cir. 2012). In their Opposition, Plaintiffs contend that the "site of the protests" was the place, and that "the dispersal action" was the process. ECF No. 192 at 9. But there is no allegation within the SAC that Plaintiffs were excluded from the site of the protests as the protests were allegedly moved down the street, nor that Plaintiffs were unable to observe the dispersal that allegedly took place.

In short, Plaintiffs have attempted to maintain these proceedings against Federal Defendants on the basis of one alleged interaction between a federal law enforcement officer and one named Plaintiff on the morning of July 12. The complaint does not provide sufficient details to support even a purely retrospective claim of any past First or Fourth Amendment violation, let alone a claim for prospective relief against Federal Defendants.

## III.     Maintaining a Declaratory Judgment Action Is Improper

A declaratory judgment in this case would not benefit the parties in any way and thus is improper. Although Plaintiffs recite some non-exclusive factors that they say are *not* implicated by maintaining a declaratory action here—many of which are designed to prevent procedural trickery that has not been alleged by the parties, such as forum shopping or obtaining an unjust res judicata advantage—Plaintiffs have failed to present any argument why a declaratory

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 9

judgment *is* appropriate. And they have so failed because this case is not of the kind that the Declaratory Judgment Act was designed to solve.

The Declaratory Judgment Act is a means of prospectively settling parties' legal relations and avoiding the costs and uncertainty imposed by the threat of potential future litigation. As the Ninth Circuit has noted, the Act was designed to "afford an added remedy to one who is uncertain [of] his rights and who desires an early adjudication without having to wait until he is sued by his adversary." *United Food & Commercial Workers Local Union v. Food Employers Council, Inc.*, 827 F.2d 519, 524 (9th Cir. 1987) (quoting *Levin Metals Corp. v. Parr-Richard Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir.1986)). Declaratory relief is improper where it "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). This is just such a case where declaratory judgment is improper.

Plaintiffs have not identified any way in which declaratory judgment here would benefit the parties. There is no dispute between Plaintiffs and Federal Defendants regarding their legal relations. The legal rules that govern the interactions of federal law enforcement officers and members of the public can be complex, but they are not a discrete question of what the relation is between individuals within those two groups; Plaintiffs are not, for example, seeking to resolve the validity of a contract between the parties. Nor have Plaintiffs filed this action to prevent Federal Defendants from holding the threat of future litigation over Plaintiffs' head. *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) ("Filing a preemptive declaratory judgment action benefits potential defendants by relieving them from the Damoclean threat of impending litigation which a harassing adversary might brandish[.]"

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 10

(internal quotation marks omitted)). Plaintiffs' Opposition provides exactly one sentence of explanation of how declaratory judgment would benefit the parties—an assertion, without any explanation, that declaratory judgment would "clarify[] the legal relations at issue." ECF No. 192 at 10–11. What those legal relations are, and how this case would clarify them, the Opposition does not say.

Even if this Court found it necessary to walk through the non-exclusive factors described in *Allstate Insurance Company v. Herron*, 634 F.3d 1101 (9th Cir. 2011), it would lead to the same conclusion. As discussed above, none of the factors that would show a benefit to declaratory relief are satisfied. A declaratory judgment would not "resolve all aspects of the controversy in a single proceeding," *id.* at 1107, as Plaintiffs have not shown any risk that they and Federal Defendants would need to file any greater number of cases against one another in the absence of declaratory judgment. Plaintiffs have also identified no "legal relations at issue" that need "clarifying." *Id.* On the other hand, prolonging this litigation and its burdens on federal law enforcement efforts with an unnecessary declaratory judgment action certainly "jeopardize[s] the convenience of the parties." *Id.* In light of Plaintiffs' paltry justification for seeking declaratory judgment, and the certainty that declaratory judgment would offer no benefit to the parties, this Court should dismiss that claim.

