**Matthew Borden**, admitted *pro hac vice*
borden@braunhagey.com
**J. Noah Hagey**, admitted *pro hac vice*
hagey@braunhagey.com
**Athul K. Acharya**, OSB No. 152436
acharya@braunhagey.com
**Gunnar K. Martz**, admitted *pro hac vice*
martz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210

**Kelly K. Simon**, OSB No. 154213
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
Telephone: (503) 227-6928

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC**, a Washington limited-liability company, dba **PORTLAND MERCURY**; **DOUG BROWN**; **BRIAN CONLEY**; **MATHIEU LEWIS-ROLLAND**; **KAT MAHONEY**; **SERGIO OLMOS**; **JOHN RUDOFF**; **ALEX MILAN TRACY**; **TUCK WOODSTOCK**; **JUSTIN YAU**; and those similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>**CITY OF PORTLAND**, a municipal corporation; **JOHN DOES 1-60**, officers of Portland Police Bureau and other agencies working in concert; **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **U.S. MARSHALS SERVICE**,<br><br>      Defendants. | Case No. 3:20-cv-1035-SI<br><br>**PLAINTIFFS AND FEDERAL DEFENDANTS' JOINT RULE 26(f) CASE MANAGEMENT PROPOSAL** |

PAGE 1    **PLAINTIFFS AND FEDERAL DEFENDANTS' JOINT RULE 26(f) CASE MANAGEMENT PROPOSAL**

Counsel for Plaintiffs Index Newspapers LLC, Doug Brown, Brian Conley, Mathieu Lewis-Rolland, Kat Mahoney, Sergio Olmos, John Rudoff, Alex Milan Tracy, Tuck Woodstock, and Justin Yau, and Defendants U.S. Department of Homeland Security and U.S. Marshals Service, conducted an initial discovery conference under Fed. R. Civ. P. 26(f) and Local Rule 26-1 on July 8, 2021. After conferring, the parties agree upon the following discovery plan in this case:

1. **Initial Disclosures**: The parties will exchange initial disclosures within 30 days of filing this report, or within such time as to which the parties may thereafter agree.

2. **Anticipated Discovery**: The parties disagree about the scope of anticipated discovery in this case.

   a. The parties anticipate discovery into Federal Defendants' policies, procedures, protocols, training, and tactics related to journalists and legal observers during public-order policing events.

   b. Plaintiffs anticipate discovery into incidents and events described in Plaintiffs' complaint and declarations. Federal Defendants disagree that discovery in this purely prospective lawsuit against DHS and USMS should include discovery into past alleged tortious misconduct by individual law enforcement officers not parties to this case.

3. **Timing of Discovery**: The parties disagree about the length of the discovery period.

   a. Plaintiffs propose that discovery close a year after entry of a scheduling order. Plaintiffs anticipate that motions practice will be required to resolve the parties' disputes about the proper scope of discovery and have already met and conferred with the Federal Defendants about one motion to compel deposition testimony. Because of the additional time required to resolve such disputes, Plaintiffs request a discovery period of one year.

PAGE 2    **PLAINTIFFS AND FEDERAL DEFENDANTS' JOINT RULE 26(f) CASE MANAGEMENT PROPOSAL**

        b. The Federal Defendants propose that discovery close six months after the entry of a scheduling order. Federal Defendants believe that six months of discovery is adequate for the claims against the Federal Defendants, which seek purely prospective relief only against DHS and USMS and for which little fact discovery is necessary or appropriate.

4. **Treatment of Electronically Stored Information**: The parties have discussed the existence of electronically stored information (ESI) in this matter. The parties will conduct electronic discovery according to the terms of the Federal Rules of Civil Procedure and the Local Rules. The parties have agreed to preserve ESI concerning the topics described in Paragraph 2 above located on any device in the possession, custody, or control of any party. The parties further agree to confer and agree on reasonable format for production of ESI.

5. **Privilege Claims**: As of the date of this report, the parties do not foresee any unusual issues of privilege or protection of trial preparation materials. The parties do not anticipate the need for any special procedures regarding the clawing back of privileged material inadvertently produced in discovery.

6. **Protective Order**: Plaintiffs and Federal Defendants have stipulated to a protective order, entered by the Court at Dkt. 131.

7. **Limitations on Discovery**: As of the date of this report, the parties do not anticipate seeking any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

Dated: September 10, 2021

Respectfully submitted,

By: /s/ Matthew Borden
Matthew Borden, *pro hac vice*
J. Noah Hagey, *pro hac vice*
Athul K. Acharya, OSB No. 152436
Gunnar K. Martz, *pro hac vice*
BRAUNHAGEY & BORDEN LLP

Kelly K. Simon, OSB No. 154213
ACLU FOUNDATION OF OREGON

*Attorneys for Plaintiffs*

By: /s/ Jordan L. Von Bokern
Jordan L. Von Bokern
U.S. Department of Justice

*Attorney for Federal Defendants*