BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
SCOTT ERIK ASPHAUG
Acting United States Attorney
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
JORDAN L. VON BOKERN
KERI L. BERMAN
JASON C. LYNCH (DC 1016319)
MICHAEL P. CLENDENEN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:   (202) 514-1359
Fax:   (202) 616-8460

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| INDEX NEWSPAPERS, LLC, *et al.*,<br><br>　　　　Plaintiffs.<br><br>　v.<br><br>CITY OF PORTLAND, *et al.*,<br><br>　　　　Defendants. | Case No. 3:20-cv-1035-SI<br><br>**FEDERAL DEFENDANTS' SECOND MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |

On January 7, 2022, this Court entered an opinion and order granting Federal Defendants' motion for relief under Federal Rule of Civil Procedure 62.1. The Court "construe[d] the Federal Defendants' motion as including a motion to dissolve the preliminary injunction for which the Court does not have jurisdiction because of the pending appeal, and state[d] under Rule 62.1(a)(3) that the Court would grant the motion to dissolve if the Ninth Circuit remands for that purpose." Op. & Order 2, ECF No. 244. On January 26, 2022, the Ninth Circuit granted such a limited remand. *See* Order, ECF No. 245.

Particularly since the Court has already construed Federal Defendants' prior motion as *including* a motion for dissolution, which it did,[1] the Court can (and should) dissolve the preliminary injunction now. *See* Fed. R. Civ. P. 62.1(c) ("The district court may decide *the motion* if the court of appeals remands for that purpose.") (emphasis added) (referring to a motion under Rule 62.1(a), which Federal Defendants filed on June 11, 2021, ECF No. 209, and which the Court construed as including a motion for dissolution). The Ninth Circuit granted a limited remand, not to enable further motions practice, but "for the limited purpose of enabling the district court to consider *appellants' request* to dissolve the preliminary injunction." Order 1 (emphasis added), ECF No. 245; *see also id.* at 2 ("Within 60 days after the date of this order or within 7 days after the district court's ruling on *the motion*, whichever occurs first, appellants shall file a report[.]") (emphasis added). The Ninth Circuit was referring to the motion that Federal Defendants have already filed; no further motion is necessary. Indeed, it is doubtful that this Court even has jurisdiction to consider a *new* motion to dissolve, since the remand was for the sole, limited purpose

---

[1] *See* Motion 4-5 ("Although the pending appeal of this Court's preliminary injunction deprives this Court of jurisdiction to dissolve the preliminary injunction outright, the Court can issue an indicative ruling on *the motion to dissolve the preliminary injunction*.") (emphasis added), ECF No. 209; *id.* at 5 ("This Court is therefore able to consider Federal Defendants' motion *to dissolve the preliminary injunction* and issue an indicative ruling on the motion.") (emphasis added); *see also* Reply 8-9 (addressing Plaintiffs' argument to the contrary), ECF No. 230.

SECOND MOTION TO DISSOLVE PRELIMINARY INJUNCTION - 1

of considering (and granting, per the indicative ruling) the *original* request for dissolution. *Id.*

At a status conference held on February 17, 2022, the Court raised the question of whether another motion is necessary before dissolving the preliminary injunction. Plaintiffs argued that it is, and Federal Defendants argued that it is not.[2] The Court found the answer unclear and asked Federal Defendants to file by February 18, 2022, a *pro forma* motion to dissolve the preliminary injunction.

Wherefore, while they maintain that no further motion is necessary, and have concerns over the Court's jurisdiction even to entertain such a motion, Federal Defendants nevertheless move the Court to dissolve—for the reasons stated in Federal Defendants' prior motion, ECF No. 209, and accepted in the Court's indicative ruling, ECF No. 244—the preliminary injunction entered in this case, ECF No. 157.

Dated: February 18, 2022      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT ERIK ASPHAUG
Acting United States Attorney

ALEXANDER K. HAAS
Director, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*Jason C. Lynch*
JORDAN L. VON BOKERN
KERI L. BERMAN
JASON C. LYNCH (DC 1016319)
MICHAEL P. CLENDENEN
Trial Attorneys

---

[2] Because the Parties made their respective positions known at the status conference, Federal Defendants do not include a Local Civil Rule 7-1(a) certification here.

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:	(202) 514-1359
Fax:	(202) 616-8460

*Counsel for Defendants*