NAOMI SHEFFIELD, OSB #170601
Deputy City Attorney
naomi.sheffield@portlandoregon.gov
DENIS M. VANNIER, OSB #044406
Senior Deputy City Attorney
denis.vannier@portlandoregon.gov
Office of City Attorney
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **INDEX NEWSPAPERS LLC,** a Washington limited-liability company, dba **PORTLAND MERCURY; DOUG BROWN; BRIAN CONLEY; SAM GEHRKE; MATHIEU LEWIS-ROLLAND; KAT MAHONEY; SERGIO OLMOS; JOHN RUDOFF; ALEX MILAN TRACY; TUCK WOODSTOCK; JUSTIN YAU;** and those similarly situated, | Case No. 3:20-cv-1035-SI |
| Plaintiffs**,** | **DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT** |
| v. | |
| **CITY OF PORTLAND,** a municipal corporation; **JOHN DOES 1-60,** officers of Portland Police Bureau and other agencies working in concert; and **JOHN DOES 61-200,** federal agents, | |
| Defendants. | |

For its answer to plaintiff's Third Amended Complaint, defendant City of Portland ("the City") responds to plaintiff's allegations in correspondingly numbered paragraphs as follows:

Page 1 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

## <u>INTRODUCTION</u>

1.      The City admits that Index Newspapers is a newspaper publisher whose publications

include the *Portland Mercury*, and notes that Index Newspapers has been dismissed from

this action and is no longer a Plaintiff in this case. (*See* Dkt. 288 at p. 14) (Opinion and

Order on Partial Motion to Dismiss). The City lacks sufficient knowledge or information

to admit or deny the remaining allegations in Paragraph 1 pertaining to the identity and

job functions of the remaining Plaintiffs and therefore denies the same. The City further

denies the remaining allegations in Paragraph 1 of the Third Amended Complaint.

2.      The City admits that the Portland Police Bureau responds to protests within the City

limits of Portland, OR. The City lacks sufficient knowledge or information to admit or

deny the remaining allegations in Paragraph 2 pertaining to the Federal Defendants and

therefore denies the same. The City further denies the remaining allegations in Paragraph

2 of the Third Amended Complaint.

3.      The City denies the allegations in Paragraph 3 of the Third Amended Complaint.

4.      The City admits that it was able to comply with this Court's orders regarding interactions

between the Portland Police Bureau and journalists and legal observers. Except as

expressly admitted, the City denies the remaining allegations in Paragraph 4 of the Third

Amended Complaint.

5.      The allegations in Paragraph 24 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent an answer is required, the

City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 5 of the Third Amended Complaint and therefore denies the same.

6.      The City admits the allegations in Paragraph 6 of the Third Amended Complaint.

Page 2 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

7.      The allegations contained in Paragraph 7 set forth legal theories, conclusions, or arguments, therefore no response is required.  To the extent a response is required, the City denies the allegations in Paragraph 7 of the Third Amended Complaint with respect to the actions of the City.

8.      The allegations contained in Paragraph 8 set forth legal theories, conclusions, or arguments, therefore no response is required.

## PARTIES

**A.      Plaintiffs**

9.      The City admits the allegations in Paragraph 9 of the Third Amended Complaint, except that Index Newspapers has been dismissed from this action and is no longer a Plaintiff in this case. (*See* Dkt. 288 at p. 14) (Opinion and Order on Partial Motion to Dismiss).  .

10.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Third Amended Complaint and therefore denies the same.

11.     The City admits that Plaintiff Matthieu Lewis-Rolland attended the protests on many nights and reported information and photographs from the protests. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Third Amended Complaint and therefore denies the same.

12.     The City admits that Plaintiff Mahoney is an attorney at law licensed with the Oregon State Bar. The City lacks sufficient knowledge and information to admit or deny the balance of the allegations in Paragraph 12 and therefore denies the same.

13.     The City admits that Plaintiff Sergio Olmos attended the protests on many nights and reported information and photographs from the protests. Except as expressly admitted,

Page  3  –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Third Amended Complaint and therefore denies the same.

14.    The City admits that Plaintiff John Rudoff attended the protests on many nights and reported information and photographs from the protests. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Third Amended Complaint and therefore denies the same.

15.    The City admits that Plaintiff Alex Milan Tracy attended the protests on many nights and reported information and photographs from the protests. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Third Amended Complaint and therefore denies the same.

16.    The City admits that Plaintiff Tuck Woodstock attended the protests on many nights and reported information and photographs from the protests. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Third Amended Complaint and therefore denies the same.

17.    The City admits that Plaintiff Justin Yau attended the protests on many nights and reported information and photographs from the protests. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Third Amended Complaint and therefore denies the same.

**B.    Defendants**

18.    The City admits the allegations in Paragraph 18 of the Third Amended Complaint.

19.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Third Amended Complaint and therefore denies the same.

20.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Page  4 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Paragraph 20 of the Third Amended Complaint and therefore denies the same.

21.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 21 of the Third Amended Complaint and therefore denies the same.

22.    The City admits the allegations in Paragraph 22 of the Third Amended Complaint.

23.    The City admits the allegations in Paragraph 23 of the Third Amended Complaint.

24.    The allegations in Paragraph 24 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 24 and therefore denies the same.

25.    The allegations in Paragraph 25 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 25 and therefore denies the same.

26.    The allegations in Paragraph 26 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 26 and therefore denies the same.

27.    The City denies the allegations in Paragraph 27 of the Third Amended Complaint.

## JURISDICTION AND VENUE

28.    The allegations contained in Paragraph 28 set forth legal theories, conclusions, or

arguments, therefore no response is required. To the extent an answer is required, the

City denies any the allegations in Paragraph 28 of the Third Amended Complaint.

29.    The City admits the allegations in Paragraph 29 of the Third Amended Complaint.

Page  5 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

## FACTUAL ALLEGATIONS

**A.    The Police Murdered George Floyd**

30.    The City admits the allegations in Paragraph 30 of the Third Amended Complaint.

31.    The City admits that, on May 25, 2020, police in Minneapolis, Minnesota, caused the death of George Floyd. The City also admits that Quanice Hayes, Terrell Johnson, Keaton Otis, Aaron Campbell, Patrick Kimmons, Darris Johnson, and Kendra James were shot by PPB officers or died in custody during encounters with PPB officers. The City further admits that Michael Brown, Breonna Taylor, Tamir Rice, Philando Casitile, Freddie Gray, Walter Scott, Botham Jean, Atatiana Jefferson, and Eric Garner died as a result of uses of force by police departments in the United States. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 of the Third Amended Complaint and therefore denies the same.