## IV.     The Motion to Amend Is Procedurally Improper and Should Be Denied

This Court should deny Plaintiffs' motion to amend their complaint, because they have failed to attach a copy of the proposed amended pleading to their motion. Local Civil Rule 15-1(d) is unequivocal that "[a] copy of the proposed amended pleading must be attached as an

exhibit to any motion for leave to file the amended pleading."[2] Without showing what changes

they would make to the SAC, Plaintiffs cannot demonstrate that the amended complaint would

cure the deficiencies in their SAC and would be otherwise proper.

That same shortcoming is one reason why Federal Defendants previously declined to

consent to Plaintiffs' request to amend the complaint. Before filing their motion to dismiss,

counsel for Federal Defendants offered to consent to a stay of the answer deadline to allow

Plaintiffs to pursue a motion to amend in light of the complaint's deficiencies. *See* Von Bokern

Decl. Ex. 1. Counsel for Plaintiffs refused to agree to stay the answer deadline unless Federal

Defendants would also consent to the motion to amend, even though Federal Defendants had not

yet seen any proposed third amended complaint. *See* Von Bokern Decl. Exs. 2–5. When counsel

for Federal Defendants stated that they could not consent to a motion to amend without seeing

the draft pleading (*see* Von Bokern Decl. Ex. 5), counsel for Plaintiffs stated that Plaintiffs did

not intend to file a motion to amend after all, because "[t]he pleadings are not defective, and

even if they were, the Court would allow all those materials to be added anyway." *See* Von

Bokern Decl. Ex. 6. Plaintiffs' improper motion in their Opposition is their second attempt to

gain approval for a hypothetical amended pleading without providing an opportunity to examine

the proposed amended complaint, and this Court should deny that effort.

## V.    The Court Should Stay Discovery While This Motion Is Pending

Resolution of this motion is likely to reduce or eliminate the need for discovery relating

to Federal Defendants and thus save resources for the parties and for the Court. Plaintiffs

---

[2] Plaintiffs' motion also violates Local Civil Rule 7-1(b), which states that "[m]otions may not be combined with any response, reply, or other pleading."

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 12

erroneously state that Federal Defendants have conceded that the motion to dismiss will not dispose of the case but will only shrink it. ECF No. 192 at 11. That is false, as Federal Defendants have shown that all claims should be dismissed, but even shrinking the case will affect the claims presented and thus the scope of relevant discovery. For example, if this Court dismisses Plaintiffs' excessive-force claims, the scope of discovery relevant to the remaining claims will be narrower and aimed only at the First Amendment claims. This case has already shrunk with Plaintiffs' abandonment of their claims against Federal Defendants under the Oregon state constitution, *see* ECF No. 192 at 5 n.5; further winnowing of the claims, whether voluntarily or by dismissal, could further reduce the burden that Plaintiffs are placing on federal law enforcement agencies.

Finally, there is no merit to Plaintiffs' suggestion that Federal Defendants are obliged to cease participating in discovery while Federal Defendants' motion to stay discovery is pending. Federal Defendants have requested this Court stay discovery between Plaintiffs and Federal Defendants during the pendency of the motion to dismiss, but Federal Defendants still have their procedural rights to participate in the discovery in this case, and it does not raise any adverse inference for Federal Defendants to exercise their procedural rights in proceedings that have not yet been stayed. And contrary to Plaintiffs' implication, Federal Defendants would not have a "one-way stay" that would permit Federal Defendants to conduct offensive discovery against Plaintiffs while barring the same from Plaintiffs against Federal Defendants. This Court should stay discovery until it resolves which claims will survive to further proceedings.

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 13

Dated:  November 6, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

BILLY J. WILLIAMS
United States Attorney

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

ANDREW I. WARDEN
Senior Trial Counsel

JEFFREY A. HALL
*/s/ Jordan L. Von Bokern*
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 305-7919
Fax:    (202) 616-8460

*Attorneys for Defendants*

FEDERAL DEFENDANTS' REPLY IN SUPPORT – 14

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
BILLY J. WILLIAMS
United States Attorney
ALEXANDER K. HAAS
Director, Federal Programs Branch
JOSHUA E. GARDNER
Special Counsel
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN
Senior Trial Counsel
JEFFREY A. HALL
JORDAN L. VON BOKERN (DC 1032962)
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 305-7919
Fax:    (202) 616-8460