32.    The City admits the allegations in Paragraph 32 of the Third Amended Complaint.

**B.    The Portland Protests and the Violent Response by Portland Police**

33.    The City admits that beginning May 28, 2020, through September 6, 2020, there were nightly protests in Portland, and that from September 7, 2020, through November 15, 2020, protests continued almost every night in Portland, and those protests varied in the size of crowd. The City further admits that some more sporadic protests occurred in 2021. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Third Amended Complaint referring to other cities and therefore denies the same. Except as otherwise admitted, the City denies the remaining allegations in Paragraph 33 of the Third Amended Complaint.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

34.    The City admits that the Justice Center in downtown Portland has been a focal point for protesters. The City further admits that the Justice Center houses the Portland Police's central precinct (including offices for command staff), several county courtrooms, and a county jail. The City further admits that Black people are overrepresented in the criminal-justice system compared to their proportion in the local population. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34 of the Third Amended Complaint and therefore denies the same.

35.    The City denies the allegations in Paragraph 35 of the Third Amended Complaint.

36.    The City admits that some PPB members have deployed impact munitions from 40mm launchers, including foam or sponge-tipped impact projectiles and marking rounds that contain paint or powder. 40mm sponge-tipped and marking rounds are designed to cause pain compliance to individuals engaged in active aggression pursuant to PPB Directive 1010.00 at the time of the protests. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 36 of the Third Amended Complaint and therefore denies the same.

37.    The City admits that it deployed 2-chlorobenzalmalononitrile "CS gas," Oleoresin Capsicum Pyrotechnic "OC pyrotechnic," and "OC vapor" (collectively, "tear gas") on multiple nights after protests began on May 29, 2020. The City admits that in some cases exposure to tear gas can have significant health impacts, but that in most cases the effects are short-lived once an individual has been removed from exposure. Except as otherwise admitted, the City denies the allegations in Paragraph 37 of the Third Amended Complaint.

38.    The City admits that Mayor Wheeler, the commissioner of the Portland Police Bureau,

Page 7 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

imposed certain limitations on the use of CS gas by PPB officers on June 6, 2020,

directing PPB that "gas should not be used unless there is a serious and immediate threat

to life safety, and there is no other viable alternative for dispersal." The City further

admits that on June 9, 2020, Judge Hernandez issued a temporary restraining order

relating to PPB's use of tear gas, and the language of that Order speaks for itself. *Don't

Shoot Portland, et al. v. City of Portland*, No. 3:20-cv-917-HZ (June 9, 2020), Dkt. 29.

Except as otherwise admitted, the City denies the allegations in Paragraph 38 of the Third

Amended Complaint.

39.     The City admits that on August 6, 2020, there were multiple protests, many of which

required no response by Portland Police. The City further admits that Portland Police

declared an unlawful assembly near East Precinct on August 6, 2020 and dispersed a

crowd, including the use of saf smoke, but not tear gas, in order to put out fires, including

a fire lit to the plywood covering the building. Except as expressly admitted, the City

denies the allegations in Paragraph 39 of the Third Amended Complaint.

40.     The City denies the allegations in Paragraph 40 of the Third Amended Complaint.

41.     The City denies the allegations in Paragraph 41 of the Third Amended Complaint.

42.     The City admits that, in 2010, the City invited the United States Department of Justice

("DOJ") to investigate its Bureau of Police and make recommendations for

improvements in its policies and procedures. DOJ conducted a lengthy review of police

use of force in Portland and issued a findings letter in 2012, asserting that the Police

Bureau had a pattern or practice of unconstitutionally using excessive force on people

who either were, or were perceived to be, mentally ill or in mental health crisis. The City

denied, and continues to deny, that any such pattern or practice existed or exists. The City

Page  8 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

nevertheless embarked on extended negotiations with DOJ to agree on improvements that the City could implement to improve the interactions between the police and people with mental illness or in mental health crisis, to enhance transparency, and further trust and legitimacy with the community. The City admits that on December 17, 2012, the City and United States entered into a settlement agreement, but not a consent decree, wherein the City agreed to make changes to its police policies, practices and training, and to enhance public oversight, transparency and accountability for incidents involving use of force by Portland Police. The City and the United States further agreed that DOJ could file, and then conditionally dismiss, a federal court action to ensure that the district court would have jurisdiction to enforce the parties' settlement agreement, should that prove necessary. Except as otherwise admitted, the City denies the allegations in Paragraph 42 of the Third Amended Complaint.

43.    The City admits that the offensive and inappropriate slide depicted in Paragraph 43 of the Third Amended Complaint was included in training materials for a 2018 training. Except as expressly admitted, the City denies the allegations in Paragraph 43 of the Third Amended Complaint.

44.    The City admits that, on April 2, 2021, the United States Department of Justice issued a notice identifying terms of the Settlement Agreement in *United States of America v. City of Portland*, No. 3:12-cv-02265-SI, that the Department believed the City had not fully implemented as part of its response to protests in 2020, including timely reporting, reviewing, and assessment of PPB uses of force. Except as expressly admitted, the City denies the allegations in Paragraph 44 of the Third Amended Complaint.

45.    The City admits that on February 1, 2021, that the DOJ submitted its Fifth Periodic

Page 9 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Compliance Assessment Report to the Court covering the period of January 10, 2020 to January 10, 2021. *United States of America v. City of Portland*, No. 3:12-cv-02265-SI,' Dkt. 236. The report found that the City had not maintained substantial compliance with each provision of the Parties' settlement agreement. The City further admits that on April 29, 2022, the Court held a Fairness Hearing to evaluate a set of amendments to the Agreement, which added Section XI -Addendum of Additional Remedies. The Court orally approved the amendments as fair, adequate, and reasonable, and entered a related Minute Order. *Id.* Dkt. 290. On February 28, 2023, the Court entered an Order approving the proposed amendments to the Agreement. *Id.* Dkt. 354. Except as otherwise admitted, the City denies the allegations in Paragraph 45 of the Third Amended Complaint.

**C.    The Police's Pattern of Intentionally Targeting and Retaliating Against Journalists and Observers**

46.    The City denies the allegations in Paragraph 46 of the Third Amended Complaint.

**1.    Police Threaten and Arrest Plaintiff Yau**

47.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Third Amended Complaint and therefore denies the same.

48.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Third Amended Complaint and therefore denies the same.

49.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Third Amended Complaint and therefore denies the same.

50.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of the Third Amended Complaint and therefore denies the same.

Page 10 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

51.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 51 of the Third Amended Complaint and therefore denies the same.

52.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 52 of the Third Amended Complaint and therefore denies the same.

53.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Third Amended Complaint and therefore denies the same.

54.     The City admits that Mr. Yau was arrested on July 1, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 of the Third Amended Complaint and therefore denies the same.

55.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Third Amended Complaint and therefore denies the same.

56.     The City admits that this Court issued a TRO on July 2, 2020. The City admits that the language of the TRO speaks for itself. The City admits that Plaintiff Yau picked up property held by the property evidence division on July 6, 2020. Except as otherwise admitted, the City denies the allegations set forth in Paragraph 56 of the Third Amended Complaint.

57.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Third Amended Complaint and therefore denies the same.

### 2.     Police Intentionally Shoot at and Tear Gas Plaintiff Lewis-Rolland

58.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Third Amended Complaint and therefore denies the same.

59.     The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Third Amended Complaint and therefore denies the same.

Page 11 –     DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

60.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Third Amended Complaint and therefore denies the same.