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| INDEX NEWSPAPERS, LLC, *et al.*, | Case No. 3:20-cv-1035-SI |
| Plaintiffs. | |
| | **DECLARATION OF** |
| | **JORDAN L. VON BOKERN** |
| v. | |
| CITY OF PORTLAND, *et al.*, | |
| Defendants. | |

DECLARATION OF JORDAN L. VON BOKERN – 1

I, Jordan L. Von Bokern, declare:

1.      I am an attorney at the U.S. Department of Justice and counsel of record for Federal Defendants. I base this declaration on facts within my personal knowledge, and if called upon to testify, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of an email I sent to counsel for Plaintiffs on September 18, 2020.

3.      Attached as Exhibit 2 is a true and correct copy of an email I received from counsel for Plaintiffs on September 21, 2020.[1]

4.      Attached as Exhibit 3 is a true and correct copy of an email I sent to counsel for Plaintiffs on September 21, 2020.

5.      Attached as Exhibit 4 is a true and correct copy of an email I received from counsel for Plaintiffs on September 21, 2020.

6.      Attached as Exhibit 5 is a true and correct copy of an email I sent to counsel for Plaintiffs on September 21, 2020.

7.      Attached as Exhibit 6 is a true and correct copy of an email I received from counsel for Plaintiffs on September 21, 2020.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Dated: November 6, 2020                    _Jordan L. Von Bokern_____
                                           Jordan L. Von Bokern

_____

[1] On Exhibits 2–6, I have redacted opposing counsel's conference line number and code.
DECLARATION OF JORDAN L. VON BOKERN – 2

# Exhibit 1

**Von Bokern, Jordan L. (CIV)**

| | |
|---|---|
| **From:** | Von Bokern, Jordan L. (CIV) |
| **Sent:** | Friday, September 18, 2020 6:13 PM |
| **To:** | 'acharya@braunhagey.com'; 'ksimon@aclu-or.org'; 'martz@braunhagey.com'; 'hagey@braunhagey.com'; 'borden@braunhagey.com' |
| **Subject:** | Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.) |

Hello counsel,

As you know, Federal Defendants' answer or response to the Second Amended Complaint is due this Monday, September 21. We intend to file a motion to dismiss at that time. But given the factual deficiencies present in that July 17 complaint, we were wondering whether Plaintiffs intend to move to file an amended complaint. If so, a postponement of the deadline to answer or otherwise respond to the Second Amended Complaint until that motion to amend is resolved would help all parties and the Court avoid unnecessary duplication of efforts that fully briefing a motion to dismiss would entail. Of course, we are prepared to file our motion to dismiss on Monday, so if you intend to stand on your Second Amended Complaint, we are happy to proceed under the current schedule. But if you intend to move to amend the Complaint and would thus be amenable to jointly moving to postpone the answer or response deadline until that motion to amend is resolved, please let me know.

Thank you, and have a good weekend.
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

Exhibit 2

**Von Bokern, Jordan L. (CIV)**

| | |
|---|---|
| **From:** | Athul Acharya <acharya@braunhagey.com> |
| **Sent:** | Monday, September 21, 2020 4:39 PM |
| **To:** | Von Bokern, Jordan L. (CIV); Gunnar Martz; Matt Borden |
| **Subject:** | Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.) |

Jordan,

Thanks for a productive phone call. After discussing internally, we'd like to file an amended pleading adding allegations based on evidence already in the record. Please let us know if the federal defendants will stipulate to our filing such an amendment within two weeks. We will stipulate to a corresponding extension of the federal defendants' time to respond.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N L L P
Direct: (415) 963-4493

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Date:** Monday, September 21, 2020 at 11:08 AM
**To:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

That timing works. We can use my bridge:

Phone: ▮▮▮▮▮▮▮
Code: ▮▮▮▮▮▮

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N L L P
Direct: (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 10:55 AM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Perfect, thanks. How about 1:00 pm Pacific, 4:00 pm Eastern? Also, we intend to move for a stay of discovery with our motion to dismiss, so I'd like to include that request for relief in this same meet-and-confer. The basis of the motion is that the motion to dismiss will resolve or narrow the claims against the Defendants and thus will affect the propriety or scope of discovery.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 1:28 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan, we're wide open today. Just let me know when works for you.