61.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 of the Third Amended Complaint and therefore denies the same.

62.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Third Amended Complaint and therefore denies the same.

### 3.    The Police's Repeated Attacks on Plaintiff Mahoney

63.    The City denies the allegations in Paragraph 63 of the Third Amended Complaint.

### a.    Police Use Extra-Strong Tear Gas on Plaintiff Mahoney

64.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Third Amended Complaint and therefore denies the same.

65.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Third Amended Complaint and therefore denies the same.

66.    The City denies that PPB began to "use a new form of tear gas" on June 2, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 of the Third Amended Complaint and therefore denies the same.

67.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Third Amended Complaint and therefore denies the same.

68.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Third Amended Complaint and therefore denies the same.

69.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Third Amended Complaint and therefore denies the same.

70.    The City lacks sufficient knowledge or information to admit or deny the allegations in

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Paragraph 70 of the Third Amended Complaint and therefore denies the same.

71.    The City denies the allegations in Paragraph 71 of the Third Amended Complaint.

**b.        Police Shoot at Plaintiff Mahoney**

72.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Third Amended Complaint and therefore denies the same.

73.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Third Amended Complaint and therefore denies the same.

74.    The City admits that an individual who was partially dressed entered into the area around the Justice Center that was fenced off on the night of June 10, 2020. The City denies that any PPB officers deployed impact munitions at the individual who was partially dressed inside the fence. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 74 of the Third Amended Complaint and therefore denies the same.

75.    The City denies that PPB officers deployed impact munitions at the individual who had entered the fenced area partially dressed on June 10, 2020. The City denies that any use of impact munitions was an attempt to minimize video evidence of the incident. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 75 of the Third Amended Complaint and therefore denies the same.

76.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Third Amended Complaint and therefore denies the same.

77.    The City denies the allegations set forth in Paragraph 77 of the Third Amended Complaint.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**c.** **The Police Intentionally Beat Plaintiff Mahoney the Day after Plaintiffs Filed this Action**

78.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Third Amended Complaint and therefore denies the same.

79.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Third Amended Complaint and therefore denies the same.

80.    The City denies that PPB declared an unlawful assembly on June 29, 2020 near N Lombard Street and N Denver Avenue.[1] The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 80 of the Third Amended Complaint and therefore denies the same.

81.    The City denies that Portland Police fired pepper balls indiscriminately into the crowd. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 81 of the Third Amended Complaint and therefore denies the same.

82.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Third Amended Complaint and therefore denies the same.

83.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Third Amended Complaint and therefore denies the same.

84.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Third Amended Complaint and therefore denies the same.

85.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Third Amended Complaint and therefore denies the same.

---

[1] Plaintiffs' complaint refers to the day after they filed this action. The original complaint was filed on June 28, 2020.

Page  14  –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

86.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Third Amended Complaint and therefore denies the same.

### d.    The Police Arrest Plaintiff Mahoney

87.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Third Amended Complaint and therefore denies the same.

88.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Third Amended Complaint and therefore denies the same.

89.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Third Amended Complaint and therefore denies the same.

90.    The City admits that officers instructed Plaintiff Mahoney to get back.  The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Third Amended Complaint and therefore denies the same.

91.    The City admits that Sgt. Damerville directed Plaintiff Mahoney again to get back or she would go to jail. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 91 of the Third Amended Complaint and therefore denies the same.

92.    The City admits that Plaintiff Mahoney was arrested in the early morning of August 9, 2020. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 92 of the Third Amended Complaint and therefore denies the same.

93.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 93 of the Third Amended Complaint and therefore denies the same.

### 4.    The Police's Assaults on Plaintiff Brown

94.    The City denies that PPB officers beat Plaintiff Brown with bats. The City lacks

Page  15 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 94 of the Third Amended Complaint and therefore denies the same.

        a.      **Police Shoot at and Beat Plaintiff Brown**

95.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 95 of the Third Amended Complaint and therefore denies the same.

96.    The City admits that at approximately 12:30 a.m. on June 13, 2020, PPB declared a civil disturbance due to criminal activity. PPB directed individuals to leave the area from Naito Parkway 13th Street and from SW Lincoln Street to NW Everett Street. The area covered by this closure speaks for itself. Except as otherwise admitted, the City denies the allegations set forth in Paragraph 96 of the Third Amended Complaint.

97.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 97 of the Third Amended Complaint and therefore denies the same.

98.    The City admits that certain PPB officer deployed rubber ball distraction devices on the night of June 12, 2020 into the morning of June 13, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 98 of the Third Amended Complaint and therefore denies the same.

99.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 99 of the Third Amended Complaint and therefore denies the same.

100.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 of the Third Amended Complaint and therefore denies the same.

101.    The City denies the allegations in Paragraph 101 of the Third Amended Complaint.

102.    The City lacks sufficient knowledge or information to admit or deny whether Mr. Brown continued to observe and record or whether the photograph depicts what Plaintiffs

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

contend it depicts and therefore denies the same. The City denies the remaining allegations in Paragraph 102 of the Third Amended Complaint.

103.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Third Amended Complaint and therefore denies the same.

104.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 104 of the Third Amended Complaint and therefore denies the same.

105.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 105 of the Third Amended Complaint and therefore denies the same.

106.    The City denies that PPB sought to prevent Mr. Brown from recording and reporting on their actions. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 106 of the Third Amended Complaint and therefore denies the same.

**b.      Police Threaten to Arrest Plaintiff Brown**

107.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Third Amended Complaint and therefore denies the same.

108.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 of the Third Amended Complaint and therefore denies the same.

109.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 109 of the Third Amended Complaint and therefore denies the same.

110.    The City admits that at approximately 9:30 p.m. on June 14, 2020, PPB declared an unlawful assembly and civil disturbance and ordered the crowd in downtown Portland to disperse. The PPB sound truck directed individuals from Naito Parkway to 10th Avenue and SW Lincoln to W Harvey Milk Street to leave the area. Except as expressly admitted,

Page  17 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

the City denies the allegations in Paragraph 110 of the Third Amended Complaint.

111.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 111 of the Third Amended Complaint and therefore denies the same.

112.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 112 of the Third Amended Complaint and therefore denies the same.

113.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 113 of the Third Amended Complaint and therefore denies the same.

114.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 114 of the Third Amended Complaint and therefore denies the same.

115.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 115 of the Third Amended Complaint and therefore denies the same.

116.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116 of the Third Amended Complaint and therefore denies the same.

117.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 117 of the Third Amended Complaint and therefore denies the same.

### 5.   Police Assault Plaintiff Olmos

118.   The City admits that Plaintiff Olmos is a freelance journalist who covered the Portland protests. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 118 of the Third Amended Complaint and therefore denies the same.

119.   The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 of the Third Amended Complaint and therefore denies the same.

120.   The City lacks sufficient knowledge or information to admit or deny the allegations in

Page  18 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Paragraph 120 of the Third Amended Complaint and therefore denies the same.

121. The City denies that any force used on Mr. Olmos was "because he was recording them." The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 121 of the Third Amended Complaint and therefore denies the same.

122. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 122 of the Third Amended Complaint and therefore denies the same.

**6.    Police Attack Plaintiff Tracy and Seize His Equipment after He Filed this Lawsuit**

123. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 123 of the Third Amended Complaint and therefore denies the same.

124. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 124 of the Third Amended Complaint and therefore denies the same.

125. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 125 of the Third Amended Complaint and therefore denies the same.

126. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126 of the Third Amended Complaint and therefore denies the same.

127. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 127 of the Third Amended Complaint and therefore denies the same.

128. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 128 of the Third Amended Complaint and therefore denies the same.

**7.    Police Intimidate and Launch Flash-Bangs at Plaintiff Conley**

129. The City lacks sufficient knowledge or information to admit or deny the allegations in

Page 19 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Paragraph 129 of the Third Amended Complaint and therefore denies the same.

130. The City admits that PPB officers deployed rubber ball distraction devices on the night of June 15, 2020 into the morning of June 16, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 130 of the Third Amended Complaint and therefore denies the same.

131. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 131 of the Third Amended Complaint and therefore denies the same.

132. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 132 of the Third Amended Complaint and therefore denies the same.

133. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 133 of the Third Amended Complaint and therefore denies the same.

134. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 134 of the Third Amended Complaint and therefore denies the same.

135. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 135 of the Third Amended Complaint and therefore denies the same.

136. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 136 of the Third Amended Complaint and therefore denies the same.

137. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 137 of the Third Amended Complaint and therefore denies the same.

### 8.    Police Shoot Plaintiff Rudoff

138. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 138 of the Third Amended Complaint and therefore denies the same.

139. The City denies that PPB officers have utilized pepper balls during the protests that began

Page 20 – DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

on May 29, 2020. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 139 of the Third Amended Complaint and therefore denies the same.

140.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 140 of the Third Amended Complaint and therefore denies the same.

141.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 141 of the Third Amended Complaint and therefore denies the same.

**9.    Police Assault Plaintiff Woodstock**

142.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 142 of the Third Amended Complaint and therefore denies the same.

143.    The City admits that PPB issued dispersal orders on June 30, 2020 beginning at approximately 9:05 p.m. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 143 of the Third Amended Complaint and therefore denies the same.

144.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 144 of the Third Amended Complaint and therefore denies the same.

145.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 145 of the Third Amended Complaint and therefore denies the same.

146.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 146 of the Third Amended Complaint and therefore denies the same.

**10.    Police Deploy a Killbox Tactic against Portland Mercury Reporters, Plaintiffs Mahoney and Tracy, and Other Journalists and Observers**

147.    The City denies the allegations in paragraph 147 of the Third Amended Complaint.

Page  21 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

148.    The City admits that some journalists and legal observers have likely been exposed to tear gas during the protests since May 29, 2020, but denies targeting any individual engaged in lawful activity. Except as expressly admitted, the City denies the remaining allegations in Paragraph 148 of the Third Amended Complaint.

149.    The City denies the allegations in Paragraph 149 of the Third Amended Complaint.

150.    The City lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 150 of the Third Amended Complaint and therefore denies the same.

151.    The City admits that Portland Police issued warnings to protesters to not interfere with the fencing on June 2, 2020. The City further admits that Portland Police officers used tear gas on June 2, 2020. Except as expressly admitted, the City denies the allegations in Paragraph 151 of the Third Amended Complaint.

152.    The City lacks knowledge or information sufficient to admit or deny whether Plaintiff Mahoney or four reporters were impacted by tear gas as alleged in Paragraph 152 of the Third Amended Complaint and therefore denies the same. The City further denies the remaining allegations in paragraph 152 of the Third Amended Complaint.

153.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 153 of the Third Amended Complaint and therefore denies the same.

154.    The City denies the allegations in Paragraph 154 of the Third Amended Complaint.

**11.    The Police Have Intentionally Targeted Many Other Reporters and Neutrals**

155.    The City denies the allegations in Paragraph 155 of the Third Amended Complaint.

156.    The City denies the allegation in Paragraph 156 of the Third Amended Complaint that police physically assaulted KBOO reporter Cory Elia because he was recording them. The City lacks sufficient knowledge or information to admit or deny the remaining

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

allegations in Paragraph 156 of the Third Amended Complaint and therefore denies the same.

157.    The City denies it intentionally prevented press from recording. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 157 of the Third Amended Complaint and therefore denies the same.

158.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 of the Third Amended Complaint and therefore denies the same.

159.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 159 of the Third Amended Complaint and therefore denies the same.

160.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 160 of the Third Amended Complaint and therefore denies the same.

161.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 of the Third Amended Complaint and therefore denies the same.

162.    The City denies the allegations in Paragraph 162 of the Third Amended Complaint that police violently arrested an individual and prevented anyone from lawfully recording or reporting on any arrest. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 162 of the Third Amended Complaint and therefore denies the same.

163.    The City denies the allegations in Paragraph 163 of the Third Amended Complaint.

164.    The City denies the allegations in Paragraph 164 of the Third Amended Complaint.

165.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 165 of the Third Amended Complaint and therefore denies the same.

166.    The City denies the allegations in Paragraph 166 of the Third Amended Complaint.

Page  23  –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

### 12.    The Police's Violent Activities Continue into 2021

167.    The City denies the allegations in Paragraph 167 of the Third Amended Complaint.

168.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the Third Amended Complaint and therefore denies the same.

169.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 169 of the Third Amended Complaint and therefore denies the same.

170.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Third Amended Complaint and therefore denies the same.

### 13.    The Police Have Intentionally Targeted Reporters and Legal Observers in the Past

171.    The City denies the allegations in paragraph 171 of the Third Amended Complaint.

172.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 172 of the Third Amended Complaint and therefore denies the same.

173.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 173 of the Third Amended Complaint and therefore denies the same.

174.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 174 of the Third Amended Complaint and therefore denies the same.

175.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the Third Amended Complaint and therefore denies the same.

### D.    The Police Announce an Unconstitutional Policy of Dispersing and Arresting Members of the Press Who Are Trying to Report on the Protests

176.    The City denies the allegations in paragraph 176 of the Third Amended Complaint.

177.    The City admits that it was the law in 2020 that lawful dispersal orders arising from an unlawful assembly, civil disturbance, or riot apply to all persons in a particular area, and

Page  24 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

PPB shared this information via Twitter on June 14, 2020. Except as expressly admitted, City denies the remaining allegations in Paragraph 177 of the Third Amended Complaint.

178.   The City admits that Lt. Jones spoke about interactions with police and journalists during dispersals in a post on PPB's twitter account on June 14, 2020. The content of that twitter post speaks for itself. The City lacks sufficient knowledge or information to admit or deny the specific experiences of plaintiffs during a particular dispersal. Except as otherwise admitted, the City denies the allegations in Paragraph 178 of the Third Amended Complaint.