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 5:35 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Is there a good time for us to meet and confer on Monday regarding Federal Defendants' anticipated motion to dismiss, in accord with Local Rule 7-1(a)? I am generally available after 11:00 am Pacific time.

Thank you,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005

Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Friday, September 18, 2020 6:17 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for your email. We'd like to know the grounds for your motion, and we're available to meet and confer this afternoon or on Monday.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 3:12 PM
**To:** Athul Acharya <acharya@braunhagey.com>, 'ksimon@aclu-or.org' <KSimon@aclu-or.org>, Gunnar Martz <Martz@braunhagey.com>, Noah Hagey <hagey@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello counsel,

As you know, Federal Defendants' answer or response to the Second Amended Complaint is due this Monday, September 21. We intend to file a motion to dismiss at that time. But given the factual deficiencies present in that July 17 complaint, we were wondering whether Plaintiffs intend to move to file an amended complaint. If so, a postponement of the deadline to answer or otherwise respond to the Second Amended Complaint until that motion to amend is resolved would help all parties and the Court avoid unnecessary duplication of efforts that fully briefing a motion to dismiss would entail. Of course, we are prepared to file our motion to dismiss on Monday, so if you intend to stand on your Second Amended Complaint, we are happy to proceed under the current schedule. But if you intend to move to amend the Complaint and would thus be amenable to jointly moving to postpone the answer or response deadline until that motion to amend is resolved, please let me know.

Thank you, and have a good weekend.
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005

Jordan.L.Von.Bokern2@usdoj.gov

Exhibit 3

**Von Bokern, Jordan L. (CIV)**

| | |
|---|---|
| **From:** | Von Bokern, Jordan L. (CIV) |
| **Sent:** | Monday, September 21, 2020 5:27 PM |
| **To:** | Athul Acharya; Gunnar Martz; Matt Borden |
| **Subject:** | RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.) |

Hello Athul,

Federal Defendants can't assess whether we would consent to the filing of an amended complaint without first seeing the proposed amended complaint. But in light of Plaintiffs' desire to move for leave to file an amended complaint, we believe it would best preserve the parties' and the Court's resources to defer answering or otherwise responding to the Second Amended Complaint until after the Court resolves any motion for leave to file a Third Amended Complaint. We would therefore agree to a motion that would stay Federal Defendants' obligation to answer or otherwise respond to the Second Amended Complaint until after the Court resolves Plaintiffs' anticipated motion to amend. Please let me know whether you consent to that relief. Otherwise, we will plan to file our motion to dismiss.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 4:39 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for a productive phone call. After discussing internally, we'd like to file an amended pleading adding allegations based on evidence already in the record. Please let us know if the federal defendants will stipulate to our filing such an amendment within two weeks. We will stipulate to a corresponding extension of the federal defendants' time to respond.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

**From:** Athul Acharya <acharya@braunhagey.com>
**Date:** Monday, September 21, 2020 at 11:08 AM
**To:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

That timing works. We can use my bridge:

Phone: ███████████
Code: ███████████


Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct: (415) 963-4493



**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 10:55 AM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Perfect, thanks. How about 1:00 pm Pacific, 4:00 pm Eastern? Also, we intend to move for a stay of discovery with our motion to dismiss, so I'd like to include that request for relief in this same meet-and-confer. The basis of the motion is that the motion to dismiss will resolve or narrow the claims against the Defendants and thus will affect the propriety or scope of discovery.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 1:28 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan, we're wide open today. Just let me know when works for you.

Athul K. Acharya
B R A U N H A G E Y & B O R D E N LLP
Direct: (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 5:35 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Is there a good time for us to meet and confer on Monday regarding Federal Defendants' anticipated motion to dismiss, in accord with Local Rule 7-1(a)? I am generally available after 11:00 am Pacific time.