179.   The City denies the allegations in Paragraph 179 of the Third Amended Complaint.

180.   The City denies the allegations in Paragraph 180 of the Third Amended Complaint.

181.   The City denies the allegations in Paragraph 181 of the Third Amended Complaint.

182.   The City admits that Oregon Public Broadcasting reported PPB officers continue to have an "aggressive understanding" of their authority to use force at protests. Except as otherwise admitted, the City denies the allegations in Paragraph 182 of the Third Amended Complaint

**E.     The Police Engage in Unlawful Surveillance**

183.   The City denies the allegations in Paragraph 183 of the Third Amended Complaint.

184.   The City admits an audit "Police Intelligence-Gathering and Surveillance: Better management needed to protect civil rights" was published April 2022. What was written in that Audit speaks for itself. Except as otherwise admitted, the City denies the allegations in Paragraph 184 of the Third Amended Complaint.

185.   The City admits that the audit report speaks for itself. Except as otherwise admitted, the City denies the allegations in Paragraph 185 of the Third Amended Complaint.

Page  25 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

186.    The City admits that the audit report speaks for itself. Except as otherwise admitted, the City denies the allegations in Paragraph 186 of the Third Amended Complaint.

187.    The City admits the City's Auditor conducted the audit. The City further admits that the audit report speaks for itself. Except as otherwise admitted, the City denies the allegations in Paragraph 186 of the Third Amended Complaint.

188.    The City is without knowledge or information to admit or deny what Plaintiff Mahoney was informed of and therefore denies these allegations. The City further denies the remaining allegations in Paragraph 188 of the Third Amended Complaint.

**F.    The Police's Intimidation Campaign Works**

189.    The City denies the allegations in Paragraph 189 of the Third Amended Complaint and expressly denies it has conducted or been a part of any "campaign of intimidation and fear."

190.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 190 of the Third Amended Complaint and therefore denies the same.

191.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 191 of the Third Amended Complaint and therefore denies the same.

192.    The City denies the allegations in Paragraph 192 of the Third Amended Complaint.

193.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 193 of the Third Amended Complaint and therefore denies the same.

194.    The City denies the allegations in Paragraph 194 of the Third Amended Complaint.

195.    The City denies the allegations in Paragraph 195 of the Third Amended Complaint.

196.    The City denies the allegations in Paragraph 196 of the Third Amended Complaint.

//

Page  26 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

**G.      The Federal Agents' Deployment of Operation "Diligent Valor"**

197.    The City admits that in July 2020 federal agents came to Portland. The City further

admits that at times it has communicated and coordinated its activities with Federal

Defendants for legitimate law enforcement and safety reasons. Except as expressly

admitted, the City denies the remaining allegations in Paragraph 197 to the extent the

allegations are directed toward the City. To the extent the allegations are directed toward

Federal Defendants, no response is required.

198.    The allegations in Paragraph 198 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 198 and therefore denies the same.

199.    The allegations in Paragraph 199 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City admits that on June 26, 2020, protests in Portland continued and that then-President

Trump issued Executive Order 13933—Protecting American Monuments, Memorials,

and Statutes and Combating Recent criminal Violence. The City further admits that

Executive Order 13933 speaks for itself.

200.    The allegations in Paragraph 200 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City admits that the Press Release from the United States Department of Homeland

Security—DHS Announces New Task Force to Protect American Monuments,

Memorials, and Statues—speaks for itself.

201.    The allegations in Paragraph 201 of the Third Amended Complaint are directed toward

Page  27 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 201 and therefore denies the same.

202. The allegations in Paragraph 202 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 202 and therefore denies the same.

203. The allegations in Paragraph 203 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 203 and therefore denies the same.

**H.    Federal Agents Attack Journalists and Legal Observers**

204. To the extent the allegations in Paragraph 204 of the Third Amended Complaint suggest the tactics of the Portland Police Bureau, the City denies the allegations. The remaining allegations in Paragraph 204 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required to those remaining allegations, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 204 and therefore denies the same.

205. The allegations in Paragraph 205 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 205 and therefore denies the same.

206. The allegations in Paragraph 206 of the Third Amended Complaint are directed toward

Page  28 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Federal Defendants, so no response is required. To the extent a response is required, the City admits that on July 23, 2020, the Court issued a temporary restraining order against the Federal Defendants. Except as otherwise admitted, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 206 and therefore denies the same.

### 1.    Federal Agents Shoot Plaintiff Lewis-Rolland

207.    The allegations in Paragraph 207 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 207 and therefore denies the same.

208.    The allegations in Paragraph 208 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 208 and therefore denies the same.

209.    The allegations in Paragraph 209 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 209 and therefore denies the same.

210.    The allegations in Paragraph 210 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 210 and therefore denies the same.

211.    The allegations in Paragraph 211 of the Third Amended Complaint are directed toward

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 211 and therefore denies the same.

212.  The allegations in Paragraph 212 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 212 and therefore denies the same.

### 2.    Federal Agents Throw Smoke Chasers at Plaintiff Mahoney and Shoot Her

213.  The allegations in Paragraph 213 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 213 and therefore denies the same.

214.  The allegations in Paragraph 214 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 214 and therefore denies the same.

215.  The allegations in Paragraph 215 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 215 and therefore denies the same.

216.  The allegations in Paragraph 216 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained

DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

in Paragraph 216 and therefore denies the same.

217.    The allegations in Paragraph 217 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 217 and therefore denies the same.

218.    The allegations in Paragraph 218 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 218 and therefore denies the same.

219.    The allegations in Paragraph 219 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 219 and therefore denies the same.

### 3.    Federal Agents Shoot and Throw Tear Gas Canister at Plaintiff Brian Conley

220.    The allegations in Paragraph 220 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 220 and therefore denies the same.

221.    The allegations in Paragraph 221 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 221 and therefore denies the same.

Page  31 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

222.     The allegations in Paragraph 222 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 222 and therefore denies the same.

223.     The allegations in Paragraph 223 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 223 and therefore denies the same.

224.     The allegations in Paragraph 224 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 224 and therefore denies the same.

225.     The allegations in Paragraph 225 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 225 and therefore denies the same.

226.     The allegations in Paragraph 226 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 226 and therefore denies the same.

227.     The allegations in Paragraph 227 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

in Paragraph 227 and therefore denies the same.

228.   The allegations in Paragraph 228 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 228 and therefore denies the same.

### 4.   Federal Agents Fire a Tear-Gas Canister at Plaintiff Yau

229.   The allegations in Paragraph 229 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 229 and therefore denies the same.

230.   The allegations in Paragraph 230 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 230 and therefore denies the same.

### 5.   Federal Agents Throw a Tear Gas Canister at Plaintiff Brown and Threaten to Shoot Him

231.   The allegations in Paragraph 231 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 231 and therefore denies the same.

232.   The allegations in Paragraph 232 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained

Page  33  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

in Paragraph 232 and therefore denies the same.

233.    The allegations in Paragraph 233 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 233 and therefore denies the same.

234.    The allegations in Paragraph 234 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 234 and therefore denies the same.

235.    The allegations in Paragraph 235 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 235 and therefore denies the same.