Thank you,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Friday, September 18, 2020 6:17 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for your email. We'd like to know the grounds for your motion, and we're available to meet and confer this afternoon or on Monday.

Best,
Athul

Athul K. Acharya
B R A U N H A G E Y & B O R D E N LLP
Direct: (415) 963-4493

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 3:12 PM
**To:** Athul Acharya <acharya@braunhagey.com>, 'ksimon@aclu-or.org' <KSimon@aclu-or.org>, Gunnar Martz <Martz@braunhagey.com>, Noah Hagey <hagey@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello counsel,

As you know, Federal Defendants' answer or response to the Second Amended Complaint is due this Monday, September 21. We intend to file a motion to dismiss at that time. But given the factual deficiencies present in that July 17 complaint, we were wondering whether Plaintiffs intend to move to file an amended complaint. If so, a postponement of the deadline to answer or otherwise respond to the Second Amended Complaint until that motion to amend is resolved would help all parties and the Court avoid unnecessary duplication of efforts that fully briefing a motion to dismiss would entail. Of course, we are prepared to file our motion to dismiss on Monday, so if you intend to stand on your Second Amended Complaint, we are happy to proceed under the current schedule. But if you intend to move to amend the Complaint and would thus be amenable to jointly moving to postpone the answer or response deadline until that motion to amend is resolved, please let me know.

Thank you, and have a good weekend.
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

# Exhibit 4

**Von Bokern, Jordan L. (CIV)**

| | |
|---|---|
| **From:** | Athul Acharya <acharya@braunhagey.com> |
| **Sent:** | Monday, September 21, 2020 6:07 PM |
| **To:** | Von Bokern, Jordan L. (CIV); Gunnar Martz; Matt Borden |
| **Subject:** | Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.) |

Jordan,

We intend to add only allegations that are already in declarations before the Court and of which the federal defendants are already aware. Can the federal defendants stipulate to such an amendment?

Thanks,
Athul

Athul K. Acharya
B R A U N H A G E Y & B O R D E N L L P
Direct: (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 2:27 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Federal Defendants can't assess whether we would consent to the filing of an amended complaint without first seeing the proposed amended complaint. But in light of Plaintiffs' desire to move for leave to file an amended complaint, we believe it would best preserve the parties' and the Court's resources to defer answering or otherwise responding to the Second Amended Complaint until after the Court resolves any motion for leave to file a Third Amended Complaint. We would therefore agree to a motion that would stay Federal Defendants' obligation to answer or otherwise respond to the Second Amended Complaint until after the Court resolves Plaintiffs' anticipated motion to amend. Please let me know whether you consent to that relief. Otherwise, we will plan to file our motion to dismiss.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

1

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 4:39 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for a productive phone call. After discussing internally, we'd like to file an amended pleading adding allegations based on evidence already in the record. Please let us know if the federal defendants will stipulate to our filing such an amendment within two weeks. We will stipulate to a corresponding extension of the federal defendants' time to respond.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Date:** Monday, September 21, 2020 at 11:08 AM
**To:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

That timing works. We can use my bridge:

Phone: ███████████
Code: ███████████

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 10:55 AM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Perfect, thanks. How about 1:00 pm Pacific, 4:00 pm Eastern? Also, we intend to move for a stay of discovery with our motion to dismiss, so I'd like to include that request for relief in this same meet-and-confer. The basis of the motion is

that the motion to dismiss will resolve or narrow the claims against the Defendants and thus will affect the propriety or scope of discovery.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 1:28 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan, we're wide open today. Just let me know when works for you.

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct: (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 5:35 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Is there a good time for us to meet and confer on Monday regarding Federal Defendants' anticipated motion to dismiss, in accord with Local Rule 7-1(a)? I am generally available after 11:00 am Pacific time.