236.    The allegations in Paragraph 236 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 236 and therefore denies the same.

237.    The allegations in Paragraph 237 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 237 and therefore denies the same.

238.    The allegations in Paragraph 238 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the

Page  34 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 238 and therefore denies the same.

**6.    Federal Agents Shoot Plaintiff Rudoff**

239.    The allegations in Paragraph 239 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 239 and therefore denies the same.

240.    The allegations in Paragraph 240 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 240 and therefore denies the same.

241.    The allegations in Paragraph 241 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 241 and therefore denies the same.

242.    The allegations in Paragraph 242 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 242 and therefore denies the same.

243.    The allegations in Paragraph 243 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 243 and therefore denies the same.

Page 35 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

244.    The allegations in Paragraph 244 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 244 and therefore denies the same.

### 7.    Federal Agents Shoot and Tear Gas Alex Tracy

245.    The allegations in Paragraph 245 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 245 and therefore denies the same.

246.    The allegations in Paragraph 246 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 246 and therefore denies the same.

247.    The allegations in Paragraph 247 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 247 and therefore denies the same.

248.    The allegations in Paragraph 248 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 248 and therefore denies the same.

249.    The allegations in Paragraph 249 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 249 and therefore denies the same.

250.    The allegations in Paragraph 250 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 250 and therefore denies the same.

251.    The allegations in Paragraph 251 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 251 and therefore denies the same.

   **8.    The Federal Agents Have Intentionally Targeted Many Other Reporters and Neutrals**

252.    The allegations in Paragraph 252 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 252 and therefore denies the same.

253.    The allegations in Paragraph 253 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 253 and therefore denies the same.

254.    The allegations in Paragraph 254 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained

Page 37 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

in Paragraph 254 and therefore denies the same.

255.    The allegations in Paragraph 255 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 255 and therefore denies the same.

256.    The allegations in Paragraph 256 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 256 and therefore denies the same.

257.    The allegations in Paragraph 257 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 257 and therefore denies the same.

258.    The allegations in Paragraph 258 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 258 and therefore denies the same.

259.    The allegations in Paragraph 259 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 259 and therefore denies the same.

260.    The allegations in Paragraph 260 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the

Page  38  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 260 and therefore denies the same.

261. The allegations in Paragraph 261 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 261 and therefore denies the same.

262. The allegations in Paragraph 262 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 262 and therefore denies the same.

263. The allegations in Paragraph 263 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 263 and therefore denies the same.

264. The allegations in Paragraph 264 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 264 and therefore denies the same.

265. The allegations in Paragraph 265 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 265 and therefore denies the same.

266. The allegations in Paragraph 266 of the Third Amended Complaint are directed toward

DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 266 and therefore denies the same.

267.    The allegations in Paragraph 267 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 267 and therefore denies the same.

268.    The allegations in Paragraph 268 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 268 and therefore denies the same.

269.    The allegations in Paragraph 269 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 269 and therefore denies the same.

270.    The allegations in Paragraph 270 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 270 and therefore denies the same.

271.    The allegations in Paragraph 271 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 271 and therefore denies the same.

Page  40  –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

272.    The allegations in Paragraph 272 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 272 and therefore denies the same.

273.    The allegations in Paragraph 273 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 273 and therefore denies the same.

274.    The allegations in Paragraph 274 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 274 and therefore denies the same.

275.    The allegations in Paragraph 275 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 275 and therefore denies the same.

276.    The allegations in Paragraph 276 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 276 and therefore denies the same.

277.    The allegations in Paragraph 277 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

in Paragraph 277 and therefore denies the same.

278.    The allegations in Paragraph 278 of the Third Amended Complaint are directed toward
Federal Defendants, so no response is required. To the extent a response is required, the
City lacks sufficient knowledge or information to admit or deny the allegations contained
in Paragraph 278 and therefore denies the same.

279.    The allegations in Paragraph 279 of the Third Amended Complaint are directed toward
Federal Defendants, so no response is required. To the extent a response is required, the
City lacks sufficient knowledge or information to admit or deny the allegations contained
in Paragraph 279 and therefore denies the same.

280.    The allegations in Paragraph 280 of the Third Amended Complaint are directed toward
Federal Defendants, so no response is required. To the extent a response is required, the
City lacks sufficient knowledge or information to admit or deny the allegations contained
in Paragraph 280 and therefore denies the same.

281.    The allegations in Paragraph 281 of the Third Amended Complaint are directed toward
Federal Defendants, so no response is required. To the extent a response is required, the
City lacks sufficient knowledge or information to admit or deny the allegations contained
in Paragraph 281 and therefore denies the same.

282.    The allegations in Paragraph 282 of the Third Amended Complaint are directed toward
Federal Defendants, so no response is required. To the extent a response is required, the
City lacks sufficient knowledge or information to admit or deny the allegations contained
in Paragraph 282 and therefore denies the same.

283.    The allegations in Paragraph 283 of the Third Amended Complaint are directed toward
Federal Defendants, so no response is required. To the extent a response is required, the

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 283 and therefore denies the same.

284.    The allegations in Paragraph 284 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 284 and therefore denies the same.

285.    The allegations in Paragraph 285 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 285 and therefore denies the same.

286.    The allegations in Paragraph 286 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 286 and therefore denies the same.

287.    The allegations in Paragraph 287 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 287 and therefore denies the same.

288.    The allegations in Paragraph 288 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 288 and therefore denies the same.

//

Page  43 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

I.      **The Federal Agents' Retaliatory Animus and Surveillance Activities**

289.    The allegations in Paragraph 289 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 289 and therefore denies the same.

290.    The allegations in Paragraph 290 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 290 and therefore denies the same.

291.    The allegations in Paragraph 291 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 291 and therefore denies the same.

292.    The allegations in Paragraph 292 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 292 and therefore denies the same.

293.    The allegations in Paragraph 293 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 293 and therefore denies the same.

294.    The allegations in Paragraph 294 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the

Page  44 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 294 and therefore denies the same.

295.    The allegations in Paragraph 295 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 295 and therefore denies the same.

296.    The allegations in Paragraph 296 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 296 and therefore denies the same.

297.    The allegations in Paragraph 297 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 297 and therefore denies the same.

298.    The allegations in Paragraph 298 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 298 and therefore denies the same.

**J.    The Federal Government's Policy of Dispersing Reporters and Legal Observers at Protests**

299.    The allegations in Paragraph 299 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained

Page  45  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

in Paragraph 299 and therefore denies the same.

300.     The allegations in Paragraph 300 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 300 and therefore denies the same.

301.     The allegations in Paragraph 301 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 301 and therefore denies the same.

302.     The allegations in Paragraph 302 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 302 and therefore denies the same.

303.     The allegations in Paragraph 303 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 303 and therefore denies the same.

304.     The allegations in Paragraph 304 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 304 and therefore denies the same.

**K.      Protests are Ongoing in Portland**

305.     The City admits that Portland has a long tradition of protests. The City lacks sufficient

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

knowledge or information to admit or deny the remaining allegations in Paragraph 305

pertaining to when there were protests and therefore denies the same.