Thank you,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Friday, September 18, 2020 6:17 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for your email. We'd like to know the grounds for your motion, and we're available to meet and confer this afternoon or on Monday.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N L L P
Direct:  (415) 963-4493


**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 3:12 PM
**To:** Athul Acharya <acharya@braunhagey.com>, 'ksimon@aclu-or.org' <KSimon@aclu-or.org>, Gunnar Martz <Martz@braunhagey.com>, Noah Hagey <hagey@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello counsel,

As you know, Federal Defendants' answer or response to the Second Amended Complaint is due this Monday, September 21. We intend to file a motion to dismiss at that time. But given the factual deficiencies present in that July 17 complaint, we were wondering whether Plaintiffs intend to move to file an amended complaint. If so, a postponement of the deadline to answer or otherwise respond to the Second Amended Complaint until that motion to amend is resolved would help all parties and the Court avoid unnecessary duplication of efforts that fully briefing a motion to dismiss would entail. Of course, we are prepared to file our motion to dismiss on Monday, so if you intend to stand on your Second Amended Complaint, we are happy to proceed under the current schedule. But if you intend to move to amend the Complaint and would thus be amenable to jointly moving to postpone the answer or response deadline until that motion to amend is resolved, please let me know.

Thank you, and have a good weekend.
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

# Exhibit 5

## Von Bokern, Jordan L. (CIV)

| | |
|---|---|
| **From:** | Von Bokern, Jordan L. (CIV) |
| **Sent:** | Monday, September 21, 2020 6:34 PM |
| **To:** | Athul Acharya; Gunnar Martz; Matt Borden |
| **Subject:** | RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.) |

Hi Athul,

Without seeing the proposed amended complaint, Federal Defendants can't assess whether to consent to it. You had indicated that Plaintiffs are not yet ready to file their motion for leave to amend, so we could revisit the issue of consent in the leadup to such a motion.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 6:07 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

We intend to add only allegations that are already in declarations before the Court and of which the federal defendants are already aware. Can the federal defendants stipulate to such an amendment?

Thanks,
Athul

Athul K. Acharya
B R A U N H A G E Y & B O R D E N L L P
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 2:27 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden

<borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Federal Defendants can't assess whether we would consent to the filing of an amended complaint without first seeing the proposed amended complaint. But in light of Plaintiffs' desire to move for leave to file an amended complaint, we believe it would best preserve the parties' and the Court's resources to defer answering or otherwise responding to the Second Amended Complaint until after the Court resolves any motion for leave to file a Third Amended Complaint. We would therefore agree to a motion that would stay Federal Defendants' obligation to answer or otherwise respond to the Second Amended Complaint until after the Court resolves Plaintiffs' anticipated motion to amend. Please let me know whether you consent to that relief. Otherwise, we will plan to file our motion to dismiss.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 4:39 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for a productive phone call. After discussing internally, we'd like to file an amended pleading adding allegations based on evidence already in the record. Please let us know if the federal defendants will stipulate to our filing such an amendment within two weeks. We will stipulate to a corresponding extension of the federal defendants' time to respond.

Best,
Athul

Athul K. Acharya
B R A U N H A G E Y & B O R D E N LLP
Direct: (415) 963-4493

**From:** Athul Acharya <acharya@braunhagey.com>
**Date:** Monday, September 21, 2020 at 11:08 AM
**To:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>, Gunnar Martz

<[Martz@braunhagey.com](mailto:Martz@braunhagey.com)>, Matt Borden <[borden@braunhagey.com](mailto:borden@braunhagey.com)>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

That timing works. We can use my bridge:

Phone: ███████
Code: ███████

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N  LLP
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <[Jordan.L.Von.Bokern2@usdoj.gov](mailto:Jordan.L.Von.Bokern2@usdoj.gov)>
**Date:** Monday, September 21, 2020 at 10:55 AM
**To:** Athul Acharya <[acharya@braunhagey.com](mailto:acharya@braunhagey.com)>, Gunnar Martz <[Martz@braunhagey.com](mailto:Martz@braunhagey.com)>, Matt Borden <[borden@braunhagey.com](mailto:borden@braunhagey.com)>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Perfect, thanks. How about 1:00 pm Pacific, 4:00 pm Eastern? Also, we intend to move for a stay of discovery with our motion to dismiss, so I'd like to include that request for relief in this same meet-and-confer. The basis of the motion is that the motion to dismiss will resolve or narrow the claims against the Defendants and thus will affect the propriety or scope of discovery.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
[Jordan.L.Von.Bokern2@usdoj.gov](mailto:Jordan.L.Von.Bokern2@usdoj.gov)