306.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 306 pertaining to what the City's current Mayor believes is the average annual

number of demonstrations in Portland and therefore denies the same..

307.    The City admits that the Portland Police remain responsible for public safety and order in

the City, and may be required, in the future, to respond to a hypothetical protest. Except

as otherwise admitted, the City lacks sufficient knowledge or information to admit or

deny the remaining allegations in Paragraph 307 of the Third Amended Complaint and

therefore denies the same.

308.    The City lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 308 of the Third Amended Complaint and therefore denies the same.

309.    The City admits that protests in Portland occurred nightly for approximately 100 days

during the summer of 2020. Except as expressly admitted, the City lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 309 of the Third

Amended Complaint and therefore denies the same.

310.    The City admits that the George Floyd protests are not ongoing in Portland, but that

Portland has a long tradition of protests. The City further admits that former-President

Trump had designated Portland, Seattle, and New York as "anarchist jurisdictions."

Except as expressly admitted, the City lacks sufficient knowledge or information to admit

or deny the remaining allegations in Paragraph 310 of the Third Amended Complaint and

therefore denies the same.

311.    The City admits that sporadic protests, addressing a wide variety of concerns, continue to

Page  47  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

occur from time to time in Portland. The City denies that it has ever asserted that protests will not occur again in Portland. The remaining allegations in Paragraph 311 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 304 and therefore denies the same.

312.    The City admits that on October 2, 2022, Portland Police were aware of an event at Pioneer Courthouse Square for Iranian women's rights. Portland Police did not monitor or respond in any way to this event.

313.    The City admits that on June 24, 2022 there were protests in Portland related to the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*. The City further admits that there were protests in Portland on May 3, 2022, after the *Dobbs* decision was leaked.

314.    City Admits that on February 20, 2022, there was a protest. Except as expressly admitted, the City is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 314 of the Third Amended Complaint and therefore denies the same.

315.    The City admits that Benjamin Smith has pleaded guilty to nine charges, including second degree murder, attempted murder, and assault for the incident that occurred on February 19, 2022, in Normandale Park. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 315 of the Third Amended Complaint and therefore denies the same.

316.    The City admits that PPB issued a press release on the Normandale Park Shooting. The Press Release speaks for itself. Except as expressly admitted, the City denies the

Page 48 – DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

allegations in Paragraph 316 of the Third Amended Complaint.

317.  The City admits that on November 19, 2021, following the verdict in the Kyle

Rittenhouse trial, a protest occurred at the Justice Center, and the Multnomah County

Sheriff's Office declared a riot. Except as expressly admitted, the City lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 317 of the Third

Amended Complaint and therefore denies the same.

318.  The City admits that on August 22, 2021, a shooting occurred at SW Yamhill, and PPB

arrested one of the shooters. Except as expressly admitted, the City denies the allegations

in Paragraph 318 of the Third Amended Complaint.

319.  The allegations in Paragraph 319 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 319 and therefore denies the same.

320.  The allegations in Paragraph 320 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 320 and therefore denies the same.

321.  The allegations in Paragraph 321 of the Third Amended Complaint are directed toward

Federal Defendants, so no response is required. To the extent a response is required, the

City lacks sufficient knowledge or information to admit or deny the allegations contained

in Paragraph 321 and therefore denies the same.

322.  The City admits the allegations in Paragraph 322 of the Third Amended Complaint.

323.  The allegations in Paragraph 323 of the Third Amended Complaint are directed toward

Page  49 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 323 and therefore denies the same.

324.    The City admits the allegations in Paragraph 324 of the Third Amended Complaint.

325.    The City admits the allegations in Paragraph 325 of the Third Amended Complaint.

326.    The City admits the allegations in Paragraph 326 of the Third Amended Complaint.

327.    The City admits the allegations in Paragraph 327 of the Third Amended Complaint.

328.    The City admits that on April 13, 2021, protesters gathered at the ICE facility on S. Macadam. The City further admits that FPS requested assistance from PPB because the group escalated its behavior including pushing a burning dumpster up to the building. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in  Paragraph 328 of the Third Amended Complaint and therefore denies the same.

329.    The allegations in Paragraph 329 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 329 and therefore denies the same.

330.    The City admits the allegations in Paragraph 330 of the Third Amended Complaint.

331.    The allegations in Paragraph 331 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 331 and therefore denies the same.

332.    The allegations in Paragraph 332 of the Third Amended Complaint are directed toward

Page  50  –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 332 and therefore denies the same.

333. The allegations in Paragraph 333 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 333 and therefore denies the same.

334. The allegations in Paragraph 334 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 334 and therefore denies the same.

335. The allegations in Paragraph 335 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 335 and therefore denies the same.

336. The allegations in Paragraph 336 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 336 and therefore denies the same.

337. The allegations in Paragraph 337 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 337 and therefore denies the same.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

338.    The allegations in Paragraph 338 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 338 and therefore denies the same.

339.    The allegations in Paragraph 339 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 339 and therefore denies the same.

340.    The allegations in Paragraph 340 of the Third Amended Complaint that are directed toward Federal Defendants require no response from the City. To the extent a response is required, the City denies the allegations in Paragraph 340 of the Third Amended Complaint.

**L.    Plaintiffs Are Suffering Ongoing Harm**

341.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 341 of the Third Amended Complaint and therefore denies the same.

342.    The allegations in Paragraph 342 of the Third Amended Complaint are directed toward Federal Defendants, so no response is required. To the extent a response is required, the City lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 342 and therefore denies the same.

343.    The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 343 of the Third Amended Complaint and therefore denies the same.

344.    The City lacks sufficient knowledge or information to admit or deny whether Plaintiffs are fearful and therefore denies these allegations. The City denies the remaining

Page  52 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

allegations in Paragraph 344 of the Third Amended Complaint.

345. The City lacks sufficient knowledge or information to admit or deny if plaintiffs to suffer from physical injuries they allege and therefore denies these allegations. The City denies the remaining allegations in Paragraph 345 of the Third Amended Complaint.

346. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 346 of the Third Amended Complaint and therefore denies the same.

## CLASS ALLEGATIONS

347. The City admits that Plaintiffs purport to bring this action pursuant to Rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure; however, the City denies this case is appropriate for Class Action status under those rules. The City further denies that Plaintiff's defined Class is legally sufficient or appropriate for this action. The City denies the remaining allegations in Paragraph 347.

348. The City denies the allegations in Paragraph 348 of the Third Amended Complaint.

349. The City denies the allegations in Paragraph 349 of the Third Amended Complaint.

350. The City denies the allegations in Paragraph 350 of the Third Amended Complaint.

351. The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 351 of the Third Amended Complaint and therefore denies the same.