---

**From:** Athul Acharya <[acharya@braunhagey.com](mailto:acharya@braunhagey.com)>
**Sent:** Monday, September 21, 2020 1:28 PM
**To:** Von Bokern, Jordan L. (CIV) <[jvonboke@CIV.USDOJ.GOV](mailto:jvonboke@CIV.USDOJ.GOV)>; Gunnar Martz <[Martz@braunhagey.com](mailto:Martz@braunhagey.com)>; Matt Borden <[borden@braunhagey.com](mailto:borden@braunhagey.com)>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan, we're wide open today. Just let me know when works for you.

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N  LLP
Direct:  (415) 963-4493

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 5:35 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Is there a good time for us to meet and confer on Monday regarding Federal Defendants' anticipated motion to dismiss, in accord with Local Rule 7-1(a)? I am generally available after 11:00 am Pacific time.

Thank you,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Friday, September 18, 2020 6:17 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for your email. We'd like to know the grounds for your motion, and we're available to meet and confer this afternoon or on Monday.

Best,
Athul

Athul K. Acharya
B R A U N H A G E Y & B O R D E N LLP
Direct:  (415) 963-4493

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 3:12 PM
**To:** Athul Acharya <acharya@braunhagey.com>, 'ksimon@aclu-or.org' <KSimon@aclu-or.org>, Gunnar Martz <Martz@braunhagey.com>, Noah Hagey <hagey@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello counsel,

As you know, Federal Defendants' answer or response to the Second Amended Complaint is due this Monday, September 21. We intend to file a motion to dismiss at that time. But given the factual deficiencies present in that July 17 complaint, we were wondering whether Plaintiffs intend to move to file an amended complaint. If so, a postponement of the deadline to answer or otherwise respond to the Second Amended Complaint until that motion to amend is resolved would help all parties and the Court avoid unnecessary duplication of efforts that fully briefing a motion to dismiss would entail. Of course, we are prepared to file our motion to dismiss on Monday, so if you intend to stand on your Second Amended Complaint, we are happy to proceed under the current schedule. But if you intend to move to amend the Complaint and would thus be amenable to jointly moving to postpone the answer or response deadline until that motion to amend is resolved, please let me know.

Thank you, and have a good weekend.
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

Exhibit 6

**Von Bokern, Jordan L. (CIV)**

| | |
|---|---|
| **From:** | Athul Acharya <acharya@braunhagey.com> |
| **Sent:** | Monday, September 21, 2020 8:12 PM |
| **To:** | Von Bokern, Jordan L. (CIV); Gunnar Martz; Matt Borden |
| **Subject:** | Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.) |

Jordan,

I don't know why you keep saying we are going to file a motion for leave to amend. We are not. What we offered to do was that if defendants stipulated to amendment, we would add allegations from the declarations already in the record into the pleadings, and then you could file your motion against that complaint. The pleadings are not defective, and even if they were, the Court would allow all those materials to be added anyway. But suit yourself.

Best,
Athul


Athul K. Acharya
B R A U N H A G E Y & B O R D E N L L P
Direct:  (415) 963-4493



---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 3:34 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hi Athul,

Without seeing the proposed amended complaint, Federal Defendants can't assess whether to consent to it. You had indicated that Plaintiffs are not yet ready to file their motion for leave to amend, so we could revisit the issue of consent in the leadup to such a motion.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 6:07 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

We intend to add only allegations that are already in declarations before the Court and of which the federal defendants are already aware. Can the federal defendants stipulate to such an amendment?