352. The City denies the allegations in Paragraph 352 of the Third Amended Complaint.

353. The City denies the allegations in Paragraph 353 of the Third Amended Complaint.

354. The City denies the allegations in Paragraph 354 of the Third Amended Complaint.

355. The City denies the allegations in Paragraph 355 of the Third Amended Complaint.

356. The City denies the allegations in Paragraph 356 of the Third Amended Complaint.

//

Page 53 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

## CAUSE OF ACTION

357.   The allegations in Paragraph 357 of the Third Amended Complaint are not directed to the City and therefore no response is required. To the extent any response is required, the City denies that it has violated Plaintiffs' or Plaintiff Class' constitutional rights in any way. *Leigh v. Salazar*, 677 F.3d 892 (9th Cir. 2012) speaks for itself.

### First Cause of Action
### (Violation of the First Amendment)

358.   The City incorporates its responses to paragraphs 1 through 357 as if fully set forth here.

359.   The allegations contained in Paragraph 359 of the Third Amended Complaint set forth legal theories, conclusions, or arguments, therefore no response is required. To the extent a response is required, the City denies that Plaintiffs are entitled to relief with respect to the actions of the City.

360.   The City denies that it retaliated against Plaintiffs or Plaintiff Class for engaging in any constitutionally protected activity. The City further denies that it has targeted journalists or legal observers for arrests, threats of arrests, or use of force. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 360 and therefore denies the same. To the extent the allegations are directed toward Federal Defendants, no response is required.

361.   The City denies the allegations in Paragraph 361 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

362.   The City denies the allegations in Paragraph 362 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

363.   The City denies the allegations in Paragraph 363 of the Third Amended Complaint. To

Page 54 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

the extent the allegations are directed toward Federal Defendants, no response is required.

364. The City denies the allegations in Paragraph 364 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

365. The City denies the allegations in Paragraph 365 of the Third Amended Complaint.

366. The City denies the allegations in Paragraph 366 of the Third Amended Complaint.

367. The City denies the allegations in Paragraph 367 of the Third Amended Complaint.

368. The City denies the allegations in Paragraph 368 of the Third Amended Complaint.

369. The City denies the allegations in Paragraph 369 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

370. The City denies the allegations in Paragraph 370 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

<u>Second Cause of Action</u>
**(Violation of the Fourth Amendment)**

371. The City incorporates its responses to paragraphs 1 through 371 as if fully set forth here.

372. The allegations contained in Paragraph 359 of the Third Amended Complaint set forth legal theories, conclusions, or arguments, therefore no response is required. To the extent a response is required, the City denies that Plaintiffs are entitled to relief with respect to the actions of the City.

373. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 373 and therefore denies the same.

374. The allegations contained in Paragraph 374 of the Third Amended Complaint set forth legal theories, conclusions, or arguments, therefore no response is required. To the extent a response is required the City admits that Plaintiffs have rights pursuant to the Fourth

Page 55 –  DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

Amendment to the United States Constitution, but otherwise denies the allegations in

Paragraph 374 of the Third Amended Complaint.

375.    The allegations contained in Paragraph 375 of the Third Amended Complaint set forth

legal theories, conclusions, or arguments, therefore no response is required. To the extent

a response is required the City admits that Plaintiffs have rights pursuant to the Fourth

Amendment of the United States Constitution, but otherwise denies the allegations in

Paragraph 375 of the Third Amended Complaint.

376.    The City denies the allegations in Paragraph 376 of the Third Amended Complaint. To

the extent the allegations are directed toward Federal Defendants, no response is required.

377.    The City denies the allegations in Paragraph 377 of the Third Amended Complaint. To

the extent the allegations are directed toward Federal Defendants, no response is required.

378.    The City denies the allegations in Paragraph 378 of the Third Amended Complaint. To

the extent the allegations are directed toward Federal Defendants, no response is required.

379.    The City denies the allegations in Paragraph 379 of the Third Amended Complaint. To

the extent the allegations are directed toward Federal Defendants, no response is required.

380.    The City denies the allegations in Paragraph 380 of the Third Amended Complaint. To

the extent the allegations are directed toward Federal Defendants, no response is required.

381.    The City denies the allegations in Paragraph 381 of the Third Amended Complaint. To

the extent the allegations are directed toward Federal Defendants, no response is required.

382.    The City denies the allegations in Paragraph 382 of the Third Amended Complaint.

383.    The City denies the allegations in Paragraph 383 of the Third Amended Complaint.

384.    The City denies the allegations in Paragraph 384 of the Third Amended Complaint.

385.    The City denies the allegations in Paragraph 385 of the Third Amended Complaint.

Page  56 –    DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT

386.   The City denies the allegations in Paragraph 386 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

387.   The City denies the allegations in Paragraph 387 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

388.   The City denies the allegations in Paragraph 388 of the Third Amended Complaint. To the extent the allegations are directed toward Federal Defendants, no response is required.

**Third Cause of Action**
**(Violation of the Oregon Constitution, Art. I §§ 8, 26)**

389-396.   Paragraphs 389 through 396 of the Third Amended Complaint pertain to plaintiff's Third Cause of Action, which has been dismissed by the Court. (*See* Dkt. 288 at pp. 2, 15) (Opinion and Order on Partial Motion to Dismiss). Paragraphs 389 through 396 therefore require no response.

**Fourth Cause of Action**
**(Declaratory Judgment)**

397-403.   Paragraphs 397 through 403 of the Third Amended Complaint pertain to plaintiff's Fourth Cause of Action, which has been dismissed by the Court. (*See* Dkt. 288 at pp. 2, 15) (Opinion and Order on Partial Motion to Dismiss). Paragraphs 397 through 403 therefore require no response.

**PRAYER FOR RELIEF**

The Court has held that Plaintiffs are not entitled to declaratory or injunctive relief as to any of their claims. (*See* Dkt. 288) (Opinion and Order on Partial Motion to Dismiss). The City therefore denies that Plaintiffs are entitled to declaratory relief and injunctive relief. The City further denies that Plaintiffs are entitled to compensatory damages, punitive damages, an award of pre-judgment interest, an award of attorneys' fees and costs, or any other relief.

Page 57 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED COMPLAINT

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, the City alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

389.    Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(No Punitive Damages Against Defendant City of Portland)

390.    Plaintiffs are not allowed to recover punitive damages against defendant City of Portland either under federal or state law. *Newport News v. Fact Concerts, Inc.*, 253 U.S. 247 (1981); ORS 30.269(1).

### THIRD AFFIRMATIVE DEFENSE

(Right to Amend)

391.    City defendants reserve the right to amend their Answer and Affirmative Defenses through and after discovery.

WHEREFORE, having fully answered plaintiff's Complaint, City ask for the following relief:

A.    That judgment be entered in favor of the City and against plaintiffs;

B.    That the City be awarded reasonable costs incurred herein; and

C.    That the City be awarded such other relief as the Court deems just and equitable.

Dated: May 8, 2023

Respectfully submitted,

By: */s/ Naomi Sheffield*
NAOMI SHEFFIELD
Senior Deputy City Attorney
DENIS M. VANNIER
Senior Deputy City Attorney
*Attorneys for Defendant City of Portland*

Page  58 –   DEFENDANT CITY OF PORTLAND'S ANSWER TO THIRD AMENDED
COMPLAINT