Thanks,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N ᴌᴌᴘ
Direct:  (415) 963-4493


**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 2:27 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Federal Defendants can't assess whether we would consent to the filing of an amended complaint without first seeing the proposed amended complaint. But in light of Plaintiffs' desire to move for leave to file an amended complaint, we believe it would best preserve the parties' and the Court's resources to defer answering or otherwise responding to the Second Amended Complaint until after the Court resolves any motion for leave to file a Third Amended Complaint. We would therefore agree to a motion that would stay Federal Defendants' obligation to answer or otherwise respond to the Second Amended Complaint until after the Court resolves Plaintiffs' anticipated motion to amend. Please let me know whether you consent to that relief. Otherwise, we will plan to file our motion to dismiss.

Thanks,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 4:39 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden

<borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for a productive phone call. After discussing internally, we'd like to file an amended pleading adding allegations based on evidence already in the record. Please let us know if the federal defendants will stipulate to our filing such an amendment within two weeks. We will stipulate to a corresponding extension of the federal defendants' time to respond.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Date:** Monday, September 21, 2020 at 11:08 AM
**To:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

That timing works. We can use my bridge:

Phone: █████████
Code: ███████

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Monday, September 21, 2020 at 10:55 AM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Perfect, thanks. How about 1:00 pm Pacific, 4:00 pm Eastern? Also, we intend to move for a stay of discovery with our motion to dismiss, so I'd like to include that request for relief in this same meet-and-confer. The basis of the motion is that the motion to dismiss will resolve or narrow the claims against the Defendants and thus will affect the propriety or scope of discovery.

Thanks,

3

Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Monday, September 21, 2020 1:28 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden <borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan, we're wide open today. Just let me know when works for you.

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 5:35 PM
**To:** Athul Acharya <acharya@braunhagey.com>, Gunnar Martz <Martz@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** RE: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello Athul,

Is there a good time for us to meet and confer on Monday regarding Federal Defendants' anticipated motion to dismiss, in accord with Local Rule 7-1(a)? I am generally available after 11:00 am Pacific time.

Thank you,
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov

---

**From:** Athul Acharya <acharya@braunhagey.com>
**Sent:** Friday, September 18, 2020 6:17 PM
**To:** Von Bokern, Jordan L. (CIV) <jvonboke@CIV.USDOJ.GOV>; Gunnar Martz <Martz@braunhagey.com>; Matt Borden

4

<borden@braunhagey.com>
**Subject:** Re: Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Jordan,

Thanks for your email. We'd like to know the grounds for your motion, and we're available to meet and confer this afternoon or on Monday.

Best,
Athul

Athul K. Acharya
B R A U N **H A G E Y** & B O R D E N L L P
Direct:  (415) 963-4493

---

**From:** Von Bokern, Jordan L. (CIV) <Jordan.L.Von.Bokern2@usdoj.gov>
**Date:** Friday, September 18, 2020 at 3:12 PM
**To:** Athul Acharya <acharya@braunhagey.com>, 'ksimon@aclu-or.org' <KSimon@aclu-or.org>, Gunnar Martz <Martz@braunhagey.com>, Noah Hagey <hagey@braunhagey.com>, Matt Borden <borden@braunhagey.com>
**Subject:** Amending the Complaint - Index Newspapers LLC v. City of Portland, 3:20-cv-1035-SI (D. Or.)

Hello counsel,

As you know, Federal Defendants' answer or response to the Second Amended Complaint is due this Monday, September 21. We intend to file a motion to dismiss at that time. But given the factual deficiencies present in that July 17 complaint, we were wondering whether Plaintiffs intend to move to file an amended complaint. If so, a postponement of the deadline to answer or otherwise respond to the Second Amended Complaint until that motion to amend is resolved would help all parties and the Court avoid unnecessary duplication of efforts that fully briefing a motion to dismiss would entail. Of course, we are prepared to file our motion to dismiss on Monday, so if you intend to stand on your Second Amended Complaint, we are happy to proceed under the current schedule. But if you intend to move to amend the Complaint and would thus be amenable to jointly moving to postpone the answer or response deadline until that motion to amend is resolved, please let me know.

Thank you, and have a good weekend.
Jordan

**Jordan L. Von Bokern**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Jordan.L.Von.Bokern2@usdoj.gov